Steven F. Schossberger, ISB No. 5358
Bradlee R. Frazer, ISB No. 3857
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5260
Email: sschossberger@hawleytroxell.com
       bfrazer@hawleytroxell.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>    Plaintiff,<br><br>vs.<br><br>ESCORT INC.; BELTRONICS USA, INC.; BEST BUY CO., INC.; AMAZON.COM, INC.; HAYNEEDLE, INC.; BUY.COM, INC.; TIGERDIRECT, INC.; FRY'S ELECTRONICS; HERRINGTON CATALOG; BUY RADAR DETECTORS, INC.; BEST RADAR DETECTORS; ABT, INC.; J&R MUSIC AND COMPUTER WORLD; SEARS HOLDINGS CORP.; 1STRADARDETECTORS; BEACH CAMERA/BUY.DIG.COM, INC.; AM MERCHANDISING, INC.; EXCEL DISTRIBUTING, INC.; DBSOUTH, INC.; FULFILLMENT SERVICES, INC.; CAR TOYS, INC.; DAS DISTRIBUTORS, INC.,<br><br>    Defendants. | Case No. _____<br><br>COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL |

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL - 1

44015.0005.3232631.1

Plaintiff Hoyt A. Fleming ("Fleming") brings this action for infringement of U.S. Patent Numbers RE39,038 ("the '038 patent"), RE40,653 ("the '653 patent"), and RE41,905 ("the '905 patent") in violation of 35 U.S.C. § 271.  Unless otherwise stated, Plaintiff alleges the following upon information and belief.

## THE PARTIES

1. Fleming is an individual and resident of the State of Idaho.

2. Defendant Escort Inc. is an Illinois corporation doing business at 5440 West Chester Road, West Chester, Ohio 45069, and can be contacted through its President and Chief Executive Officer, Mr. John Larson.

3. Defendant Beltronics USA, Inc. is a wholly owned subsidiary of defendant Escort Inc.  Beltronics USA, Inc. is doing business at 5440 West Chester Road, West Chester, Ohio 45069, and can be contacted through its President and Chief Executive Officer, Mr. John Larson.

4. Defendant Best Buy Co., Inc. is a corporation doing business at 7601 Penn Ave S., Richfield, Minnesota 55423, and can be contacted through its Executive Vice President, General Counsel, Mr. Keith Nelson.

5. Defendant Amazon.com, Inc. is a corporation doing business at 410 Terry Avenue North, Seattle, Washington 98109, and can be contacted through its Senior Vice President, General Counsel, Ms. L. Michelle Wilson.

6. Defendant Hayneedle, Inc. is a corporation doing business at 9394 West Dodge Road, Suite 300, Omaha, Nebraska 68114, and can be contacted through its Chief Financial Officer, Mr. Donn Raymond.

7.      Defendant Buy.com, Inc. is a corporation doing business at 85 Enterprise, Suite 100, Aliso Viejo, California 92656, and can be contacted through its Chief Operating Officer and General Counsel, Mr. Greg Giraudi.

8.      Defendant Tigerdirect, Inc. is a corporation doing business at 7795 W Flagler Street, Suite 35, Miami, Florida 33144, and can be contacted through its Vice President and Auditor, Mr. Ben White.

9.      Defendant Fry's Electronics is an entity doing business at 600 East Brokaw, San Jose, CA 95112, and can be contacted through its Executive Vice President, Chief Legal Officer, Ms. Kathy Kolder.

10.     Defendant Herrington Catalog is an entity doing business at 3 Symmes Drive, Londonderry, New Hampshire 03053, and can be contacted through its Chief Operating Officer, Mr. Hans Laaspere.

11.     Defendant Buy Radar Detectors, Inc. is a corporation doing business at 528 S. Cherry Road, Rock Hill, South Carolina 29732, and can be contacted through its President, Mr. Danny Feemster.

