TERRY C. COPPLE (ISB No. 1925)
DAVISON, COPPLE, COPPLE & COPPLE, LLP
Attorneys at Law
Chase Capitol Plaza, Suite 600
199 North Capitol Boulevard
P.O. Box 1583
Boise, Idaho  83701
Telephone:  (208) 342-3658
Fax No.:     (208) 386-9428
tc@davisoncopple.com

Attorneys for Defendants
    Escort Inc.
    Beltronics USA, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| HOYT A. FLEMING, | ) | Case No. 1:12-cv-00066-BLW |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS', ESCORT INC. AND** |
| | ) | **BELTRONICS USA, INC., BRIEF IN** |
| vs. | ) | **SUPPORT OF MOTION TO ENJOIN** |
| | ) | **PLAINTIFF'S RECENT SUIT AGAINST** |
| ESCORT INC, BELTRONICS USA, | ) | **DEFENDANTS' CUSTOMERS** |
| INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  INTRODUCTION

Fleming's harassment of Escort and Escort's customers should be put to an end.  It is

because of Fleming's harassment that Defendants Escort Inc. and Beltronics USA, Inc.

DEFENDANTS' MEMORANDUM
TO ENJOIN                                           1

(collectively, "Escort") respectfully move this Court to enjoin him prosecuting patent infringement lawsuits against Escort's customers, including the instant action.

Civil Action 1:09-cv-00105-BLW is an earlier-filed patent infringement lawsuit brought by Fleming against Escort, and is scheduled for trial in just a few months. The instant action alleges some of the same claims of patent infringement, of the same patents, by the same products, that have been pending in Civil Action 1:09-cv-00105-BLW for nearly three years. Thus, the earlier-filed patent infringement lawsuit will resolve many, and potentially all, of the issues involved in the instant action. In such circumstances, courts have consistently enjoined lawsuits against a manufacturer's customers. Indeed, courts have consistently enjoined lawsuits even when the suit against a manufacturer's customers is filed first.

## II.   BACKGROUND FACTS

### A.   Fleming's New Lawsuit Against Escort and Escort's Customers Substantially Overlaps His Earlier Lawsuit Against Escort

In March 2009, Fleming initiated Civil Action 1:09-cv-00105-BLW for patent infringement against Escort. In that lawsuit, Fleming sued Escort for allegedly infringing two patents, *i.e.*, United States Patent Nos. RE39,038 ("the '038 patent") and RE40,653 ("the '653 patent"). The products accused of infringement in Civil Action 1:09-cv-00105-BLW are the Passport 9500i, Passport 9500ix, GX 65, and Passport iQ radar detectors (collectively, "the Accused Products"). That case is set for trial in just a few months, on June 18, 2012.

Nearly three years later, on February 13, 2012, Fleming initiated this lawsuit and sued Escort, and its customers, for allegedly infringing the same two patents. (Dkt. No. 2). The similarities between the two suits do not, however, end with the same patents. The products

DEFENDANTS' MEMORANDUM
TO ENJOIN                                       2

accused of infringement in this lawsuit, *i.e.*, the Passport 9500i, Passport 9500ix, GX 65, and Passport iQ radar detectors, are the same products accused of infringement in Civil Action 1:09-cv-00105-BLW. (Dkt. No. 2, at p. 5). Indeed, the very same units that are accused of infringement in Civil Action 1:09-cv-00105-BLW are once again accused of infringement here, merely because Escort's customers are also distributors and have resold those products to others. *Id.*

      **B.**    **Fleming's New Lawsuit Against Escort and Escort's Customers Suggests Intimidation And Coercion**

Fleming filed this lawsuit after allowing the direct case against Escort to drag on for nearly three years. Fleming's purpose in filing this new lawsuit is certainly not to advance the resolution of the issues of alleged patent infringement by the Passport 9500i, Passport 9500ix, GX 65, and Passport iQ radar detectors. Rather, Fleming is trying to intimidate customers and potential customers who cannot realistically get up to speed on complex patent issues, and to unnecessarily burden Escort with multiple obligations to each of its customers.

Moreover, the timing of Fleming's new lawsuit smacks of intimidation and coercion of Escort. On February 2, 2012, Magistrate Judge Bush presided over a settlement conference between the Parties in Civil Action 1:09-cv-00105-BLW. The settlement conference did not result in a settlement. (*See* Dkt. 177). Unbeknownst to Escort, a few days later on February 6, 2012, Fleming and his law firm mailed false statements to at least certain of Escort's customers. (*See* Exhibit A; example of false statements accusing Escort's customers of liability for infringement). Escort understands that its customers received Defendants' false statements on February 8. Not by coincidence, also on February 8 counsel for Fleming wrote to counsel for Escort and inquired about reengaging in the settlement process. Fleming then filed this lawsuit.

DEFENDANTS' MEMORANDUM
TO ENJOIN                                  3

Thus, the timing of Fleming's false letters, coinciding with his suggestion that the Parties reengage settlement immediately after the false statements were received by Escort's most important customers, and then initiation of this lawsuit, smacks of intimidation and coercion.

This later-filed customer lawsuit will unnecessarily consume judicial resources. Any patent claim that Fleming believes it has against Escort's customers can proceed after Civil Action 1:09-cv-00105-BLW has been tried. More importantly, should Escort prevail in the earlier-filed lawsuit, there will be no need to waste any judicial resources on this case, since the two cases implicate the same patents and the same accused products.

As discussed below, the law heavily favors deciding patent cases between the patent owner and the manufacturer first, before suits against customers are prosecuted. Particularly in light of Fleming's dilatory action in pursuit of his claims against Escort's customers, an injunction against prosecution of this recently filed customer suit is appropriate.

