Steven F. Schossberger, ISB No. 5358
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID  83701-1617
Telephone:  208.344.6000
Email:  sschossberger@hawleytroxell.com

Michael S. Dowler
PARK VAUGHAN FLEMING & DOWLER LLP
5847 San Felipe, Suite 1700
Houston, TX  77057
Telephone:  713.821.1540
Email:  mike@parklegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>        Plaintiff,<br><br>v.<br><br>ESCORT INC.; BELTRONICS USA, INC.; BEST BUY CO., INC.; AMAZON.COM, INC.; HAYNEEDLE, INC.; BUY.COM, INC.; TIGERDIRECT, INC.; FRY'S ELECTRONICS; HERRINGTON CATALOG; BUY RADAR DETECTORS, INC.; BEST RADAR DETECTORS; ABT, INC.; J&R MUSIC AND COMPUTER WORLD; SEARS HOLDINGS CORP.; 1STRADARDETECTORS; BEACH CAMERA/BUY.DIG.COM, INC.; AM MERCHANDISING, INC.; EXCEL DISTRIBUTING, INC.; DBSOUTH, INC.; FULFILLMENT SERVICES, INC.; CAR TOYS, INC.; DAS DISTRIBUTORS, INC.<br><br>        Defendants. | Case No. 1:12-cv-0066-BLW<br><br><br><br>PLAINTIFF'S OPPOSITION TO ESCORT'S AND BELTRONICS' MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 11) |

The unwitting nature of Escort's motion is remarkable.  The premise of its motion is that

Mr. Fleming's customer suit must be enjoined because it is "harassing", and yet Escort cites

cases showing that such suits have been commonplace for more than 50 years and not a single one was enjoined because it was harassing. The fact is, as demonstrated by Escort's own case sites, customer suits are filed nearly every day because the Patent Statute holds customers just as liable for patent infringement as manufacturers.

While some courts have deferred litigation against customers in favor of litigation against manufacturers, those are situations where resolving the manufacturer suit first resolves the subsequent customer suit because the case issues are the same and the customers have agreed to be bound by the results of the manufacturer suit. The issues in this and the co-pending case against Escort are not the same because they do not involve all of the same patents, and Escort's customers have not agreed to be bound by the results of the co-pending case if this case is enjoined. Indeed, none of Escort's customers have even joined Escort's present motion, which deprives Escort of standing to bring this motion in the first place.

With no standing or recognized reason to enjoin Mr. Fleming's present case, Escort's motion should be denied.

## I.    FACTUAL BACKGROUND

Mr. Fleming is a local, individual inventor who sued Escort and Beltronics (collectively "Escort") on March 10, 2009 for infringing two of his patents. (Case No. 1:09-cv-105 BLW.) On December 14, 2011, the Court ruled on summary judgment that certain Escort products infringe one of those patents. (*Id*. at Dkt. No. 169.) The Court sealed its order over concerns it might contain party confidential information. (Dkt. No. 172, Order at ¶ 9.) Escort doggedly resisted Mr. Fleming's efforts to have the order redacted and unsealed, which forced Mr.

Fleming to request resolution by the Court. (Exh. 1, December 21, 2011 letter to Mr. Metcalf.)[1] On January 19, 2012, the Court ordered expedited briefing, which was limited to 3-page opening and opposition briefs, and no reply brief. (Dkt. No. 172, Order at ¶ 9.) Seeing the "handwriting on the wall", Escort responded by relenting and finally providing Mr. Fleming a redacted version of the Court's order, which the Court published on January 31, 2012. (Dkt. Nos. 173, 176.)

