GREGORY F. AHRENS
BRETT A. SCHATZ
WOOD, HERRON & EVANS, L.L.P.
Attorneys at Law
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio  45202-2917
Telephone:  (513) 241-2324
Facsimile:  (513) 421-7269
gahrens@whepatent.com
bschatz@whepatent.com


Attorneys for Defendants
   Escort Inc.
   Beltronics USA, Inc.


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| HOYT A. FLEMING, | ) | Case No. 1:12-cv-00066-BLW |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS', ESCORT INC. AND** |
| | ) | **BELTRONICS USA, INC., REPLY BRIEF** |
| vs. | ) | **IN SUPPORT OF MOTION TO ENJOIN** |
| | ) | **PLAINTIFF'S RECENT SUIT AGAINST** |
| ESCORT INC, BELTRONICS USA, | ) | **DEFENDANTS' CUSTOMERS (Dkt. No. 11)** |
| INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.      **INTRODUCTION**

Contrary to Fleming's comments, what is truly remarkable about Escort's Motion to Enjoin is Fleming's position that this Court cannot exercise its considerable discretion to control the scheduling of this customer - lawsuit, when Fleming delayed nearly three years to file it, the trial of the manufacturer – lawsuit is only a few months away and has the potential to resolve all issues in this case, and the law uniformly provides that such customer – lawsuits should be enjoined. What is also remarkable is the liberty Fleming takes with the cases he suggests support his position – they do not.

It goes undisputed that Civil Action 1:09-cv-00105-BLW is an earlier filed patent infringement lawsuit brought by Fleming against Escort, the manufacturer, and is scheduled for trial in just a few months, on June 18, 2012. It also goes undisputed that the instant action alleges some of the same claims of patent infringement, of the same patents, by the same products, that have been pending in Civil Action 1:09-cv-00105-BLW for nearly three years.

Specifically, the products accused of infringement in this lawsuit, *i.e.*, the Passport 9500i, Passport 9500ix, GX 65, and Passport iQ radar detectors, are the same products accused of infringement in the earlier filed manufacturer - lawsuit. (Dkt. No. 2, at p. 5). Indeed, the very same units that are accused of infringement in the earlier filed manufacturer - lawsuit are once again accused of infringement here, merely because Escort's customers are also distributors and have resold those products to others. *Id.* Further, both United States Patent Nos. RE39,038 ("the '038 patent") and RE40,653 ("the '653 patent") are asserted in both cases.

Thus, the earlier filed manufacturer - lawsuit will resolve many, and potentially all, of the issues involved in the instant action. In such circumstances, courts have consistently enjoined lawsuits against a manufacturer's customers.

This later filed customer - lawsuit will unnecessarily consume judicial resources. Any patent claim that Fleming believes it has against Escort's customers can proceed after Civil Action 1:09-cv-00105-BLW has resolved many issues involved here. More importantly, should Escort prevail in the earlier filed lawsuit, there will be no need to waste any judicial resources on this case, since the two cases implicate two of the same patents and the same accused products.

As discussed below, the law heavily favors deciding patent cases between the patent owner and the manufacturer first, before suits against customers are prosecuted. Particularly in light of Fleming's dilatory action in pursuit of his claims against Escort's customers, an injunction against prosecution of this recently filed customer suit is appropriate.

## II.     ARGUMENT

### A.     The Policy Behind The Customer-Suit Exception Applies Here And Virtually Mandates A Stay

Fleming appears to have overlooked that this Court has considerable discretion in managing the cases before it. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (district courts have inherent power to control their dockets). In addition, when he argues that the "customer suit exception" does not technically apply here because he sued the manufacturer first, he overlooked that this fact is all the more reason why this later filed customer - lawsuit should be enjoined. Indeed, there is overwhelming justification for enjoining Fleming's

customer – lawsuit, and the fact that the first filed suit was against Escort, the manufacturer, virtually mandates that Escort's Motion be granted.

The policy behind preference for a lawsuit against a manufacturer is even stronger here – there is no "exception" to the earlier-filed rule that needs to be overcome because the earlier-filed case is against the manufacturer:

> Both the first-filed rule and the customer suit exception appear to mandate a stay here. As the moving parties note, the case against the…manufacturer was brought first…The current action [against the resellers] was not brought until March 9, 2009, almost an entire year later. In the current action, Ultra asserts patent claims against several entities that purchase power supply products for resale to the public. While the customer suit 'exception' to the first-filed rule evidently does not apply because the Manufacturer's Case was in fact filed first, the reasoning underlying the exception supports giving this earlier litigation priority over the current action [against the resellers].

*Ultra Products, Inc. v. Best Buy Co., Inc.*, Case No. 09-1095, 2009 U.S. Dist. LEXIS 78678, at *11-12 (D.N.J. Sept. 1, 2009).

