IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>     Plaintiff,<br><br>     v.<br><br>ESCORT, INC., et al.,<br><br>     Defendants. | Case No.  1:12-CV-066-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Escort's motion to stay and Fleming's motion to dismiss and strike.  The motions are fully briefed and at issue.  For the reasons explained below, the Court will deny the motion to stay and grant in part Fleming's motion to dismiss and strike.

## LITIGATION BACKGROUND

In an earlier-filed action, Fleming claimed that Escort manufactured and sold radar detectors that infringed Fleming's '038 and '653 patents.  A jury found that Escort had infringed a number of claims of both patents, and awarded Fleming $750,000.  *See Special Verdict Form (Dkt. No. 304) in Fleming v. Escort CV-09-105-BLW*.

Fleming filed this action against Escort and its distributors claiming that by selling Escort's infringing devices, the defendants were committing infringement of Fleming's '038, '653, and '905 patents.  This suit is referred to as a customer suit – that is, it is an

**Memorandum Decision & Order - 1**

action against the manufacturer's customers who are distributing the infringing devices. The earlier-filed action is known as a manufacturer suit – that is, it is an action against the manufacturer (Escort) of the infringing devices.

**<u>Escort's Motion to Stay this Litigation</u>**

Escort seeks to stay the prosecution of this customer suit pending a final resolution of the manufacturer's suit. Escort argues the stay is justified under the "customer suit exception." The Federal Circuit has recognized a customer-suit exception "to the general rule that favors the forum of the first-filed action." *Spread Spectrum Screening LLC v. Eastman Kodak Co.,* 657 F.3d 1349, 1355 (Fed. Cir. 2011). Courts apply the customer suit exception to stay earlier-filed patent litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum. *Id*. The customer suit exception "is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse." *Id*. The guiding principles in the customer suit exception cases are efficiency and judicial economy. *Id.*

The customer suit exception does not apply in this case. Here, Fleming's suit against the manufacturer was filed first and has proceeded to a jury verdict. Thus, there is no need to stay the customer suit so that the action against the manufacturer can proceed first – it already has proceeded first. Given this posture of the cases, efficiency and judicial economy require no further delays in this case, and the Court will accordingly schedule a Case Management Conference to set various deadlines.

Memorandum Decision & Order - 2

**Fleming's Motion to Dismiss**

Fleming seeks to dismiss Escort's affirmative defenses and counterclaims on the ground that they fail to contain sufficient detail. Escort has agreed to withdraw (1) that portion of its First Affirmative Defense alleging that Fleming failed to state a claim; (2) its Sixth Affirmative Defense regarding venue; and (3) its Ninth Affirmative Defense regarding the alleged failure to join necessary or indispensable parties. The Court will so order.

Escort's remaining affirmative defenses and counterclaims are summarized in the table below:

| Escort's Affirmative Defenses & Counterclaims ||
|---|---|
| **Description (From Escort's Answer)** | **Allegation** |
| First Affirmative Defense | "The Complaint fails to state a claim upon which relief may be granted *[Withdrawn]*, and/or the claims that have been made are duplicative of previously asserted claims, and barred under the principles of res judicata, collateral estoppel, and/or patent misuse." |
| Second Affirmative Defense | "Escort does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, or in any other way, any claim of the '038 patent or the '653 patent or the '905 patent, either literally or under the doctrine of equivalents, willfully or otherwise." |
| Third Affirmative Defense | "The '038 patent and the '653 patent and the '905 patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to Sections 102-103, 112, and/or 251." |
| Fourth Affirmative | "Fleming is equitably estopped because Fleming's conduct |

| Escort's Affirmative Defenses & Counterclaims ||
|---|---|
| Defense | misled Escort into believing that he would not bring this infringement lawsuit against it, and/or Fleming is estopped and/or otherwise barred from asserting that Escort is liable for infringement of '038 patent and the '653 patent and the '905 patent by reasons of prior art and/or statements made to the Patent Office during the prosecution of the application that issued as the '038 patent and the '653 patent and the '905 patent." |
| Fifth Affirmative Defense | "Fleming is equitably barred from asserting that Escort is liable for infringement of the '038 patent and the '653 patent and the '905 patent due to unclean hands and laches." |
| Sixth Affirmative Defense | *Withdrawn* |
| Seventh Affirmative Defense | Fleming's committed inequitable conduct in obtaining his patents. |
| Eighth Affirmative Defense | "Fleming is not the owner of the '038 patent or the '653 patent or the '905 patent." |
| Ninth Affirmative Defense | *Withdrawn* |
| Tenth Affirmative Defense | "Intervening rights." |
| First Counterclaim | "Escort has not infringed, either directly, indirectly, contributorily, or by inducement, or in any other way, the '038 patent or the '653 patent or the '905 patent, either literally or under the doctrine of equivalents, willfully or otherwise." |
| Second Counterclaim | "The '038 patent and the '653 patent and the '905 patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to Sections 102-103, 112, and/or 251." |
| Third Counterclaim | "The '038 patent, the '653 patent, and the '905 patent are unenforceable, including for the reasons stated in Escort's Affirmative Defenses to Fleming's Complaint." |

**Memorandum Decision & Order - 4**

**First, Second & Third Counterclaims**

To survive a motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. E.g., *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009).  A claim has facial plausibility when the counter-claimant pleads factual content that allows the court to draw the reasonable inference that the counter-defendant is liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556.

