IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>             Plaintiff,<br><br>      v.<br><br>ESCORT, INC., et al.,<br><br>             Defendants. | Case No.  1:12-CV-066-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION**

Plaintiff Fleming has filed a motion for default against defendant Beach Camera. Fleming mailed the summons and complaint to Beach Camera by registered mail, and the record shows that the mailing was signed for on February 14, 2012. *See Fed-Ex Receipt (Dkt. No. 13-1)* at pg. 95. Since that date, Beach Camera has not filed an answer or other pleading, prompting Fleming to file this motion for default.

Service on a corporation is governed by Rule 4(h) and may be accomplished either by personal service on certain corporate officers or by service in compliance with State rules. *See Rules 4(h)(1)(A) & (e)(1).* Idaho permits service by mail when a corporation does not have a registered agent in Idaho for service. *See Id.R.Civ.P. 4(d)(4)(B).* The mailing must be directed to the President or Secretary of the corporation, and the serving party must file a receipt showing the mailing. The service is complete upon mailing to the President or Secretary of the corporation, according to the Idaho Rule, and so the corporate capacity of the person who actually signs for the delivery is not relevant. Finally, Fleming must "make a return certificate

**Memorandum Decision & Order - 1**

indicating compliance with the provisions of this rule . . . ."

The Court has two concerns with Fleming's service.  First, Fleming has not provided any return showing compliance with Idaho Rule 4(d)(4)(B).  To show compliance, Fleming must explain how he satisfied each requirement of the Rule.  The Court is left to guess that Fleming proceeded under this Idaho Rule because he has not expressed that in his moving papers.

The Court is also concerned with the address of Beach Camera.  Fleming has not explained where he obtained the address.  When service is made by mailing, the accuracy of the address is critical.  Fleming needs to explain how he obtained the address.

Thus, the Court is reserving ruling on Fleming's motion.  Fleming shall file, within ten days, an affidavit in support of his motion explaining (1) whether he was proceeding under Idaho Rule 4(d)(4)(B); and, if so, (2) how he complied with each requirement of that Rule, and how he obtained the address of Beach Camera.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Court will reserve ruling on the motion for default (docket no. 43).

IT IS FURTHER ORDERED, that Fleming shall file, within ten days, an affidavit in support of his motion explaining (1) whether he was proceeding under Idaho Rule 4(d)(4)(B); and, if so, (2) how he complied with each requirement of that Rule, and how he obtained the address of Beach Camera.

**Memorandum Decision & Order - 2**



DATED:  **April 30, 2013**

_____
B. LYNN WINMILL
Chief Judge
United States District Court