IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>            Plaintiff,<br><br>    v.<br><br>ESCORT, INC., et al.,<br><br>            Defendants. | Case No.   1:12-CV-066-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss Counts One and Two filed by defendant Escort, and a motion to dismiss the same two Counts and stay the rest of the case filed by twenty other defendants, known as the "Customer Defendants."   The motions are fully briefed and at issue.   For the reasons explained below, the Court will grant the motions to dismiss in part, and stay the remaining claims against the Customer Defendants until the remaining claims against Escort are resolved.

## LITIGATION BACKGROUND

In an earlier-filed action, plaintiff Fleming claimed that defendant Escort manufactured and sold radar detectors that infringed Fleming's '038 and '653 patents.   A jury found that Escort had infringed a number of claims of both patents, and awarded Fleming $750,000.   *See Special Verdict Form (Dkt. No. 304) in Fleming v. Escort*

*CV-09-105-BLW.*   Specifically the jury found that the following Escort products were infringing: GX65, Passport 9500, Passport 9500i, and Passport IQ.   The Court directed Escort to place the $750,000 sum in escrow, and Escort has now complied with that direction.

Fleming filed this action against Escort and twenty of its distributors – referred to as the Customer Defendants – claiming that the radar detectors they sold infringed Fleming's '038 and '653 patents, along with a third patent that was not litigated in the earlier case, the '905 patent.   This suit is referred to as a "customer suit" because it is an action against the manufacturer's customers (as well as the manufacturer) who are distributing the allegedly infringing devices.   The Customer Defendants include companies such as Amazon, Best Buy, and Sears.   The earlier-filed action is known as a manufacturer's suit – that is, it is an action solely against the manufacturer (Escort) of the infringing devices.

Fleming filed another action – a second manufacturer suit – against Cobra Electronics Corp. and The Whistler Group, two manufacturers of competing radar detectors.   *See Fleming v. Cobra, 1:12-CV-392-BLW.*   In that action, Fleming accused Cobra and Whistler of infringing the '038, '695, and '905 patents.   That case has since settled and been dismissed.

Returning to the present case, the Court earlier denied Escort's motion to stay this action, granted in part Fleming's motion to dismiss some of Escort's affirmative

defenses, and required that Escort plead other defenses – and a part of its counterclaim – with more specificity.   Escort filed a more specific pleading, and Fleming has not challenged its sufficiency.

Escort has now filed a motion to dismiss those portions of Counts One and Two of Fleming's complaint that Escort argues were resolved in the earlier trial.   Count One alleges that Escort sells radar detectors that infringe Fleming's '038 patent, and Count Two alleges that Escort sells radar detectors that infringe Fleming's '653 patent.   Escort alleges that the jury award was intended to cover past and future use of the patented technology, and that Fleming is essentially seeking a double recovery in this case by asking for those same damages.   Fleming counters that the earlier case did not consider the future use of the patented technology.

Escort's motion to dismiss does not challenge Count Three that alleges that Escort sells radar detectors that infringe Fleming's '905 patent.   That patent was not litigated in the earlier trial.

The Customer Defendants have filed their own motion to dismiss Counts One and Two, based on the same grounds raised by Escort.   If that motion is granted, the remaining claims against the Customer Defendants would be that they distributed (1) Escort radar detectors that infringed Fleming's '905 patent, and (2) Cobra radar detectors that violated Fleming's '038, '653, and '905 patents.   Whether Escort infringed the '905 patent will be resolved in this case; whether Cobra infringed the 3 patents would have

**Memorandum Decision & Order - 3**

been resolved in the case discussed above, *Fleming v. Cobra, 1:12-CV-392-BLW,* but that case recently settled and has been dismissed.

The Customer Defendants argue that these remaining claims should be stayed as to them because their liability defends on a threshold finding that Escort is an infringer.   If the Customer Defendants are forced to incur litigation expenses now, and Escort is later cleared of the infringement charges, those expenses would be wasted – hence, the Customer Defendants seek a stay of the remaining claims against them until the underlying infringement charges are resolved.

The Court will turn first to Escort's motion to dismiss Counts One and Two and then turn to the Customer Defendants' motion.

## ANALYSIS

## Escort's Motion to Dismiss Counts One and Two

Escort argues that the earlier jury verdict bars Fleming from suing it in this case for damages from selling radar detectors that infringe the '038 patent (Count One) and the '653 patent (Count Two).   Escort argues that the jury's verdict included a lump sum that represented a paid-up license covering both past and future use of the patented technology.   This argument requires an examination of the jury's verdict.

