Michael S. Dowler
Park, Vaughan, Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
(713) 821-1540
(713) 821-1401 (facsimile)
mike@parklegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING, | Case No. 1:12-cv-0066-BLW |
| Plaintiff, | |
| v. | PLAINTIFF'S MOTION TO UN-SEAL DKT. NO. 94 |
| ESCORT, INC., ET AL. | |
| Defendants. | |

Mr. Fleming respectfully requests that the Court un-seal a recently filed motion bearing Dkt. No. 94 in this case. Mr. Fleming filed that motion under seal in an abundance of caution because it contains information that defendant Escort, Inc. ("Escort") produced during discovery with the designation "ATTORNEYS' EYES ONLY". Because that information is not confidential, the motion should be un-sealed so it is not shielded from public access.

**FACTUAL BACKGROUND**

The information Escort designated as "ATTORNEYS' EYES ONLY" before producing it to Mr. Fleming bears bates numbers ESC 18683-18684. These documents consist of the main processor source code and the GPS processor source code for the accused Pro 500 radar detector. As explained below, Escort has admitted that source code is not confidential and should not have been designated "ATTORNEYS' EYES ONLY".

Specifically, the following four Escort radar detectors were accused of infringement in an earlier patent infringement case between the parties: the Passport 9500i; the Passport 9500ix; the Passport iQ; and the GX65.  (Case No. 1:09-cv-105 (BLW).)  During discovery in that case, Escort produced the source code for each of those products as bates numbers ESC 10689, 13454, 13455, 13456, 13457, and 14914, and further marked those documents "ATTORNEYS' EYES ONLY".  Nevertheless, during trial, those documents were marked as Exhibits 1155, 1161, 1162, 1095, 1089, 1099, and Escort conceded they were not confidential by publicly admitting all of them.  (Exh. 1, Joint Exhibit List in Case No. 1:09-cv-105 (BLW).)  Thus, all of the source code that Escort produced for all four accused products is and remains in the public domain, as is extensive trial testimony about the products and their source code.  In other words, Escort made sure that anyone who wants a copy of its source code need only access it from the Court's files for the first *Fleming v. Escort* case or request it from Escort or Mr. Fleming.

Escort's Pro 500 radar detector is an accused infringing product in the present case.  During discovery in this case, Escort produced the source code for the Pro 500, labeled it with bates numbers ESC 18683-18684, and designated those documents "ATTORNEYS' EYES ONLY".  Thus, Escort is playing the same "confidentiality game" with the source code for the Pro 500 as it did with the Passport 9500i, Passport 9500ix, Passport iQ, and GX65 in the parties' first case.  Here, however, there is additional indicia on non-confidentiality of the Pro 500 source code.  Specifically, Escort has argued and submitted sworn declarations that the Pro 500 source code is the same as the publicly available GX65 source code.  (Dkt. No. 84.)

Nevertheless, as indicated above, Escort has designated the Pro 500 source code "ATTORNEYS' EYES ONLY", thereby necessitating that Mr. Fleming file Dkt. No. 94 under

2

seal (since it includes disclosure of the Pro 500 source code), and further necessitating that Mr. Fleming file the present motion to un-seal in order to correct Escort's erroneous designation. Granting the present motion will make Dkt. No. 94 available to the public, as it should be in a public judicial system.

### NINTH CIRCUIT PRECEDENT SUPPORTS GRANTING THIS MOTION

In *Kamakana v. City of Honolulu*, the Ninth Circuit reiterated the "strong presumption" in favor of public access to court records and proceedings, holding that:

> A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. That is, the party must 'articulate[] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process'. In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture'.

447 F.3d 1172, 1178-1179 (9th Cir. 2006) (internal citations omitted). The Ninth Circuit went on to hold that the "compelling reasons" standard presents a higher threshold than a "good cause" showing under Rule 26(c) as applied to confidentiality issues arising during discovery or with respect to protective order issues. *Id*. at 1180. This Court applied the precedent from *Kamakana* when previously rejecting Escort's efforts to seal its business information:

> In determining whether to seal part of the judicial record, the Court "must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Foltz v. State Farm,* 331 F.3d 1122, 1135 (9th Cir. 2003). Escort has the burden of providing "compelling reasons" for sealing, and there is a "strong presumption in favor of access. *Id*. at 1135. This presumption applies even to documents that have been sealed pursuant to a protective order. *Id*. "Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana v. City of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006).

(*Fleming v. Escort et al.,* Case No. 1:09-cv-105 (BLW) at Dkt. No. 336, Order, p. 7.)

3

As described above, Escort effectively has admitted that the Pro 500 source code (and anything else in Dkt. No. 94) is not confidential. Thus, Escort can present no facts identifying any interest that favors keeping Dkt. No. 94 secret from the public, nor can Escort do anything to show that those interests outweigh the strong presumption of open access to the Court's records. *Kamakana,* 447 F.3d at 1181 ("Under our precedent, the City was required to present 'articulable facts' identifying the interests favoring continued secrecy, and to show that these specific interests overcame the presumption of access by outweighing the 'public interest in understanding the judicial process.'")

## **CONCLUSION**

For the foregoing reasons, Mr. Fleming respectfully requests that the Court issue and order un-sealing Dkt. No. 94.

October 17, 2013                             Respectfully Submitted

                                                            /s/
                                             Michael S. Dowler
                                             Park, Vaughan, Fleming & Dowler, LLP
                                             5847 San Felipe, Suite 1700
                                             Houston, TX 77057
                                             (713) 821-1540
                                             (713) 821-1401 (facsimile)
                                             Attorneys for Plaintiff Hoyt A. Fleming

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of October 2013, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent a Notice of Electronic Filing to all counsel who have appeared in the case.

/s/
Michael S. Dowler