IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>    Plaintiff,<br><br>    v.<br><br>ESCORT, INC., et al.,<br><br>    Defendants. | Case No. 1:12-CV-066-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it (1) a motion to dismiss filed by defendant Escort; (2) a motion to supplement infringement contentions filed by Fleming; (3) a motion to set aside default filed by defendant Beach Camera; and (4) a motion to supplement the motion to set aside default, also filed by Beach Camera. The motions are fully briefed and at issue. For reasons set forth below, the Court will deny Escort's motion to dismiss, grant Fleming's motion to supplement infringement contentions, and grant both of Beach Camera's motions.

## ANALYSIS

### Motion to Dismiss

In an earlier-filed action, plaintiff Fleming claimed that defendant Escort manufactured and sold radar detectors that infringed Fleming's '038 and '653 patents. A jury found that Escort had infringed a number of claims of both patents, and awarded Fleming $750,000. *See Special Verdict Form (Dkt. No. 304) in Fleming v. Escort*

**Memorandum Decision & Order – page 1**

*CV-09-105-BLW*. Specifically the jury found that the following Escort products were infringing: GX65, Passport 9500, Passport 9500i, and Passport IQ. The Court directed Escort to place the $750,000 sum in escrow, and Escort has now complied with that direction.

Fleming filed this action against Escort and twenty of its distributors – referred to as the Customer Defendants – claiming that the radar detectors they sold infringed Fleming's '038 and '653 patents, along with a third patent that was not litigated in the earlier case, the '905 patent. This suit is referred to as a "customer suit" because it is an action against the manufacturer's customers (as well as the manufacturer) who are distributing the allegedly infringing devices. The Customer Defendants include companies such as Amazon, Best Buy, and Sears. The earlier-filed action is known as a manufacturer's suit – that is, it is an action solely against the manufacturer (Escort) of the infringing devices.

Earlier in this lawsuit, Escort moved to dismiss Counts One and Two (the Counts alleging infringement of the '038 and '653 patents) on the ground that the earlier jury verdict had essentially given Escort a paid-up license covering both past and future use of the patented technology. In a detailed decision – examining the testimony, jury instructions, and verdict – the Court agreed with Escort as to the four devices actually litigated in that case. But the Court expressly limited its holding to those four products because those were the only products considered by the jury in its verdict: "[T]he Court will limit the dismissal to apply only to those infringing devices that have been litigated,

specifically the GX65, Passport 9500, Passport 9500i, and Passport iQ devices." *Id.* at p. 8.

Escort now alleges that its new device, the Pro 500 – named as an infringing device in both Count One and Count Two -- is identical to the GX 65 and is entitled to be dismissed from these two Counts just as the GX 65 was dismissed. In response, Fleming has filed material that he alleges shows significant differences in the circuitry and source code of the two devices. *See Fleming Declaration (Dkt. No. 70-1).* In addition, Fleming alleges that a test of the operation of the two devices demonstrates that the Pro 500 is more sensitive than the GX 65. *Id.*

The Court expresses no opinion on whether the devices are similar; it is enough that the record contains a factual dispute that precludes resolution of this issue on a motion to dismiss. Escort responds that even if the Pro 500 is different from the GX 65, Escort is still entitled to a dismissal because it has a paid-up license to use the technology in the '038 and '653 patents. The principal case cited by Escort in support of its argument is *Personal Audio LLC v. Apple, Inc.*, 2011 WL 3269330 (E.D.Tex. July 29, 2011). The parties were not able to find cases from the Federal Circuit resolving this issue.

In *Personal Audio,* the jury awarded a lump sum. In post-trial briefing, the patent holder argued that the verdict was limited to the specific products at issue in the trial. The District Judge disagreed. Observing that he had presided at the trial, the District Judge concluded that he "had no doubt . . . that the jury intended to award when it selected a lump sum . . . a fully paid-up license that covers all past and future use of the

**Memorandum Decision & Order – page 3**

patented technology . . . ." *Id.* at * 8.  And the jury intended that license to cover the use of the patented technology "even in products that were not before the jury." *Id.* at *5.  The District Judge reached that conclusion after reviewing testimony and argument, heard by the jury, making it clear that a lump sum award would constitute a license to use the technology in products to be developed in the future and not even before the court at that time.  *Id.* at *7-8 (review of testimony), *8 (review of argument).

