Michael S. Dowler
Park, Vaughan, Fleming & Dowler LLP
5847 San Felipe, Suite 1700
Houston, TX  77057
Telephone:  713.821.1540
Facsimile:  713.821.1401
Email:  mike@parklegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>　　　　　Plaintiff,<br>v.<br><br>ESCORT INC., ET. AL,<br><br>　　　　　Defendants. | Case No. 1:12-cv-0066-BLW<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY (DKT. NO. 193) AND CROSS MOTION FOR SANCTIONS |

Plaintiff, Hoyt A. Fleming ("Mr. Fleming"), opposes defendants' motion to file a sur-reply.  Nothing in defendants' motion is consistent with the facts and the motion is, in fact, so disingenuous that Mr. Fleming hereby cross-moves for an order sanctioning defendants for their latest attempt to vexatiously impose unwarranted fees and costs on Mr. Fleming.

Defendants first argue Mr. Fleming's opening brief did not identify a fraud supporting his request to apply the crime-fraud exception.  (Sur-reply at pp. 4-5.)  Defendants had to ignore the express language of Mr. Fleming's opening brief to make that argument.  Here is what Mr. Fleming's opening brief says:

> The Court recently entered an order finding that defendants *fraudulently* disclosed, characterized, and relied on certain source code as the basis for certain of their defenses in this case. (Dkt. No. 178, Order at pp. 2-12.)  Specifically, the Court found as follows:
>
> > In this case, Escort's counsel represented that ESC17363 operated Escort's accused devices knowing that ESC17363 did not operate

> any accused device. This false representation was beyond reckless and was made in bad faith because Escort's counsel knew it was not true. The Court will therefore award attorney fees as sanctions under both § 1927 and the Court's inherent power.
>
> (*Id*. at p. 10.)
>
> As the Court found, defendants knowingly advanced false source code in an effort to mislead Mr. Fleming regarding the operation of their accused infringing products and to, thereby, procure a *fraudulently* induced verdict. (*Id*. at p. 9.) ***In light of this express finding of fraud, defendants' claims of privilege/immunity over information associated with that fraud are waived pursuant to the crime-fraud exception***. *In re Napster, Inc. Copyright Litigation,* 479 F.3d 1078, 1090-95 (9th Cir. 2007).

(Dkt. No. 183, Opening Br. at pp. 1-2 (emphasis added).) Thus, contrary to defendants' sur-reply, Mr. Fleming expressly identified a fraud, *i.e.,* that defendants lied about the code that was used in their accused products. Defendants' argument that Mr. Fleming must prove *another* fraud, *i.e.,* that the falsely advanced source code was created solely to commit litigation fraud, makes no sense. Applying the crime-fraud exception obviously does not require two frauds, nor does it bar the Court from relying on its earlier finding of fraud.

Defendants' next argument is pure semantics. Defendants first appear to draw some allegedly important distinction between whether their fraud constitutes a "waiver" of privilege/immunity and whether it creates "only an exception" to their privilege/immunity claim. (Sur-reply at p. 6.) While defendants criticize Mr. Fleming for using the "waiver" nomenclature, they never say why it matters. Indeed, defendants concede that no matter what it is called ("waiver" or "exception") the net result is that defendants must produce all evidence reasonably related to their fraud.

Defendants' next argument is equally meritless and again blatantly ignores the express language of Mr. Fleming's opening brief. Defendants argue Mr. Fleming's opening brief only sought a waiver of the attorney-client privilege, not the work product immunity. (Sur-reply at

pp. 6-7 ("Neither out-of-circuit case addresses the issue presently before this Court – whether a court should grant an exception to both the attorney-client privilege and the work product immunity *when the opening brief argues only the former*.") (emphasis added).) Yet, the very *first* sentence of Mr. Fleming's opening brief completely refutes defendants' argument:

> Mr. Fleming requests an order compelling defendants, defense counsel, and those associated with them to produce documents and other information (including ESI) withheld from production **on the basis of the attorney-client privilege, the work product immunity, or any other asserted privilege or immunity**.

(Dkt. No. 183, Opening Br. at p. 1; *see also* p. 4 ("Mr. Fleming has outstanding discovery requests, all of which defendants have objected to based on **privilege and/or work product**. As explained above, **all of those objections** (as well as any made in the future) now are waived in light of [defendants' fraud].") (emphasis added).)

