IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>         Plaintiff,<br><br>     v.<br><br>ESCORT, INC., et al.,<br><br>         Defendants. | Case No.  1:12-CV-066-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it a motion to compel and a petition for attorney fees filed by plaintiff Fleming.  The motions are fully briefed and at issue.  For the reasons explained below, the Court will grant in part the motion to compel and award $341,649.00 in attorney fees to Fleming.

**Petition for Attorney Fees**

The Court will turn first to Fleming's petition for attorney fees.  In an earlier filed decision, the Court found that Escort and its defense counsel – Gregory Ahrens and Brett Schatz – knowingly misled Fleming, warranting a sanction of attorney fees.  *See Memorandum Decision (Dkt. No. 178).*  Specifically, they falsely claimed that the source code identified as ESC17363 was the current operating source code for Escort's commercially sold products and that it provided a complete defense to Fleming's infringement charges.  That false claim affected 17 filings made by Fleming; the Court

**Memorandum Decision – page 1**

identified those 17 filings and directed Fleming to submit a petition describing the fees he incurred in drafting those 17 filings.

The context of this sanction is important – this is not the first time the Court has sanctioned these two attorneys.  In a separate case, involving separate conduct, the Court found the same two attorneys guilty of vexatious conduct and awarded $125,424.85 in attorney fees to Fleming.  *See Fleming v. Escort, Case No. 1:09-cv-105-BLW, Amended Judgment (Dkt. No. 417).*

In responding to the petition now before the Court, Escort did not dispute the reasonableness of the hourly rate and total hours expended by Fleming's counsel Michael Dowler.  The Court finds that those rate and time figures are reasonable, and will therefore award the sum sought by Dowler for his fees, $248,143.50.

Fleming seeks an additional $93,505.50, representing the time spent by the plaintiff Fleming, who is an attorney with computer expertise, billing at the same hourly rate as Dowler.  Escort objects, citing cases holding generally that a plaintiff can charge only for his counsel's time, not for his own time.  The Court finds those cases distinguishable.  As the Court noted in its prior decision, the misconduct of counsel caused Fleming "to scour thousands of lines of source code (22,110 lines contained in 961 pages)" to "hold Escort to account" for its misleading conduct.  *See Memorandum Decision, supra,* at pp.9-10.  Plaintiff Fleming had the expertise to conduct that extensive review of the source code, and so it was reasonable for him to undertake that task.  If he did not do it, Dowler would have been forced to hire outside help, and their fee would

**Memorandum Decision – page 2**

have been part of the sanction.[1]  So either way, the fee was going to be incurred due to the bad faith conduct of counsel.  Hence, plaintiff Fleming's fee request is reasonable, and the Court will add the sum of $93,505.50 to the existing award of $248,143.50 to arrive at a sum of $341,649.00.

Fleming also seeks interest and a doubling of this sum.  The Court finds those requests unreasonable under the circumstances of this case.  Hence, the final sum awarded will be $341,649.00.  Escort asks the Court to delay the award, but the Court rejects that request and will order that the sum be paid immediately.  The Court will enter a separate Judgment for Interim Payment of Attorney Fees.

**Fleming's Motion to Compel Pursuant to Crime-Fraud Exception**

Fleming seeks discovery of a wide variety of documents and communications in an effort to determine if Escort fabricated ESC17363 and falsely represented that it was created in the normal course of product development.  Escort responds that all of the material sought by Fleming is protected by the work product doctrine and the attorney client privilege.

Under the crime-fraud exception, communications are not privileged if the client seeks the advice of counsel to further a criminal or fraudulent scheme and the communications are sufficiently related to and made in furtherance of that scheme.  *In re*

---

[1] Escort did not argue, or present any proof, that a less expensive source code review could have been conducted by someone other than Fleming.  Generally, the party in Escort's position has the burden of proving the defense of mitigation of damages.  *See Ninth Circuit Model Jury Instruction 5.3.*  Escort has not carried that burden here.

*Icenhower*, 755 F.3d 1130, 1141 (9th Cir. 2014).  Escort argues that the crime-fraud exception does not apply to communications protected by the work product doctrine, but the Ninth Circuit has rejected that argument.  *See In re Grand Jury Proceedings,* 867 F.2d 539 (9th Cir.1989).  Escort also argues that the exception does not apply because the Court limited its holding to Escort's counsel and not to Escort itself, but that conclusion can nowhere be found in the Court's decision that cites extensively from the sworn submissions of Escort employees.  Escort is correct, however, that the "preponderance of the evidence" standard is required for outright disclosure of communications pursuant to this exception, while the lesser "prima facie" standard only applies when *in camera* review is sought.  *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1094-95 (9th Cir.2007), abrogated on other grounds by *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).  Fleming is seeking outright disclosure rather than *in camera* review, and so the preponderance standard governs here.

      The Court has already found by a preponderance of the evidence that Escort falsely claimed that (1) the source code found in ESC17363 was the current operating source code for Escort's commercially sold products; (2) ESC17363 provided a complete defense to Fleming's infringement challenges; and (3) Escort had produced all the source code.  This is just the type of fraud that opens up all communications related to ESC17363 to discovery.  Those communications are discoverable because Escort's false claims raise a substantial question – not yet answered – whether ESC17363 was a complete fabrication.  While Escort eventually conceded that ESC17363 was never a current operating code for any product, Escort claimed that it created that source code in

**Memorandum Decision – page 4**

the normal course of product development.  But that claim is naturally called into question by the fraudulent way that Escort portrayed ESC17363 as a complete defense.  Fleming intends to test Escort's representations – made in sworn statements submitted to the Court – by examining all of Escort's communications regarding ESC17363.  If ESC17363 was a complete fabrication, that would raise a substantial question as to whether other source codes submitted by Escort as a defense to the infringement charges were similarly fabricated.  Under these circumstances, Fleming has the right to outright disclosure of all communications related to ESC17363.

Fleming is asking, however, for far more than just communications related to ESC17363.  For example, Fleming seeks all communications related to the following subjects concerning the four Escort products at issue:  (1) "infringement"; (2) "willfulness"; (3) "damages"; (4) "source code design"; (5) "design-around efforts"; (6) "product testing"; (7) "compilation and installation of code"; (8) "production/disclosure of code to Mr. Fleming"; (9) "briefing and supporting documents"; and (1) "all communications concerning [these] . . .subject matters."

These categories sweep too broadly.  The crime-fraud exception applies only to documents and communications that were themselves in furtherance of illegal or fraudulent conduct.  *Napster,* 479 F.3d at 1090.  The Court must be careful not to sweep within the exception entirely legitimate attorney-client communications.  *See U.S. v. Zolin*, 491 U.S. 554, 562 (1989).

To strike that balance, the Court will not order production under the broad categories advocated by Fleming.  Instead, the Court will compel Escort to produce all

**Memorandum Decision – page 5**

communications and documents that mention or relate to ESC17363.  This includes not only communications between Escort and its counsel, but also material that counsel prepared, as the case law cited above makes clear that even work product is discoverable under this exception.  Accordingly, the Court will, to this extent, grant Fleming's motion to compel in part and deny the remainder.

Because the Court is preparing a separate Judgment to resolve the pending petition for attorney fees, the Court will set forth its ruling on the motion to compel in that same Judgment.

DATED: January 9, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court