Michael S. Dowler
Park, Vaughan, Fleming & Dowler LLP
5847 San Felipe, Suite 1700
Houston, TX  77057
Telephone:  713.821.1540
Email:  mike@parklegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>     Plaintiff,<br><br>v.<br><br>ESCORT INC., ET. AL,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:12-cv-0066-BLW

PLAINTIFF'S RENEWED MOTION TO DISMISS CERTAIN OF DEFENDANTS' COUNTERCLAIMS AND DEFENSES

Plaintiff, Mr. Hoyt A. Fleming ("Mr. Fleming"), hereby renews his request to dismiss defendants' Second Affirmative Defense and defendants' First Counterclaim.  (Dkt. No. 35, Amended Answer and Counterclaim, pp. 14-19 (at ¶ 73); pp. 56-57 (at ¶¶ 8-12).)  The Court's prior rulings in this case on Mr. Fleming's first motion to dismiss show this motion should be granted.

## FACTUAL BACKGROUND

Mr. Fleming filed a first motion to dismiss on March 23, 2012.  (Dkt. No. 18.)  The premise of that motion was that certain of the defenses and counterclaims in defendants' original answer/counterclaim were so vague and lacking in detail that they failed to provide adequate notice of their substance.  (*Id*. at p. 1.)  The Court agreed, ruling as follows with respect to defendants' First Counterclaim:

> Escort's First Counterclaim fails to plead any factual content.  Hence it is insufficient under the *Iqbal/Twombly* standard.  The Court will give Escort one

> opportunity to amend the First Counterclaim to provide more detail.  Accordingly, the Court will conditionally grant Fleming's motion to dismiss, giving Escort 21 days to amend its pleadings to provide the requisite detail, and if no amendment is made, the Court will dismiss the First Counterclaim.

(Dkt. No. 31, Order at p. 5 (emphasis added).)   The Court ruled similarly in connection with defendants' Second Affirmative Defense:

> The full text of Escort's allegations is set forward in the table above for the First, [sic Second], Third, Fourth, Fifth, Eighth, and Tenth Affirmative Defenses.  It is immediately apparent that those allegations contain no detail, leaving Fleming to guess about the basis for the defenses…   The Court will give Escort the same opportunity to redraft these affirmative defenses that it gave with respect to the counterclaims.

(Dkt. No. 31, Order at p. 7 (emphasis added).)

As the emphasized portions of the Court's order show, the Court conditionally granted Mr. Fleming's motion to dismiss defendants' First Counterclaim and their Second Affirmative Defense if defendants did not amend their pleading to provide the requisite detail required by law.  (*Id*. at p. 8 ("[The motion] is granted conditionally as to (1) the First Counterclaim and (2) the First, [sic Second], Third, Fourth, Fifth, Eighth, and Tenth Affirmative Defenses.  More detailed allegations concerning this Counterclaim, and these Affirmative Defenses, must be filed within 21 days from the date of this decision or these allegations will be dismissed.") (emphasis added).)

Defendants responded by filing amended counterclaims and affirmative defenses 21 days later.  (Dkt. No. 35, Amended Answer and Counterclaim.)   Defendants amended their First Affirmative Defense (non-infringement) by citing certain source code that allegedly controlled their accused infringing products to render them non-infringing.  (Dkt. No. 35 at pp. 14-18.) Likewise, defendants amended their First Counterclaim (declaratory judgment of non-infringement) to include the source code citations referenced in their amended First Affirmative Defense.  (*Id*. at pp. 56-57 ("For the reasons set forth above in Escort's Second Affirmative

Defense, which Escort incorporates by reference herein, Escort has not infringed, either directly, indirectly, contributorily, or by inducement, or in any other way, the '038 patent or the '653 patent or the '905 patent, either literally or under the doctrine of equivalents, willfully or otherwise.").)

The problem with defendants' supplement—which forms the underlying premise of the present motion—is that the Court recently determined (in response to another one of Mr. Fleming's motions) that the source code cited in defendants' supplements had been fraudulently advanced. Specifically, the Court held defendants committed fraud in connection with their source code citations because defendants knew that code was not the code that controlled their commercially sold products, and that defendants had knowingly cited that false code in an effort to fraudulently advance a non-infringement position that did not exist. The Court held as follows:

> Taking Escort at its word, the following is undisputed: (1) In March of 2013, Escort cited specific lines of source code from ESC17363 in its First Amended Answer and Counterclaim as a defense to infringement; (2) In May of 2013, Escort filed Non-Infringement Contentions – pursuant to Local Rule 3.4 that requires production of the source code operating the accused devices – citing ESC17363 as a defense to infringement and produced a physical copy of the source code to Fleming; (3) Escort's counsel represented to Fleming's counsel that all the source code had been produced; (4) Escort failed to explain in its production of ESC17363 that the source code was not being currently used in any Escort accused device being sold commercially, and that Escort only hoped to use it commercially – or some portion of it – in the future; (5) ESC17363 in its entirety has never been used in any commercially produced Escort product and was only used during tests of the 9500ix product; (6) Some lines of source code contained in ESC17363 eventually were used in commercial products by January of 2014 (and perhaps as early as November of 2013).