12.     Defendant Best Radar Detectors is an entity doing business at 21 Brittany Lane, Jackson, New Jersey 08527, and can be contacted through its President, Mr. Thomas Milone.

13.     Defendant Abt, Inc. is a corporation doing business at 1200 N. Milwaukee, Glenview, Illinois 60025, and can be contacted through its Co-President, Mr. Jon Abt.

14.     Defendant J&R Music and Computer World is an entity doing business at 23 Park Row, New York, New York 10038, and can be contacted through its President and Co-Chief Executive Officer, Ms. Rachelle Friedman.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL - 3

15. Defendant Sears Holdings Corporation is a corporation doing business at 3333 Beverly Road, Hoffman Estates, Illinois 60179, and can be contacted through its Senior Vice President, General Counsel and Corporate Secretary, Mr. Dane Drobny.

16. Defendant 1stRadarDetectors is an entity doing business at 9283 Ogallala Road, Longmont, Colorado 80503, and can be contacted through its owner, Mr. John Turner.

17. Defendant Beach Camera/BuyDig.com, Inc. is a corporation doing business at 80 Carter Drive, Edison, New Jersey 08817, and can be contacted through its Chief Legal Officer.

18. Defendant AM Merchandising, Inc. is a corporation doing business at 1169 65th Street, Oakland, California 94608, and can be contacted through its President, Mr. Tom Miller.

19. Defendant Excel Distributing, Inc. is a corporation doing business at 5855 E. Stapleton Drive North, Suite A-135, Denver, Colorado 80216, and can be contacted through its Chief Operating Officer, Mr. Jon Harvey.

20. Defendant dBSouth, Inc. is a corporation doing business at 1093 Cobb Parkway SE, Marietta, Georgia 30060, and can be contacted through its Principal, Mr. David Smith.

21. Defendant Fulfillment Services, Inc. is a corporation doing business at 25 Walpole Park South—Unit 12, Walpole, MA 02081, and can be contacted through its President, Mr. Michael Kirwan.

22. Defendant Car Toys, Inc. is a corporation doing business at 20 West Galer Street, Seattle, Washington 98119, and can be contacted through its Founder, Chairman and CEO, Mr. Daniel Brettler.

23. Defendant DAS Distributors, Inc. is a corporation doing business at 724 Lawn Road, Palmyra, Pennsylvania 17078, and can be contacted through its Chief Executive Officer, Mr. David Abel.

24. Each defendant makes, uses, sells, offers to sell, and/or imports intelligent radar detectors, including at least the Passport 9500i, Passport 9500ix, Passport iQ, and/or GX65.

25. Each defendant has sold and/or has offered for sale intelligent radar detectors, including at least the Passport 9500i, Passport 9500ix, Passport iQ, and/or GX65 to customers and/or prospective customers in this District.

## JURISDICTION AND VENUE

26. This is an action for patent infringement arising under the Patent Laws of the United States, particularly 35 U.S.C. §§ 271 and 281–285. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

27. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## BACKGROUND

28. On March 28, 2006, the United States Patent and Trademark Office issued the '038 patent. A true copy of the '038 patent is attached as Exhibit 1.

29. On March 10, 2009, the United States Patent and Trademark Office issued the '653 patent. A true copy of the '653 patent is attached as Exhibit 2.

30. On November 2, 2010, the United States Patent and Trademark Office issued the '905 patent. A true copy of the '905 patent is attached as Exhibit 3.

31. On March 10, 2009, Fleming sued Escort and Beltronics for infringement of the '038 and '653 patents.

32. On December 14, 2011, the Court ruled on summary judgment that Escort's Passport 9500i, Passport 9500ix, and Passport iQ, and Beltronics' GX65 infringe claims 18, 45, 47, and 48 in the '038 patent.

33. The Court's December 14, 2011 order was sealed and, therefore, not publicly available.

34. Escort and Beltronics resisted Mr. Fleming's efforts to have the order redacted and unsealed so that it would be immediately accessible by the public.