### III.   ARGUMENT

The rationale for favoring a suit against a manufacturer over one against a customer is known as the "customer suit exception." *See, e.g.*, *Katz v. Lear Siegler Inc.*, 909 F.2d 1459 (Fed. Cir. 1990). It is called an "exception" because it overrules the general rule favoring earlier-filed actions over later ones. Thus, it can justify staying or dismissing even an earlier-filed suit, if the earlier suit is filed against customers. *See, e.g.*, *William Gluckin & Co. v. International Piaytex Corp.*, 407 F.2d 177 (2d Cir. 1969). In *Katz*, the Federal Circuit approved a district court's decision to enjoin prosecution of a customer suit pending in another district. Recognizing that many of the issues ultimately to be addressed in the customer suit may be entirely resolved in the suit against the manufacturer, the Federal Circuit determined that enjoining the customer suit was

warranted. *Katz*, 909 F.2d at 1464. In short, "litigation against…the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Id.*

At the root of the preference for a lawsuit against a manufacturer, and not the manufacturer's customers, is the recognition that, in reality, the manufacturer is the true defendant in the customer suit. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977). Indeed, the preference for a lawsuit against a manufacturer is so strong that when suit against a customer is brought by the patent owner first, and the manufacturer files a declaratory judgment action second, the first-filed action against the customer is routinely enjoined. *Id.* That is the case even if the declaratory judgment action is filed in a different jurisdiction than the first-filed action. *Id.* In the words of the First Circuit, "we see, in accordance with the principles herein set forth, room for only one decision..." *Id.*

Here, the first-filed suit was against Escort, the manufacturer. Thus, the policy behind preference for a lawsuit against a manufacturer is even stronger here – there is no "exception" to the earlier-filed rule to be applied because the earlier-filed case is against the manufacturer. Thus, the following comments virtually mandate Escort's Motion:

> In multiple suits against a manufacturer and/or its customers, this Circuit has adopted a general rule that: as a principle of sound judicial administration, the first suit should have priority, 'absent the showing of balance of convenience in favor of the second action,' or unless there are special circumstances which justify giving priority to the second.

*Coleco Indus., Inc. v. Empire Plastic Corp.*, 166 U.S.P.Q. 347 (S.D.N.Y. 1970) (citations omitted).

The *Coleco* court then went on to state that because the first suit was filed against the manufacturer, like the circumstances presented here, the balance of convenience actually is in favor of the first suit. *Id.* at 348. The court therefore enjoined any lawsuits against the manufacturer's customers. *Id.*

Thus, when the suit against the manufacturer is filed first, courts enjoin later-filed lawsuits against the manufacturer's customers. In *Ultra Products, Inc. v. Best Buy Co., Inc.*, the District Court for the District of New Jersey addressed a situation similar to that here: the patent owner sued the manufacturer of the products accused of infringement, and later sued multiple resellers of those same products. *Ultra Products, Inc. v. Best Buy Co., Inc.*, Case No. 09-1095, 2009 U.S. Dist. LEXIS 78678, at *3-5 (D.N.J. Sept. 1, 2009). In addressing a motion to stay the suit against the resellers, the district court stated:

> Both the first-filed rule and the customer suit exception appear to mandate a stay here. As the moving parties note, the case against the…manufacturer was brought first…The current action [against the resellers] was not brought until March 9, 2009, almost an entire year later. In the current action, Ultra asserts patent claims against several entities that purchase power supply products for resale to the public. While the customer suit 'exception' to the first-filed rule evidently does not apply because the Manufacturer's Case was in fact filed first, the reasoning underlying the exception supports giving this earlier litigation priority over the current action [against the resellers].

*Id.* at *11-12.

Other district courts presented with the circumstances involved here have likewise enjoined lawsuits against the manufacturer's customers *Probatter Sports, LLC v. Joyner Technologies, Inc.*, Case No. 05-CV-2045, 2006 U.S. Dist. LEXIS 81018, at * 18-20 (N.D. Iowa Nov. 3, 2006) (patent infringement lawsuits against customers enjoined in view of pending patent infringement lawsuit against manufacturer); *Beacon Photo Service, Inc. v. Acritite Co.*,

Case No. 78-C-1295, 1978 U.S. Dist. LEXIS 15604, at *8 (E.D.N.Y. Sept. 12, 1978) (if first-filed patent case involves the manufacturer, and the second filed-suit involves the customer, there is no reason to depart from the general rule that the first action takes priority).

Here, Fleming first sued the manufacturer, Escort, and then sued Escort's customers nearly three years later. The same two patents asserted in the first suit are also asserted in the second suit. The products accused of infringement in the first suit are also accused of infringement in the second suit. In fact, the accused products are the same units. Moreover, the trial date in the first suit is scheduled for June 18, 2012. Therefore, many and potentially all of the issues remaining for the suit against Escort's customers may be resolved in the next few months.

## IV.   CONCLUSION

Based on the foregoing, Escort respectfully asks this Court to enjoin Fleming from prosecution of patent infringement lawsuits against Escort's customers, pending the resolution of Civil Action 1:09-cv-00105-BLW.

DATED this 5th day of March, 2012.

DAVISON, COPPLE, COPPLE & COPPLE, LLP

By: /s/
Terry C. Copple, of the firm
Attorneys for Defendants Escort Inc.
Beltronics USA, Inc

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Michael S. Dowler
>Park, Vaughn, Fleming & Dowler LLP
>mike@parklegal.com
>
>Bradlee R. Frazer
>Hawley Troxell Ennis & Hawley, LLP
>bfrazer@hawleytroxell.com
>
>Steven F. Schossberger
>Hawley Troxell Ennis & Hawley, LLP
>sschossberger@hawleytroxell.com

>/s/
>Terry C. Copple