Due to Escort's persistent attempts to keep the Court's order out of the public domain, Mr. Fleming began to believe for the first time that Escort may have concealed this case and the Court's summary judgment order from the various re-sellers of Escort's infringing products. (Fleming Decl. at ¶ 3.) This raised a critical issue for Mr. Fleming. Specifically, anyone who sells the infringing Escort products is liable to Mr. Fleming as an infringer. (35 U.S.C. § 271(a) ("*whoever* without authority…sells any patented invention … infringes the patent.") (emphasis added)). In order for Mr. Fleming to collect damages, including enhanced damages, for that infringement, the law requires those infringers be put on notice of Mr. Fleming's patent rights and their infringement. 35 U.S.C. §§ 284, 287; *Virtue v. Creamery Package Mfg. Co.,* 227 U.S. 8, 37-38 (1913) ("Patents would be of little value if infringers of them could not be notified of the consequences of infringement, or proceeded against in the courts.")

Accordingly, on February 6, 2012—three business days after the Court made its summary judgment order public—Mr. Fleming (though his retained counsel, PFVD) notified all the infringers he was aware of about the Court's order, including attaching a copy of the redacted order to his letter. (Exh. 2.) There was nothing secret about Mr. Fleming's communication; indeed, Mr. Fleming wrote to Escort on February 8, 2012 telling it about the letter, why Mr. Fleming sent it, and the Federal Circuit authority authorizing him to do so. (Exh. 3.)

---

[1] All exhibits are attached to the appended Declaration of Michael S. Dowler.

The result of Mr. Fleming's February 6 letter was twofold. First, the responses Mr. Fleming has received confirm Mr. Fleming's concern that Escort had been concealing this case and its infringement from the re-sellers of its infringing products at least since the case was filed more than three years ago. One recipient commented:

> I am in-house counsel for Fry's Electronics, Inc. and was forwarded your cease-and-desist letter addressed to our Executive Vice President, Kathy Kolder regarding Mr. Fleming's action against Escort, Inc. et al. Thank you also for providing the Court's ruling on the Motion for Summary Judgment from the Idaho action. It was the first we had heard of an action against Escort for sale of the Passport products. Fry's takes these matters seriously, and we appreciate your bringing it to our attention.

(Exh. 4.) Second, Escort became angry that its long-kept secret had been revealed. Accordingly, two days later on February 10, 2012, Escort filed suit against Mr. Fleming and PVFD, seeking a mandatory preliminary injunction requiring Mr. Fleming to send a "retraction" letter. (Case No. 1:12-cv-0064 BLW at Dkt. Nos. 1-2.) The Court ordered expedited briefing and denied all preliminary relief eleven days later on the basis that Escort had failed to demonstrate the legitimate need for such relief. (*Id*. at Dkt. Nos. 8, 20.)

Escort's lawsuit generally contends that Mr. Fleming's February 6, 2012 letter—informing Escort's customers of the first Fleming v. Escort lawsuit and the Court's orders therein—interfered with Escort's customer relationships. (*Id*. at Dkt. No. 1.) Notably, however, Escort never explains how any alleged injury to its customer relationships could be the result of Mr. Fleming's letter and not Escort's attempt to hide (from those customers) the Fleming v. Escort lawsuit, Escort's infringement, the Court's orders, and the fact that Escort had secretly been selling those customers infringing products for many years.

On Sunday, February 12, 2012, six days after sending his letter, Mr. Fleming received Escort's lawsuit on the doorstep of his home in Boise. (Fleming Decl. at ¶ 4.) The next day, Mr. Fleming sent a second letter to the same people he sent his first letter to, *i.e.,* each of the present

customer defendants. (*Id*. at ¶ 5; Exh. 5.) That letter addressed each of Escort's complaints about Mr. Fleming's first letter, and it enclosed a service copy of the present lawsuit. In addition to Mr. Fleming's inability to communicate with the customer defendants without being sued by Escort for doing so, the letter explained why Mr. Fleming felt compelled to file the present lawsuit.

> Mr. Fleming intends to seek approximately $30,000,000 from Escort and Beltronics at trial in June of this year. Mr. Fleming has concerns that Escort and Beltronics do not have the ability to pay Mr. Fleming such a significant amount of money. In that regard, Mr. Fleming has requested that Escort and Beltronics escrow a portion of the money that Mr. Fleming is seeking. However, Mr. Fleming understands that Escort and Beltronics have refused to place any money in escrow.