Otherwise stated, the customer suit "exception" need not be overcome by Escort because the first suit was filed against the manufacturer. Therefore, both the first-filed rule and the policy supporting lawsuits against manufacturers over lawsuits against customers weigh in favor of enjoining this later filed lawsuit against Escort's customers. *See Coleco Indus., Inc. v. Empire Plastic Corp.*, 166 U.S.P.Q. 347, 348 (S.D.N.Y. 1970) (because the first suit was filed against the manufacturer, like the circumstances presented here, the balance of convenience actually is in favor of the first suit); *see also Ultra Products*, 2009 U.S. Dist. LEXIS 78678, at *18 ("We also emphasize that, unlike in *AAS*, the patent holder here actually chose to sue the manufacturer first. Accordingly, this is not a case where a party seeking a stay or similar relief is attempting to overcome the first-filed rule by invoking the customer suit 'exception.'").

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO ENJOIN                               4

Tellingly, Fleming fails to address substantively the *Ultra Products* or *Coleco Indus.* cases. All he does is mention them in passing in a footnote, and he does so incorrectly. Fleming represents that in *Ultra Products*, the "customers…agree to be bound by the results of manufacturer suit." However, this was only one of "other considerations" that supported a stay, and was only mentioned by the court after it had determined that a stay was appropriate. *Id.* at *19. In addition, a stay was granted as to one of the customer defendants, CDW, that did not agree to be bound. *Id.* at *21.

Contrary to Fleming's argument, *Coleco Indus.* also strongly supports a stay here. The *Coleco* court stated that because the first suit was filed against the manufacturer, like the circumstances presented here, the balance of convenience actually is in favor of the first suit. *Coleco Indus., Inc. v. Empire Plastic Corp.*, 321 F. Supp. 146, 148 (S.D.N.Y. 1970). The court therefore enjoined lawsuits against the manufacturer's customers. *Id.* There was no agreement to be bound.[1]

In addition, in *Katz v. Lear Siegler Inc.*, the Federal Circuit recognized that many of the issues ultimately to be addressed in a patent lawsuit against a customer may be entirely resolved in a patent lawsuit against the manufacturer. *Katz v. Lear Siegler Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). As such, the Federal Circuit determined that enjoining the customer suit was warranted. *Id.* at 1464. Notably, the Federal Circuit so held despite the fact that "Mr. Katz points out that neither of the defendants in the Batavia action has agreed to be bound by the result in

---

[1] Fleming also fails to adequately address *Probatter Sports* and *Beacon Photo*, and there was no agreement to be bound in those cases. As noted in Escort's Opening Brief, the customer suits in those cases were stayed.

Massachusetts." *Id.* In short, whether Escort's customers have agreed to be bound is not determinative.[2]

The remaining cases Fleming cites are also described by him with liberty, and in fact do not support his position. For example, *Spread Spectrum* provides that "[g]enerally speaking, courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds…" *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). The Federal Circuit went on to dismiss the appeal for lack of jurisdiction, and did not determine whether enjoining the customer suit was appropriate. The Federal Circuit went on to comment about *Kahn v. Gen. Motors Corp.*, and did note that in *Kahn*, the customer did agree to be bound by an injunction against the manufacturer. *Id.* However, quite egregiously, Fleming failed to include the following additional comment from the Federal Circuit, despite the fact that it is found immediately following, and in the same paragraph as the portion he quoted in his Opposition:

> In a subsequent decision, however, we clarified that the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customers – not every issue – in order to justify a stay of the customer suits.

*Id.* at 1358. Thus, an agreement to be bound is not decisive.[3]

---

[2] In view of the Federal Circuit's comments in *Katz*, there is no merit to Fleming's argument at page 9 of his Opposition that the injunction there was upheld only because the customer defendants agreed to be bound by decision in the manufacturer's case.

[3] Other cases cited by Fleming are also described with liberty and do not support his position. For example, the Federal Circuit in *Refrac Int'l v. IBM* simply decided that whether a stay is appropriately entered is not an appealable order. *Refrac Int'l, Ltd. v. IBM*, 790 F.2d 79 (Fed. Cir. 1986). Also, contrary to Fleming's assertion, there is nothing to suggest that *Gluckin & Co. v. Int'l Playtex Corp.* involved a customer who consented to be bound by the manufacturer's action.