Escort's First Counterclaim fails to plead any factual content.  Hence it is insufficient under the *Iqbal/Twombly* standard.  The Court will give Escort one opportunity to amend the First Counterclaim to provide more detail.  Accordingly, the Court will conditionally grant Fleming's motion to dismiss, giving Escort 21 days to amend its pleadings to provide the requisite detail, and if no amendment is made, the Court will dismiss the First Counterclaim.

The Second Counterclaim –  alleging that Fleming's patents are invalid – is likewise deficient but the Court will treat it differently.  Escort will soon be compelled to provide a much more detailed explanation of that claim.  To comply with Local Patent Rule 3.3, Escort must provide a detailed statement – known as Invalidity Contentions – to support these allegations by the deadline to be set in the Case Management Order.  By that date, any insufficiency will either be corrected or the allegations will, at that time, be subject to dismissal.

**Memorandum Decision & Order - 5**

Consequently, the Court will not order that the Second Counterclaim be redrafted. Instead, the Court will await the filing of the invalidity contentions required by Local Patent Rule 3.3 to provide the necessary detail for the Second Counterclaim. If that detail is not forthcoming, Fleming retains the right to seek dismissal at that time.

The Third Counterclaim alleges that Fleming committed inequitable conduct in obtaining his patents, and incorporates the allegations contained in the Seventh Affirmative Defense. Escort devotes about 18 pages to describing the alleged inequitable conduct. This detail is required by the Federal Circuit for inequitable conduct claims. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed.Cir. 2009). The Court finds that Escort's pleading satisfies the *Exergen* standard, and hence the Court will deny Fleming's motion to the extent it seek to dismiss the Third Counterclaim.

**Affirmative Defenses**

Fleming seeks to dismiss all of Escort's affirmative defenses on the ground that they fail to contain the required specificity. There is some question whether *Iqbal* and *Twombly* apply to affirmative defenses, and the parties were unable to find any Ninth Circuit authority on point. There is, however, "widespread agreement" among the judges in the Northern District of California – the District from which this Court obtained its Local Patent Rules – that the *Iqbal/Twombly* standard does apply to affirmative defenses. *PageMelding, Inc. v. ESPN, INC.*, 2012 WL 3877686 (N.D.Cal. Sept. 6, 2012).

Nevertheless, the Court need not decide here whether *Iqbal* and *Twombly* apply to Escort's affirmative defenses because they clearly fail to satisfy even the lesser standard

Memorandum Decision & Order - 6

set prior to those two cases.  Under that standard, an affirmative defense is insufficiently pled where it fails to provide the plaintiff with "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Id*.  The "fair notice" pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Smith v. North Star Charter School, Inc*., 2011 WL 3205280 (D.Id.2011).

The full text of Escort's allegations is set forward in the table above for the First, Third, Fourth, Fifth, Eighth, and Tenth Affirmative Defenses.  It is immediately apparent that those allegations contain no detail, leaving Fleming to guess about the basis for the defenses.  This insufficiency exposes Fleming to unfair surprise later in this case.  Fleming is entitled to an explanation of these defenses that includes specific allegations.  The Court will give Escort the same opportunity to redraft these affirmative defenses that it gave with respect to the counterclaims.

The Second Affirmative Defense – seeking a ruling that Escort did not infringe the '038, '653, and '905 patents – shares these inadequacies, but because it alleges that Fleming's patents are invalid, it is subject to more detailed treatment in the forthcoming Invalidity Contentions, discussed above.  Hence, the Court will not include the Second Affirmative Defense in its order requiring a redrafting, and will await the filing of the Invalidity Contentions.

The Seventh Affirmative Defense is different.  Its allegations that Fleming

**Memorandum Decision & Order - 7**

committed inequitable conduct in obtaining his patents span 18 pages and contain sufficient detail to avoid dismissal.  Accordingly, the Court will deny Fleming's motion as to Escort's Seventh Affirmative Defense.

Fleming asserts that certain of the Affirmative Defenses were resolved in the first-filed action.  The briefing, however, only took into account summary judgment decisions by this Court and not the jury verdict.  The Court will allow Fleming to file a comprehensive motion to dismiss pointing out all of Escort's allegations that have been resolved and that should be dismissed.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Escort's motion to stay (docket no. 10) is DENIED.

IT IS FURTHER ORDERED, that Fleming's motion to dismiss and strike (docket no. 18) is GRANTED IN PART, GRANTED CONDITIONALLY IN PART, AND DENIED IN PART.  It is granted to the extent it seeks to dismiss (1) that portion of Escort's First Affirmative Defense alleging that Fleming failed to state a claim; (2) Escort's Sixth Affirmative Defense; and (3) Escort's Ninth Affirmative Defense.  It is granted conditionally as to (1) the First Counterclaim and (2) the First, Third, Fourth, Fifth, Eighth, and Tenth Affirmative Defenses.  More detailed allegations concerning this Counterclaim, and these Affirmative Defenses, must be filed within 21 days from the date of this decision or these allegations will be dismissed.  The motion is denied in all other

respects.

IT IS FURTHER ORDERED, that the Clerk shall send out a Notice of a Case Management Conference to all counsel.



DATED:  **March 6, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 9**