The verdict form asked the following question on damages:   "What royalty do you find that Mr. Fleming has proven is more likely than not to fairly and reasonably compensate him for Escort's infringement of the '038 patent and the '653 patent?"   *See*

**Memorandum Decision & Order - 4**

*Special Verdict Form (Dkt. No. 304)* at p. 11.   That question was followed by a blank for the jury to fill their answer and was labeled as follows:   "A royalty payment of $_____."   *Id*.   On that line, the jury wrote "750,000.00," and then next to it wrote "lump sum."

This award does not expressly state whether it compensates Fleming for Escort's past and future use of the patented technology or only compensates him for the past use of that technology.   In other words, it is ambiguous on this point.   In interpreting an ambiguous verdict form, this Court has "broad discretion" to determine if "the verdict figure represented past infringement as well as ongoing infringement."   *Telecordia Technologies Inc. v. Cisco Systems Inc*., 612 F.3d 1365, 1377 (Fed. Cir. 2010).   The Federal Circuit has directed district courts to review the jury instructions to determine whether a jury's verdict was meant to include future use.   *Whitserve, LLC v. Computer Packages, Inc.,* 694 F.3d 10, 34 (Fed.Cir. 2012).

In this case, the jury instructions provide an answer that is not apparent from the Special Verdict Form.   *See Jury Instructions (Dkt. No. 305).*   Jury Instruction 23 gives various options to the jury to calculate a reasonable royalty.   *Id.* at p. 34-35.   One option described a method of calculating an "ongoing royalty" for each infringing item sold. Another option described a

> one-time lump sum payment that the infringer would have paid, and the patentee would have accepted, at the time of the hypothetical negotiation for a license *covering all sales of the licensed product both past and future*. This differs from payment of an ongoing royalty because, with an ongoing

> royalty, the licensee pays based on the revenue of actual licensed products
> it sells. When a one-time lump sum is paid, the infringer pays a single price
> for a license *covering both past and future infringing sales*.

*Id*. at p. 35 (emphasis added).   The Court took this wording from the Model Patent

Jury Instructions (§ 5.7) for the Northern District of California.   This instruction shows

that the jury award of – in their own words – a "lump sum" meant that they were

awarding "a single price for a license covering both past and future infringing sales."

This is almost the same wording used in the verdict form in *Personal Audio LLC v.*

*Apple, Inc.,* 2011 WL 3269330 (E.D.Tex. July 29, 2011).   There, the jury awarded $8

million in answer to a verdict form question asking: "What sum of money, in the form of

a reasonable lump sum royalty covering all past and future sales of Apple products, do

you find is adequate to compensate Personal Audio for the conduct you found to

infringe?"  *See Exhibit 6 (Dkt. No. 34-6)* at p. 11.   In reviewing that award, the court

held that it "represents a lump sum award giving Apple a fully paid up license to the

patents-in-suit, covering all past and future use of the patented technology in Apple

products."   *Id*. at *13.   In that case, there was evidence during the trial that a lump sum

for a paid-up license covering all past and future use would be $5 million.   *Id.* at *12.

Likewise, in the present case, the lump sum awarded by the jury – $750,000 – had a basis

in Fleming's testimony that he originally sought $1 million for a paid-up license that

would cover all past and future use of his patented technology.   *See Exhibit F (Dkt. No.*

*41-6)* at pp. 37-38.

Fleming cites a number of cases to counter this conclusion, but none of them involved jury instructions similar to the present case.   In *Paice LLC v. Toyota Motor Corp.,* 609 F.Supp. 2d 620 (E.D.Tex. 2009), the court reviewed the jury instructions and found that "the jury did not consider the issue of prospective relief."   *Id*. at 625.   In *Whitserve*, the jury instructions only covered past harm.   *Whitserve,* 694 F.3d at 35.   In *Fractus, S.A. v. Samsung Electronics Co. , LTD*., 2013 WL 1136964 (E.D.Tex. March 15, 2013), the jury instructions – provided to the Court by Escort – contain none of the wording existing here about calculating a lump sum that applies to past and future sales. *See Exhibit A (Dkt. No. 41-1).*

In conclusion, the jury's verdict, when read together with the jury instructions, demonstrates that the jury's verdict was intended to require Escort to pay $750,000 for a paid-up license covering all past and future use of the technology set forth in '038 and '653 patents.   Escort has paid that sum into an escrow account as requested by Fleming until all appeals are completed.   In essence, Escort has a paid-up license.   Fleming's attempt to receive further damages in this lawsuit for selling devices infringing the '038 and '653 patents is barred by the prohibition against a double recovery.   *See Ortho-McNeil Pharmaceutical, Inc. v. Mylan Laboratories, Inc.,* 569 F.3d 1353 (Fed.Cir. 2009)* (holding that in a patent infringement action the "prevailing party may receive only one satisfaction of costs").