That is not the case here.  The parties cite to no testimony or argument – and the Court recalls none – advising the jury that a lump sum award would be a license extending to products not even before the Court.  Indeed, the whole focus of the trial was on the four products listed above.  The Court has no quarrel with the analysis in *Personal Audio,* but the court there was faced with a trial record that was materially different from the record in this case.  The Federal Circuit grants "broad discretion" to the trial judge in interpreting a jury verdict.  *Telcordia Technologies, Inc. v. Cisco Systems, Inc.,* 612 F.3d 1365, 1377 (Fed.Cir. 2010).   In this case, the Court finds the lump sum was intended by the jury to apply only to the four products at issue.  Thus, Escort must show that the Pro 500 is the same product as the GX65 to be entitled to a dismissal based on the earlier jury verdict.  Because there are questions of fact over whether the Pro 500 is the same product as the GX65, the Court will deny the motion to dismiss.

**Fleming's Motion to Supplement Infringement Contentions**

Fleming seeks to supplement its infringement contentions by adding allegations that a new Escort product infringes Fleming's patents.  The new product is known as the Max radar detector.  Immediately after the Max detector became available to the public,

**Memorandum Decision & Order – page 4**

Fleming examined it and filed this motion. Escort does not argue that Fleming delayed filing this motion, or that it should have included the allegations in its original infringement contentions. Rather, Escort repeats the arguments resolved by the Court above with respect to the Pro 500 radar detector. The Court will similarly reject those arguments here. Because Fleming's motion to supplement is timely and proper, the Court will grant the motion.[1]

**Beach Camera's Motion to Set Aside Default and Motion to Supplement**

One of the Customer Defendants sued by Fleming in this case is Beach Camera. When Beach Camera failed to file an answer by the deadline, default was entered against them. Beach Camera promptly responded by filing this motion to set aside the default. Beach Camera alleges that it failed to file an answer because it mistakenly believed that Escort would provide their defense.

Rule 55(c) states that a trial court "may set aside an entry of default for good cause." To determine if good cause exists, the Court must examine three factors: (1) whether Fleming will be prejudiced if the default is set aside; (2) whether Beach Camera has a meritorious defense; and (3) whether culpable conduct of Beach Camera led to the default. *Brandt v. American Bankers Ins. Co. of Florida,* 653 F.3d 1108, 1111 (9th Cir. 2011).

---

[1] The Court expresses no opinion on whether Escort may amend its invalidity contentions. That issue is raised in a separate motion that the Court will resolve in due course.

The Court can find no prejudice here. On August 5, 2013, the Court stayed the claims against the Customer Defendants until the claims between Fleming and Escort are resolved. That stay remains in effect and so Fleming would not suffer prejudice if the default was set aside.

The second factor examines whether Beach Camera's failure to timely file an answer was due to its culpable conduct. To constitute culpable conduct, there must be a showing that Beach Camera's failure was "willful, deliberate, or [done in] bad faith." *TCI Group Life Ins. v. Knoebber,* 244 F.3d 691, 697 (9th Cir. 2001). Beach Camera explains its failure in two Declarations of company employees: (1) Isaac Bahary, a buyer for Beach Camera who was the point man for communications regarding the lawsuit; and (2) Charlie Jearolmen, Beach Camera's Vice President. Fleming objects to these Declarations but Beach Camera is entitled to explain its actions. Fleming argues that the Declarations are filled with inadmissible evidence, but both Bahary and Jearolmen make admissible allegations that (1) Bahary told Jearolmen that Escort would "take care of the lawsuit for Beach," and (2) Jearolmen relied on that in not taking action to hire an attorney and file an answer. *See Jearolmen Declaration (Dkt. No. 58-1).* Fleming has other explanations for Beach Camera's conduct but they are speculation. The Court credits the explanation provided by Bahary and Jearolmen, and can find no culpable conduct here.

Finally, with regard to the third factor, the Court finds that Beach Camera has a meritorious defense. It "would not be a wholly empty exercise" for Beach Camera to pursue its defenses. *TCI Group,* 244 F.3d at 700.

**Memorandum Decision & Order – page 6**

For all these reasons, the Court will grant both the motion to set aside default and the motion to supplement the motion to set aside default.

Fleming seeks his attorney fees incurred in objecting to setting aside the default. The Court finds that this dispute does not justify an award of fees.

Finally, Beach Camera's motion regarding discovery is moot now that the motion to set aside default has been granted.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 63) is DENIED.

IT IS FURTHER ORDERED, that the motion to supplement (docket no. 66) is GRANTED.

IT IS FURTHER ORDERED, that the motion to supplement motion to set aside default (docket no. 58) and the motion to set aside default (docket no. 51) are GRANTED.

IT IS FURTHER ORDERED, that the default (docket no. 48) is SET ASIDE and Beach Camera/Buydig.com Inc. is reinstated as a party defendant.

IT IS FURTHER ORDERED, that Fleming's request for attorney fees (made in briefing and not by motion) is DENIED.

IT IS FURTHER ORDERED, that Beach Camera's motion for extension regarding discovery (docket no. 55) is DEEMED MOOT.



DATED: March 12, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court