Defendants also argue the Court is barred from finding a waiver (or exception) to either the attorney-client privilege or the work product doctrine unless Mr. Fleming makes separate arguments for each. (Sur-reply at p. 8) This argument makes no sense and is, at best, form over substance. It also is rejected by at least the following case precedent, which Mr. Fleming cited and defendants fail to distinguish.

> Indeed, recognition of this degree of similarity between the attorney/client privilege and work product immunity has led this court and others to hold that **both are subject to the same crime/fraud exception**. *International Systems*, 693 F.2d at 1242; *In re Antitrust Grand Jury*, 805 F.2d 155, 164 (6th Cir. 1986); *In re Sealed Case*, 676 F.2d 793, 812 (D.C. Cir. 1982); *In re John Doe Corp.*, 675 F.2d 482, 492 (2d Cir. 1982); *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1979).

*In re Burlington Northern, Inc.*, 822 F.2d 518, 524-25 (5th Cir. 1987) (emphasis added); *see also, In re Grand Jury Subpoena,* 419 F.3d 329, 335 (5th Cir. 2005) ("The work product privilege is subject to the same crime-fraud exception.")

Defendants' next argument complains that Mr. Fleming failed to identify the specific

3

documents that defendants must produce pursuant to the crime-fraud exception. (Sur-reply at pp. 8-9.) Defendants conspicuously never explain how Mr. Fleming is supposed to specifically identify the documents that must be produced when only defendants know what those documents are. In other words, it is impossible for Mr. Fleming to know on a document-by-document basis what defendants and counsel are secretly harboring in their files and on their computers. The best Mr. Fleming can do is identify the categories and types of documents that must be produced, which is what he did in his opening brief and which did not change in his reply brief.

Nevertheless, after receiving defendants' sur-reply and noting defendants' complaint that Mr. Fleming did not identify on a document-by-document basis the information that must be produced, Mr. Fleming contacted defendants to resolve the issue. Specifically, Mr. Fleming wrote to defense counsel as follows:

> We are in receipt of defendants' sur-reply regarding the crime-fraud exception. That motion accuses Mr. Fleming of failing to identify "the specific documents he seeks". Accordingly, please confirm by the close of business on Friday that you will produce (within the next several weeks) a supplemental privilege log that lists each document or thing responsive to the information requested in Mr. Fleming's motion. Mr. Fleming's position is that defendants cannot on the one hand complain about Mr. Fleming not identifying the documents he seeks production of, while on the other hand refusing to list those documents on a privilege log.

(Exh. 3, party email correspondence.) Defendants refused Mr. Fleming's request. (*Id.*) Thus, any issue concerning the level of specificity by which Mr. Fleming has identified the documents that must be produced is one defendants created and, thus, forms no basis for denying Mr. Fleming's motion, much less striking his reply brief.

Finally, defendants accuse Mr. Fleming of raising different arguments for attorney fees in his opening and reply briefs. Here again, defendants had to blatantly ignore Mr. Fleming's briefing in order to make that argument. Below is a side-by-side comparison of the exact argument made in Mr. Fleming's opening and reply briefs, which shows the arguments are

4

identical.

| **OPENING BRIEF (at pp. 4-5)** | **REPLY BRIEF (at p. 10)** |
|---|---|
| The Court previously awarded Mr. Fleming his attorney fees incurred in connection with the motions he was forced to file in response to defendants' source code fraud. Specifically, the Court ruled as follows:<br><br>Despite the Court's ruling granting the motion for sanctions only in part and denying the motion for an order to show cause, Fleming filed both motions in a reasonable attempt to hold Escort to account for the misleading way it produced ESC17363. Thus, Escort's vexatious conduct caused Fleming and this Court to waste time resolving these matters. Accordingly, the Court will direct Fleming's counsel to provide a petition for the fees and costs he incurred in filing the following documents, and all the supporting documents associated with each of these documents: (1) Motion for Sanctions and to Terminate (docket no. 144) and reply brief (docket no. 151); (2) Motion for Request For Order to Show Cause (docket no. 71) and reply brief (docket no. 94) and response to request for sur-reply (docket no. 104); (3) motion for preliminary injunction (docket no. 145), and all supporting documents and reply brief (docket no. 167); (4) motion to enforce Local Rule 3.4 and for sanctions (docket no. 107) and reply brief (docket no. 121); (5) motions to unseal documents (docket nos. 72, 95 & 117) and reply briefs (docket nos. 89, 115 & 128).<br><br>(Dkt. No. 178, Order at p. 11.) Because the present motion is a direct extension of, and would not have been necessary or possible but for, defendants' fraud in connection with their creation and advancement of false evidence, Mr. Fleming also requests an order compelling defendants to pay his fees in connection with this motion. | Escort argues it should not have to pay Mr. Fleming's fees in connection with this motion because it has a good-faith dispute regarding the application of the crime-fraud exception. That argument is irrelevant and misses the point. Mr. Fleming pointed out that Escort should be ordered to pay his fees for the same reason the Court previously ordered Escort to pay Mr. Fleming's fees in connection with his motion for terminating sanctions, *i.e.,* the present motion is a direct extension of, and would not have been necessary or possible but for Escort's fraud in connection with its creation and advancement of false evidence. In other words, as the Court held, Escort should pay for each motion Mr. Fleming is forced to file in connection with Escort's fraud. This is one of those motions, which Escort conspicuously does not deny. |