> * * * * * * * * * * *

> In this case, Escort's counsel represented that ESC17363 operated Escort's accused devices knowing that ESC17363 did not operate any accused device. This false representation was beyond reckless and was made in bad faith because Escort's counsel knew it was not true.

(Dkt. No. 178, Order at pp. 8; 10.)  When later commenting on its holding, the Court further held

as follow:

> In an earlier filed decision, the Court found that Escort and its defense counsel – Gregory Ahrens and Brett Schatz – knowingly misled Fleming, warranting a sanction of attorney fees. *See Memorandum Decision (Dkt. No. 178)*. Specifically, they falsely claimed that the source code identified as ESC17363 was the current operating source code for Escort's commercially sold products and that it provided a complete defense to Fleming's infringement charges.
>
> * * * * * * * * * * * *
>
> The Court has already found by a preponderance of the evidence that Escort falsely claimed that (1) the source code found in ESC17363 was the current operating source code for Escort's commercially sold products; (2) ESC17363 provided a complete defense to Fleming's infringement challenges; and (3) Escort had produced all the source code.  This is just the type of fraud that opens up all communications related to ESC17363 to discovery.

(Dkt. No. 208, Order at pp. 1; 4-5.)

## ARGUMENT

There are two dispositive facts that compel the granting of this motion, both of which the

Court has already found.  First, the Court held that it was conditionally granting Mr. Fleming's

original/first motion to dismiss defendants' Second Affirmative Defense and First Counterclaim

unless defendants' took the "one opportunity" the Court offered to satisfactorily amend their

defense/counterclaim.  (Dkt. No. 31, Order at p. 5 ("The Court will give Escort one opportunity

to amend the First Counterclaim to provide more detail."); *id*. at p. 7 (giving Escort the same

"one opportunity" to amend its Second Affirmative Defense).)  Second, the Court subsequently

held that the information (*i.e.,* the source code) defendants used in connection with their "one

opportunity" to supplement their defense/counterclaim was fraudulently advanced.  (Dkt. No.

178, Order at p. 10 ("In this case, Escort's counsel represented that ESC17363 operated Escort's

accused devices knowing that ESC17363 did not operate any accused device.  This false

representation was beyond reckless and was made in bad faith because Escort's counsel knew it

was not true."); *see also,* Dkt. No. 208, Order at pp. 1; 4-5 (specifically finding "fraud").)

Because defendants used their "one opportunity" to commit fraud, Mr. Fleming hereby renews his motion to dismiss and respectfully requests that the Court follow through on its stated intention of dismissing defendants' First Affirmative Defense and Second Counterclaim if defendants did not amend that defense/counterclaim in conformity with the Court's orders. (Dkt. No. 31, Order at p. 5 ("Accordingly, the Court will conditionally grant Fleming's motion to dismiss, giving Escort 21 days to amend its pleadings to provide the requisite detail, and if no amendment is made, the Court will dismiss the First Counterclaim.") (emphasis added).)


January 20, 2015                    Respectfully Submitted

                                    _____/s/_____
                                    Michael S. Dowler
                                    Park, Vaughan, Fleming & Dowler, LLP
                                    5847 San Felipe, Suite 1700
                                    Houston, TX 77057
                                    (713) 821-1540
                                    (713) 821-1401 (facsimile)

                                    Attorneys for Plaintiff Hoyt A. Fleming

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 20th day of January 2015, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons.  To the extent any of the foregoing was filed under seal, I have also concurrently served the following persons by email as indicated below.

| | |
|---|---|
| Gregory F. Ahrens<br>Wood, Herron & Evans, L.L.P.<br>441 Vine Street, 2700 Carew Tower<br>Cincinnati, Ohio 45202-2917 | Bryce J. Yoder<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 |
| Brett A. Schatz<br>Wood, Herron & Evans, L.L.P.<br>441 Vine Street, 2700 Carew Tower<br>Cincinnati, Ohio 45202-2917 | Rachael A Rowe<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 |
| Bradlee R. Frazer<br>Hawley Troxell Ennis & Hawley LLP<br>877 Main Street, Suite 1000<br>Boise, ID 83702 | Keely E. Duke<br>Duke Scanlan Hall PLLC<br>1087 W. River Street, Suite 300<br>Boise, ID 83702 |
| Steven F. Schossberger<br>Hawley Troxell Ennis & Hawley LLP<br>877 Main Street, Suite 1000<br>Boise, ID 83702 | Robert B. White<br>Givens Pursley LLP<br>601 West Bannock Street<br>Boise, ID 83702 |
| Brian P. Muething<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 | Timothy P. Getzoff<br>Holland & Hart LLP<br>800 West Main Street, Suite 1750<br>Boise, ID 83702 |
| J. Walter Sinclair<br>Holland & Hart LLP<br>800 West Main Street, Suite 1750<br>Boise, ID 83702 | |

/s/
Michael S. Dowler