35. On January 31, 2012, the Court made a redacted version of its December 14, 2011 order publicly available.

36. Due to Escort's and Beltronics' efforts to resist Mr. Fleming's efforts to immediately make the order publicly available, Mr. Fleming believed that Escort and Beltronics may have never informed any of the other defendants about the lawsuit and/or the Court's December 14, 2011 order.

37. 35 U.S.C. § 271 provides that whoever without authority makes, uses, offers to sell, or sells any patented invention within the United States is liable as an infringer.

38. The Court has held that the Passport 9500i, Passport 9500ix, Passport iQ, and GX65 infringe claims 18, 45, 47, and 48 of the '038 patent.

39. Each defendant is liable as an infringer under 35 U.S.C. § 271 because each offers to sell and/or sells the Passport 9500i, Passport 9500ix, Passport iQ, and/or GX65 without Mr. Fleming's authority.

40. The Patent Statute contemplates that patentees put accused infringers on notice of their infringement.

41. The Patent Statute provides that a patentee's damages may be increased up to three times the amount found if the infringement is willful.

42. On February 6, 2012, Mr. Fleming sent a letter to defendants informing them of the Court's December 14, 2011 order and attaching to the letter a copy of the Court's January 31, 2012 redacted order.

43. On February 10, 2012, Escort and Beltronics filed a lawsuit accusing Mr. Fleming and his law firm of various violations of state and Federal law in connection with Mr. Fleming's February 6, 2012 letter to defendants. A true copy of that lawsuit is attached as Exhibit 4.

44. Escort's and Beltronics' lawsuit claims that it was a violation of state and Federal law for Mr. Fleming to tell defendants they are "liable" for infringement.

45. Mr. Fleming's letters to defendants cited to and used the same language as 35 U.S.C. § 271, which itself repeatedly uses the term "liable". An infringer is liable under § 271 even where it has other defenses.

46. Escort's and Beltronics' lawsuit claims that it was a violation of state and Federal law for Mr. Fleming to reference in his February 6, 2012 letter that Escort "was purchased in a bankruptcy estate auction in 2005" by Falconhead Capital. Escort's lawsuit complains that this impugns its solvency.

47. Mr. Fleming's reference expressly cited to http://falconheadcapital.com/page/news/53 so there would be no confusion in what he said. That

citation links to a 2005 press release from Falconhead Capital, stating that "Falconhead recently won an auction for Escort Inc., the nation's leading provider of high-end radar detectors…".

48. Mr. Fleming believes that Escort's and Beltronics' lawsuit against him is designed to intimidate and deter his enforcement of his patent rights.

49. Mr. Fleming's compensation for the other defendants' infringement of his patents could be limited unless Mr. Fleming notifies defendants of their infringement.

### COUNT ONE—INFRINGEMENT OF THE '038 PATENT

50. Plaintiff Fleming re-alleges and incorporates by reference paragraphs 1 – 49 above.

51. Plaintiff Fleming is the owner of all right, title, and interest in the '038 patent.

52. Defendants have infringed and continue to infringe the '038 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in the United States, and/or by importing into the United States, without authorization, intelligent radar detectors, such as the Passport 9500i, the Passport 9500ix, the Passport iQ, and/or the Beltronics GX65. Further, defendants have infringed and continue to infringe the '038 patent under 35 U.S.C. § 271 by contributing to infringement of that patent by others, and/or inducing others to infringe that patent.

53. As a result of defendants' infringement of the '038 patent, Fleming has been damaged and will continue to be damaged unless such infringement is enjoined by this Court.

54. Pursuant to 35 U.S.C. § 284, Fleming is entitled to damages adequate to compensate for infringement, including, inter alia, a reasonable royalty.