> In an effort to insure that Mr. Fleming can recover the damages that he is seeking for infringement of his patents, today Mr. Fleming has filed a complaint for patent infringement against [customer], along with other distributors and retailers that sell the adjudged infringing Passport 9500i, Passport 9500ix, Passport iQ, and GX65 radar detectors. A copy of the complaint is attached.

> While Mr. Fleming would rather not involve [customer] in this new lawsuit, Escort and Beltronics' refusal to escrow the money that Mr. Fleming is seeking at trial has required the filing of this complaint against [customer].

(Exh. 5.) In other words, if Escort was unable to pay Mr. Fleming's damage award, Mr. Fleming explained that he had to take the actions necessary to protect his recovery and to enforce his patent rights against all infringers thereof, including the defendant resellers.

The present lawsuit is not merely redundant to the co-pending Fleming v. Escort case. This case asserts three patents: U.S. Patent Nos. RE39,038, RE40,653, and RE41,905 (Dkt. No. 1, Complaint), whereas the first case asserts only the first two patents. Patent RE41,905 first issued from the U.S. Patent Office on November 2, 2010 and thus could not have been asserted in the first Fleming v. Escort case, which was filed in March 2009.[2] While the first lawsuit

---

[2] Nor could Mr. Fleming have added RE41,905 to the first Fleming v. Escort case since by the

obviously will not resolve all of the issues in this case since this case includes RE41,905, nor will that first lawsuit resolve any of the issues concerning RE39,038 and RE40,653 since none of the customer defendants in this case have agreed to be bound by the judgment in the first lawsuit concerning those two patents. Accordingly, literally none of the issues in this case—at least as to the customer defendants—will be resolved by the conclusion of the first case.

## II. ARGUMENT

Nothing justifies enjoining Mr. Fleming's lawsuit against the customer defendants. Escort would have the Court believe that an injunction would conserve party and judicial resources because this case "substantially overlaps" with the co-pending Fleming v. Escort case. That is a shamelessly false argument that conspicuously ignores the facts. First, none of the customer defendants have joined this motion, much less agreed to be bound by the judgment in the co-pending case. This means a customer-suit injunction will save nothing since those parties/defendants anticipate re-litigating every issue. Second, even if the customer defendants agree to be bound by the findings in the first case, nothing that happens in the first case affects RE41,905 since that patent is only asserted in the present case. (By failing to even mention it, Escort's brief seeks to act like RE41,905 does not even exist.) Thus, there is no overlap of issues between the two cases and, therefore, no benefit to enjoining the present case.

### A. Escort Lacks Standing to Bring this Motion

Escort's motion should be denied because Escort lacks standing to bring it. Specifically, Escort did not bring this motion on its behalf, but rather Escort seeks an injunction barring Mr.

---

time the U.S. Patent Office issued that patent, this Court had ruled that it was too late to add new infringement contentions to that case. (Case No. 1:09-cv-105 BLW at Dkt. No. 85 ("If the Passport iQ raises new infringement contentions, a new round of expert reports will be necessary and the dispositive motion deadline will need to be extended. The Court is unwilling to extend that deadline.")

Fleming from proceeding against each of the other defendants in this case, none of which have joined the motion. Nor does Escort claim or present any evidence: (1) that it represents all the other defendants; (2) that Escort has suffered any specific injury; (3) that any alleged injury is the result of Mr. Fleming's suit against the customer defendants; or (4) that enjoining the customer suits will redress Escort's unstated injury. As such, Escort lacks standing to bring this motion. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 820-21 (9th Cir. 2002); *Allen v. Wright,* 468 U.S. 737, 756 (1984) (The judiciary may not act as a "vehicle for the vindication of the value interests of concerned bystanders".).