B.  **The Manufacturer Lawsuit Will Resolve Major Issues In This Case**

Without any explanation whatsoever, Fleming suggests that the addition of United States Patent No. RE41,905 ("the '905 patent") to this lawsuit means that every single issue involved in this case will not be resolved by the earlier, manufacturer case. Fleming's argument is unsupported, incorrect, and irrelevant all at the same time. Fleming's argument is unsupported because Fleming does not even attempt to explain how the issues surrounding the '905 patent are different than the '038 patent and the '653 patent. Fleming's argument is incorrect because many if not most of the issues surrounding the '905 patent are similar if not identical to those surrounding the '038 and '653 patents, as all three are merely reissues of the same underlying patent, U.S. Patent No. 6,204,798. As such, a finding in the manufacturer – lawsuit of non-infringement, invalidity based on prior art, or invalidity based on invalid reissue, after the trial in June 2012 may resolve many issues in this lawsuit. In addition, a finding of intervening rights in the manufacturer - lawsuit may resolve many issues in this lawsuit. Fleming's argument is irrelevant because the rationale and justification behind enjoining a customer lawsuit does not mandate that every single issue be decided by the earlier-filed manufacturer lawsuit:

> Nevertheless, the principles underlying the customer suit exception still apply here. As the Federal Circuit noted in *Katz* and the *AAS* court evidently recognized, the manufacturer's case need only promise to resolve the 'major issues' concerning the claims against the customer, and not every conceivable issue.

*Ultra Products*, 2009 U.S. Dist. LEXIS 78678, at *17.

C.  **Escort Has Standing As The Manufacturer**

At the root of the preference for a lawsuit against a manufacturer, and not the manufacturer's customers, is the recognition that, in reality, the manufacturer is the true

defendant in the customer suit. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977). Further,

> it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract or good business, or in order to avoid the damaging impact of an adverse ruling against its products.

*Id.* at 738.

Against this backdrop, and the importance to Escort and its business in a lawsuit filed against customers who have purchased its products, it is nothing short of disingenuous for Fleming to argue that Escort does not have standing. His argument also flies in the face of the numerous decisions that have granted manufacturers' requests to enjoin lawsuits against their customers.

### D. Escort Has Not Sought A Preliminary Injunction

Here, Escort simply requests the Court to exercise its inherent power to control its docket by delaying this case. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002). Many, if not all, of the issues involved here may be resolved in a few short months. Given the fact that Fleming elected to delay filing this lawsuit for nearly three years suggests that a few short months will not pose any difficulty for him, much less any prejudice.

Regardless, the Federal Circuit has very recently concluded that a stay of this lawsuit does not constitute an injunction that would otherwise be subject to the standards set out in Rule 65 of the Federal Rules of Civil Procedure:

> According to [plaintiff], it should be permitted to appeal the stay order because it 'is effectively an injunction barring [plaintiff] from pursuing its case against the Printer Defendants'…We are not persuaded by [plaintiff's] arguments.

> As Kodak correctly notes, 'while it is true that the stay temporarily suspends the case against the Kodak Customers during the case against Kodak, the same can be said about every stay that is issued by any court. If every stay qualified as an injunction, all stays would be immediately appealable…

*Spread Spectrum*, 657 F.3d at 1359-60 (Fed. Cir. 2011). In *Spread Spectrum*, a case relied upon by *Fleming*, the Federal Circuit went on to note that because the district court stayed its own case, the precise relief Escort seeks here, that order did not involve an injunction. *Id.* at 1360. Likewise, in *Probatter Sports*, another case relied upon by *Fleming*, the U.S. District Court for the Northern District of Iowa enjoined a customer lawsuit and did not require a bond. *Probatter Sports, LLC v. Joyner Techs., Inc.*, 463 F. Supp. 2d 949, 955, n.11 (N.D. Iowa 2006).

### III.  CONCLUSION

This later filed customer - lawsuit will unnecessarily consume judicial resources. Any patent claim that Fleming believes it has against Escort's customers can proceed after the earlier filed manufacturer – lawsuit. More importantly, there may be no need to waste any judicial resources on this case, since the two cases implicate two of the same patents and the same accused products.

Based on the foregoing, Escort respectfully asks this Court to enjoin Fleming from prosecution of patent infringement lawsuits against Escort's customers, pending the resolution of Civil Action 1:09-cv-00105-BLW.

DATED this 2nd day of April, 2012.

                WOOD, HERRON & EVANS, L.L.P.

                By: /s/
                    Brett A. Schatz, of the firm
                    Attorneys for Defendants

CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of April, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

> Michael S. Dowler
> Park, Vaughn, Fleming & Dowler LLP
> mike@parklegal.com
>
> Bradlee R. Frazer
> Hawley Troxell Ennis & Hawley, LLP
> bfrazer@hawleytroxell.com
>
> Steven F. Schossberger
> Hawley Troxell Ennis & Hawley, LLP
> sschossberger@hawleytroxell.com

          /s/
          Brett A. Schatz