The Court must be careful, however, to dismiss only those portions of Counts One

and Two that were actually litigated in the prior trial.   While both Counts refer to Escort

devices that were litigated in the earlier trial, they also include Escort devices that have

not been litigated.   Consequently, the Court will limit the dismissal to apply only to

those infringing devices that have been litigated, specifically the GX65, Passport 9500,

Passport 9500i, and Passport iQ devices.

**Customer Defendants' Motion to Dismiss and Stay**

The Customer Defendants seek to dismiss (1) those portions of Counts One and

Two that the Court has dismissed against Escort, and (2) the claims that they sold

infringing Cobra products.   As discussed, the separate lawsuit in which Fleming alleged

that Cobra infringed his patents has been settled and dismissed.   Consequently, the

claims in this case that the Customer Defendants infringed by selling Cobra devices must

be dismissed.[1]

With regard to the claim that the Customer Defendants sold infringing Escort

devices, the jury in the earlier case awarded Fleming $750,000, finding that the four

Escort devices were infringing.   To the degree that Counts One and Two seek recovery

from the Customer Defendants for reselling the same four Escort devices, the claims seek

a double recovery that cannot be allowed.   S*ee Shifferaw v. Emson USA*, 2010 WL

1064380 (E.D.Tex 2010); *LG Electronics, Inc. v. Asustek Computers*, 126 F.Supp.2d

414, 422 (E.D.Va. 2000).

---

[1] The Court's understanding is that the settlement of the Cobra litigation will end the claims against the Customer Defendants in this lawsuit for selling allegedly infringing Cobra devices.   If the Court's understanding is incorrect,

This analysis does not apply, however, to Fleming's claim in Counts One and Two that the Customer Defendants committed willful infringement.   While the earlier jury found that Escort's infringement was not willful, that finding does not apply to the Customer Defendants because willful infringement depends on the conduct and knowledge of the party against whom the claim is made – it is not a derivative liability. *In re Seagate Technology, LLC,* 497 F.3d 1360 (Fed.Cir. 2007).   Because the claim for willful infringement against the Customer Defendants has never been litigated, there is no danger of Fleming receiving a double recovery.   Moreover, an award for willful infringement is an "enhanced" damage award that does not duplicate, or overlap with, the award for basic infringement.   *Id.* at 1368.   Thus, an award for willful infringement against the Customer Defendants in this case for their own conduct does not give Fleming a double recovery when added to the damages awarded in the earlier trial against Escort for its own conduct.   *See Shifferaw, supra* at *3 (stating that although bar on double recovery precluded patent holder from obtaining damages for infringement against both manufacturer and retailers for same products, patent holder could still maintain willful infringement action against retailers).

To recognize the continuing validity of the willful infringement claims, the Court will not dismiss Counts One and Two as to the Customer Defendants.   At the same time, the Court will ensure that Fleming does not receive a double recovery.   He has already been compensated for the infringement of the '038 and '653 patents as to the four Escort

---

the parties may request reconsideration.

**Memorandum Decision & Order - 9**

devices listed above and he cannot receive from the Customer Defendants a second recovery for those sums.   The Court's jury instructions and other measures can ensure that Fleming does not receive a double recovery against the Customer Defendants.   But Fleming is entitled to proceed with his willful infringement claim against the Customer Defendants and seek damages above and beyond those already awarded by the earlier jury.

In summary, the Court will order, as to the Customer Defendants, the dismissal of those portions of Counts One and Two alleging that the Customer Defendants are liable for selling infringing Cobra products.   The Court will deny the remainder of the motion to dismiss but will protect the Customer Defendants from any double recovery as set forth above.

The remaining claims against the Customer Defendants are as follows: (1) Count One – that the Customer Defendants sold Escort products that infringed the '038 patent and committed willful infringement; (2) Count Two – that the Customer Defendants sold Escort products that infringed the '653 patent and committed willful infringement; and (3) Count Three – that the Customer Defendants sold Escort products that infringed the '905 patent, and committed willful infringement.   The Customer Defendants ask the Court to stay these claims as to them until the real dispute between Fleming and Escort is resolved.

As this Court discussed in an earlier decision, the Federal Circuit has recognized a

**Memorandum Decision & Order - 10**

customer-suit exception whereby "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). The customer suit exception is based on the recognition that a manufacturer is presumed to have a "greater interest in defending its actions against charges of patent infringement [than a customer may]; and to guard against the possibility of abuse." *Kahn v. Gen. Motors Corp.*, 899 F.2d 1078, 1081 (Fed. Cir. 1989). "The guiding principles in the customer suit exception cases are efficiency and judicial economy." *See Memorandum Decision (Dkt. No. 31)* at p. 2.