Defendants' argument that these arguments are somehow different—and that the difference gives

5

rise to defendants' right to file their sur-reply (or to have the Court strike Mr. Fleming's reply brief)—is so demonstrably false that their argument is *per se* vexatious.

### CROSS MOTION FOR ATTORNEY FEES

Escort's litigation strategy is clear.  Escort lost the parties' first case and now—knowing it cannot win on the merits—it is seeking victory by (1) financially burying Mr. Fleming in legal costs associated with every discovery issue imaginable and (2) repeatedly falsifying the evidence.  To date, the Court has sanctioned Escort and counsel for 19 separate matters involving their litigation misconduct—including the advancement of false evidence—and Escort as acknowledged liability for $365,251 in attorney fees.[1]  Because Escort accepts monetary sanctions as the "cost of doing business" associated with its chosen litigation strategy (*i.e.,* it is a risk worth taking), Mr. Fleming submits the Court should once again sanction defendants in light of their most recent, obviously frivolous motion.

December 19, 2014           Respectfully Submitted

                            _____/s/_____
                            Michael S. Dowler
                            Park, Vaughan, Fleming & Dowler, LLP
                            5847 San Felipe, Suite 1700
                            Houston, TX 77057
                            (713) 821-1540
                            (713) 821-1401 (facsimile)

                            Attorneys for Plaintiff Hoyt A. Fleming

---

[1] *Fleming v. Escort Inc., et al.,* Case No. 1:09-cv-105-BLW, Order at Dkt. No. 376, pp. 3-4 (sanctioning Escort $125,424 for its repeatedly vexatious litigation behavior); *id.* at pp. 15-17 (sanctioning Escort $4,059 for willfully violating a court order); *id*. at Dkt. No. 416, Order, p. 2. *Fleming v. Escort Inc., et al.,* Case No. 1:12-cv-066-BLW, Opposition Br. at Dkt. No. 184 (acknowledging liability for $235,768 in attorney fees).

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 19th day of December 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. To the extent any of the foregoing was filed under seal, each of the following parties or counsel was served by email.

| | |
|---|---|
| Gregory F. Ahrens<br>Wood, Herron & Evans, L.L.P.<br>441 Vine Street, 2700 Carew Tower<br>Cincinnati, Ohio 45202-2917<br><br>Brett A. Schatz<br>Wood, Herron & Evans, L.L.P.<br>441 Vine Street, 2700 Carew Tower<br>Cincinnati, Ohio 45202-2917<br><br>Bradlee R. Frazer<br>Hawley Troxell Ennis & Hawley LLP<br>877 Main Street, Suite 1000<br>Boise, ID 83702<br><br>Steven F. Schossberger<br>Hawley Troxell Ennis & Hawley LLP<br>877 Main Street, Suite 1000<br>Boise, ID 83702<br><br>Brian P. Muething<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 | Bryce J. Yoder<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202<br><br>Rachael A Rowe<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202<br><br>Keely E. Duke<br>Duke Scanlan Hall PLLC<br>1087 W. River Street, Suite 300<br>Boise, ID 83702<br><br>Robert B. White<br>Givens Pursley LLP<br>601 West Bannock Street<br>Boise, ID 83702<br><br>Terry C. Copple<br>Davidson, Copple, Copple & Copple<br>199 N Capitol Blvd., Ste. 600<br>Boise, ID 83702 |

                                                     /s/
                                          Michael S. Dowler