55. Defendants had knowledge of and were on notice of the '038 patent.

56.   Defendants' infringement of the '038 patent has been and is willful, and renders this case exceptional.

## COUNT TWO—INFRINGEMENT OF THE '653 PATENT

57.   Plaintiff Fleming re-alleges and incorporates by reference paragraphs 1 – 56 above.

58.   Plaintiff Fleming is the owner of all right, title, and interest in the '653 patent.

59.   Defendants have infringed and continue to infringe the '653 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in the United States, and/or by importing into the United States, without authorization, intelligent radar detectors, such as the Passport 9500i, the Passport 9500ix, the Passport iQ, and/or the Beltronics GX65. Further, defendants have infringed and continue to infringe the '653 patent under 35 U.S.C. § 271 by contributing to infringement of that patent by others, and/or inducing others to infringe that patent.

60.   As a result of defendants' infringement of the '653 patent, Fleming has been damaged and will continue to be damaged unless such infringement is enjoined by this Court.

61.   Pursuant to 35 U.S.C. § 284, Fleming is entitled to damages adequate to compensate for infringement, including, inter alia, a reasonable royalty.

62.   Defendants had knowledge of and were on notice of the '653 patent.

63.   Defendants' infringement of the '653 patent has been and is willful, and renders this case exceptional.

## COUNT THREE—INFRINGEMENT OF THE '905 PATENT

64. Plaintiff Fleming re-alleges and incorporates by reference paragraphs 1 – 63 above.

65. Plaintiff Fleming is the owner of all right, title, and interest in the '905 patent.

66. Defendants have infringed and continue to infringe the '905 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in the United States, and/or by importing into the United States, without authorization, intelligent radar detectors, such as the Passport 9500i, the Passport 9500ix, the Passport iQ, and/or the Beltronics GX65. Further, defendants have infringed and continue to infringe the '905 patent under 35 U.S.C. § 271 by contributing to infringement of that patent by others, and/or inducing others to infringe that patent.

67. As a result of defendants' infringement of the '905 patent, Fleming has been damaged and will continue to be damaged unless such infringement is enjoined by this Court.

68. Pursuant to 35 U.S.C. § 284, Fleming is entitled to damages adequate to compensate for infringement, including, inter alia, a reasonable royalty.

69. Defendants Escort and Beltronics had knowledge of and were on notice of the '905 patent.

70. Defendants (other than Escort and Beltronics) were on notice of the '905 patent.

71. Defendants Escort's and Beltronics' infringement of the '905 patent has been and is willful, and renders this case exceptional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fleming prays that the Court enter a judgment against defendants as follows:

 A. A decree that each defendant has infringed the '038 patent, the '653 patent, and the '905 patent;

 B. A permanent injunction restraining each defendant, its officers, directors, agents, employees, representatives, distributors, servants, attorneys and all persons in active concert or participation with them from further acts of infringement of the '038 patent, the '653 patent, and the '905 patent pursuant to 35 U.S.C. § 283;

 C. An award of damages against each defendant sufficient to compensate Mr. Fleming for each defendant's infringement of the '038 patent, the '653 patent, and the '905 patent in an amount not less than a reasonable royalty, pursuant to 35 U.S.C § 284;

 D. An award of treble the damages, pursuant to 35 U.S.C § 284;

 E. An award of prejudgment interest, pursuant to 35 U.S.C § 284, from the date of each act of infringement of the '038 patent, the '653 patent, and the '905 patent by each defendant to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

 F. An award of reasonable attorneys' fees against each defendant, pursuant to 35 U.S.C. § 285, and Fleming's costs of suit against each defendant, pursuant to 35 U.S.C. § 284, based upon each defendant's willful infringement of the '038 patent, the '653 patent, and the '905 patent; and

 G. Such other and further relief as this Court deems just and appropriate.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL - 11

## JURY TRIAL DEMANDED

Plaintiff Fleming demands a jury trial as against defendants on all triable issues.

RESPECTFULLY SUBMITTED THIS 13 day of February, 2012.

                HAWLEY TROXELL ENNIS & HAWLEY LLP

By   /s/ Steven F. Schossberger
Steven F. Schossberger, ISB No. 5358
Attorneys for Plaintiff