**B.** **The Customer Suit Exception Does Not Apply**

Escort would have the Court believe that the "customer suit exception" should apply to bar Mr. Fleming's case against the customer defendants in favor of the co-pending Fleming v. Escort case. Escort's argument lacks merit because the facts of this case have nothing to do with the general rule on the procession of cases, much less the customer suit exception to that general rule.

The customer suit exception is a judicially created exception to the general rule that a first-filed case should be litigated before a second-filed case involving the same parties and raising the same issues. *Kahn v. General Motors Corp.,* 889 F.2d 1078, 1081 (Fed. Cir. 1989) ("Restraint of the first-filed suit is made only to prevent wrong or injustice, applying the general requirement that 'the same parties as well as the same issues are involved in the two actions'.") "Generally speaking, courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.,* 657 F.3d. 1349, 1357-59 (Fed. Cir. 2011); *see also Kahn* 889 F.2d at 1081-83 (Fed. Cir. 1989); *Katz v. Lear Siegler, Inc.,* 909

F.2d 1459, 1463-65 (Fed. Cir. 1990).

Nothing about the "customer suit exception" makes sense as applied to this case. First, no exception to the general rule arises because the general rule itself never arises. Specifically, there is no first-filed case that raises the same issues between the same parties as a second-filed case. *Kahn,* 889 F.2d at 1081. The co-pending Fleming v. Escort case includes only Mr. Fleming and Escort and involves only U.S. Patent Nos. RE 39,038 and RE40,653, whereas the present case includes Mr. Fleming and twenty other defendants and concerns RE41,905 in addition to RE39,038 and RE40,653. Second, to the extent there were "earlier" and "later" filed cases subject to the exception, the earlier filed case is not a customer case (it is Fleming v. Escort) and the later case is not a manufacturer case (it is Fleming v. Escort and its customers), as required before the customer suit exception arises. In sum, there is simply no logical correlation between the facts of this case and the customer suit exception.

The illogic of applying the customer suit exception does not end there. The purpose for applying the exception is when "the issues and parties are such that the disposition of one case would be dispositive of the other." *Katz,* 909 F.2d at 1463, citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip., Co.,* 342 U.S. 180 (1952); *Spread Spectrum,* 657 F.3d at 1357 ("the guiding principles in the customer suit exception cases are efficiency and judicial economy") citing *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.,* 458 F.3d 1335, 1343 (Fed. Cir. 2006). As the Federal Circuit commented with respect to its holding in the *Kahn* case:

> On appeal, this court found that the customer suit exception did not apply because the second-filed action would not completely resolve the issues between the parties. The court noted that, 'in those cases in which a customer suit exception has been held to favor the forum of the second-filed action, the second action would resolve all charges against the customers in the stayed suit, including liability for damages.' The court also noted that [customer] had 'not agreed to be bound by the Illinois decision or any injunction against [manufacturer]'. Accordingly, we found that the district court abused its discretion in granting the

stay.

*Spread Spectrum,* 657 F.3d at 1358 (internal citations omitted). *See also, Refac Int'l v. IBM,* 790 F.2d 79 (Fed. Cir.), modified on rehearing, 798 F.2d 459 (Fed. Cir. 1986) (all customer defendants agreed to be bound by any injunction issued in the manufacturer's case); *Gluckin & Co. v. Int'l Playtex Corp.,* 407 F.2d 177, 180 (2nd Cir. 1969) (customer consented to join and be bound by the manufacturer's action); *Katz*, 909 F.2d at 1464 (injunction upheld only because customer defendants agreed to be bound by decision in manufacturer case).[3]

As indicated above, there is no efficiency or judicial economy to be had in enjoining the present suit in favor of the co-pending Fleming v. Escort case since none of the customer defendants in this case has agreed to be bound by the judgment in the co-pending case. Likewise, nothing about the co-pending case will resolve any of the issues concerning RE41,905 in the present case. Indeed, the only result of enjoining Mr. Fleming's prosecution of the present case against the customer defendants would be a delay in resolution of this case, which the Federal Circuit has specifically opposed in the context of the customer suit exception. *Katz*, 909 F.2d at 1463-64 ("The public policy favoring expeditious resolution of disputes is of particular weight when dealing with wasting assets such as patents. There is no good reason to unduly delay the resolution of major issues that will not be resolved in the [manufacturer case]."). This