With regard to Count Three – alleging infringement of the '905 patent – that claim has never been litigated and the liability of the Customer Defendants depends on a threshold finding of infringement against their supplier, Escort. *See Katz v. Lear Siegler Inc.,* 909 F.2d 1459, 1464 (Fed.Cir. 1990) (holding that "[a]lthough there may be additional issues involving the defendants in [the customer suit], their prosecution will be advanced if [the plaintiff] is successful on the major premises being litigated in [the manufacturer suit], and may well be mooted if he is unsuccessful"). If the action against the Customer Defendants as to the '905 patent is not stayed, and Escort is exonerated of that infringement charge, the Customer Defendants will have wasted substantial costs in proceeding with discovery. On the other hand, if this action is stayed against the Customer Defendants, and Escort is found to have infringed the '905 patent a year or two

Memorandum Decision & Order - 11

hence, all of that time – when the Customer Defendants could have been engaging in discovery – has been wasted as the Customer Defendants sat on the sidelines.

In balancing these factors, the Court finds that the potential cost savings resulting from a stay of the allegations in Count Three regarding the '905 patent outweigh the potential costs of a delay.   The cost savings could be substantial and must be given special weight because the Customer Defendants are, according to Fleming's allegations, mere resellers who had no role in the manufacturing.   *See Kahn v. General Motors Corp.,* 889 F.2d 1078, 1082 (Fed.Cir. 1989)(collecting cases granting stays in favor of a "mere customer who had no part in the manufacture of the accused infringing equipment").   While the potential for delay must be considered, it should not be extensive, given that a major issue – the infringement of the manufacturer – will have been resolved and the remaining issues should not be complex.

The analysis is somewhat different, however, for Counts One and Two.   As discussed above, while the Court will prevent a double recovery for the infringement claims against the Customer Defendants in these two Counts, the Court will allow the willful infringement claims to proceed.   For a portion of the willful infringement claims against the Customer Defendants, Fleming is not awaiting a threshold finding of infringement against Escort, but has already received that finding.   The earlier jury found that Escort infringed the '038 and '653 patents with regard to the four Escort devices listed above.   As to those four devices and two patents, the willful infringement

**Memorandum Decision & Order - 12**

claim against the Customer Defendants is not awaiting any further findings of infringement against Escort.

This creates a dilemma.   While that particular portion of the willful infringement claim is ready to proceed, another portion still awaits infringement findings.   More specifically, a portion of Fleming's willful infringement claim against the Customer Defendants still awaits the following findings:   (1) the infringement of the '905 patent, and (2) the infringement of the '038 and '653 patents by Escort devices other than the four already resolved.

Thus, while a portion of the willful infringement claim could proceed, a substantial portion is still awaiting findings and could not proceed.   That compels the Court to place the entire willful infringement claim against the Customer Defendants within the stay, so that the claim will not proceed in a piecemeal fashion.

For all of these reasons, the Court finds that a stay is warranted.   Consequently, the Court will grant the motion for stay filed by the Customer Defendants.

## Claim Construction Hearing

Finally, the Court will set a claim construction hearing between Fleming and Escort for November 8, 2013, at 9:00 a.m. in the Federal Courthouse in Boise Idaho.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Escort's motion to dismiss

**Memorandum Decision & Order - 13**

(docket no. 33) is GRANTED IN PART AND DENIED IN PART.   It is granted to the extent it seeks to dismiss those portions of Counts One and Two alleging that Escort is liable for infringing the '038 and '653 patents by selling or distributing four Escort products: The GX65, Passport 9500, Passport 9500i, and Passport iQ.   It is denied in all other respects.

IT IS FURTHER ORDERED, that the motion to dismiss filed by the Customer Defendants (docket no. 42) is GRANTED IN PART AND DENIED IN PART.   It is granted to the extent it seeks to dismiss those portions of Counts One and Two alleging that the Customer Defendants are liable for selling or distributing infringing Cobra products.   It is denied in all other respects.   As stated above, the Court will ensure that Fleming does not receive a double recovery with regard to his claims against the Customer Defendants in Counts One and Two.

IT IS FURTHER ORDERED, that the motion to stay (docket no. 42) is GRANTED, and that this action is stayed against all defendants except Escort until further order of this Court.   The action against Escort shall proceed and is not subject to this stay.

IT IS FURTHER ORDERED, that the claim construction hearing between Fleming and Escort is set for November 8, 2013, at 9:00 a.m. in the Federal Courthouse in Boise Idaho.

**Memorandum Decision & Order - 14**



DATED: August 5, 2013

B. Lynn Winmill
Chief Judge
United States District Court