---

[3] Escort's non-binding citations do not hold otherwise. *Probatter Sports, LLC v. Joyner Tech., Inc.,* 43 F.Supp.2d 949 (N.D. Iowa 2006) (suits involved same parties, patents, and issues; manufacturer agreed to indemnify customers; parties agreed the issues in the manufacturer's suit will resolve the issues in the customer suit). *Beacon Photo Service, Inc. v. Acricite Co., Inc.,* 1978 U.S. Dist. LEXIS 15604 (E.D.N.Y. 1978) (cases involved the "same issues"). *Ultra Products, Inc. v. Best Buy Co., et al.,* 2009 U.S. Dist. LEXIS 78678 (D.N.J. 2009) (customers join motion and agree to be bound by results of manufacturer suit). *Coleco Indus., Inc. v. Empire Plastic Corp.,* 321 F. Supp. 146 (S.D.N.Y. 1970) ("disposition of the consolidated suit will resolve all the questions presented by the later-filed customer suit"). *Codex Corp. v. Milgo Electronic Corp.,* 553 F.2d 735 n. 1 and 6 (1st Cir. 1977) (customer joined motion, thereby agreeing to be bound by results of manufacturer suit; court recognized that "the prospects of recovery of damages" from manufacturer may counsel against staying customer suit).

Court has likewise demonstrated an eagerness to see that patent litigants are expeditiously moved to trial via its adoption of Local Patent Rules and, in the Fleming v. Escort case in particular, via its scheduling order and various rulings negating Escort's repeated efforts to delay the case.

## C. Escort Avoids Discussion of a Mandatory Preliminary Injunction Bond

Missing from Escort's brief is any mention of the bond it must post if the Court grants its motion. Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.") As indicated above, Mr. Fleming will seek approximately $30 million from Escort at trial in June 2012. The present case is, in part, designed to ensure Mr. Fleming's recovery in the event Escort is unable to pay the judgment resulting from the June trial. Accordingly, Mr. Fleming requests that Escort's bond be set at the difference between $30 million and the amount of cash it has on hand to pay a judgment in June since that is the amount that will be put at jeopardy if this case is enjoined. *See Bechik Products, Inc. v. Flexible Products, Inc.,* 225 F.2d 603, 607 (2nd Cir. 1955) (requiring bond for anti-suit injunction).

## III. CONCLUSION

Escort has sought to play this case as one in which its customers are being harassed. That is not true. The facts show Escort concealed from its customers the existence of this case, its admitted and adjudged infringement, and this Court's orders concerning infringement by products it has supplied those customers for many years. The facts also show Escort now is faced with trial in June 2012 that it cannot afford to lose, and if Escort does lose, Mr. Fleming's only recovery will be against Escort's customers. The idea that Mr. Fleming is being drug through the mud because he has taken steps to ensure his recovery from those customers, while

also enforcing another of his recently issued patents, is unfortunate but in no manner supports Escort's present motion to enjoin Mr. Fleming's present suit.

March 14, 2012                    Respectfully Submitted

                                  _____/s/_____
                                  Michael S. Dowler
                                  Park, Vaughan, Fleming & Dowler, LLP
                                  5847 San Felipe, Suite 1700
                                  Houston, TX 77057
                                  (713) 821-1540
                                  (713) 821-1401 (facsimile)
                                  Attorneys for Plaintiff Hoyt A. Fleming

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 14th day of March 2012, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons. To the extent any of the foregoing was filed under seal, I have also concurrently served the following persons by email as indicated below.

Brett A. Schatz
Gregory F. Ahrens
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street
2700 Carew Tower
Cincinnati, OH 45202
bschatz@whepatent.com
gahrens@whepatent.com

    /s/
Michael S. Dowler