J. Walter Sinclair (ISB#2243)
E-mail: *jwsinclair@hollandhart.com*
Timothy P. Getzoff (*admitted pro hac vice*)
E-mail: *tgetzoff@hollandhart.com*
HOLLAND & HART LLP
800 West Main Street, Suite 1750
Boise, ID 83702
Telephone: (208) 342-5000
Facsimile: (208) 343-8869

Attorneys for Defendants Escort, Inc. and
Beltronics USA, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>       Plaintiff,<br>v.<br><br>ESCORT, INC., et al.,<br><br>       Defendants. | Case No.  1:12-CV-066-BLW<br><br>**MOTION FOR STATUS CONFERENCE AND/OR VOLUNTARY CASE MANAGEMENT CONFERENCE** |

Comes now the Defendants, Escort, Inc. and Beltronics USA, Inc., ("Defendants") by and through their attorneys of record, Holland & Hart, LLP, to request this Court to set a Status Conference pursuant to Chief District Judge B. Lynn Winmill's Scheduling Conference protocol as set forth on his webpage on the U.S. District Court of Idaho's Website.  *i.e.,*

http://www.id.uscourts.gov/district/judges/winmill/Scheduling_Conferences.cfm

As stated therein, in complex cases, Judge Winmill routinely schedules monthly status conferences with the attorneys.  I have found these extremely beneficial in prior cases.  The agenda for those conferences is generally developed by the attorneys and is intended to keep the

**MOTION FOR STATUS CONFERENCE AND/OR VOLUNTARY CASE
MANAGEMENT CONFERENCE - Page** - 1

case on track and deal with any issues which may prevent the case from being resolved within the time frame set by the litigation plan.

In this matter, there are and continue to be numerous requests by the parties, of each other dealing with discovery, motions and other matters which the parties have failed to be able to resolve to each other's satisfaction, after due efforts to do so.  There have been a half dozen discovery motions which often would have been addressed through such a conference procedure. Accordingly, the implementation of a monthly status conference would facilitate the discovery efforts in this matter, focus the areas of dispute and expedite the case.  One primary issue that needs immediate attention is an ESI protocol, which has not been able to be agreed upon between the parties, after much discussion on the issue. This is needed for both general ESI extraction and also for ESI production.  It is also needed for the more particularized crime-fraud exception production ordered by the Court. (Dkts. 208-209)

Furthermore, a Voluntary Case Management Conference ("VCMC") would be extremely beneficial at this point in time.  While this case has been pending for several years, there is no ESI protocol in place, there is no Case Management Order in place, and the parties continue to struggle to come to an agreement on either, as well as numerous discovery matters.  While there have been good faith discussions and efforts, after an extended period of time the parties' respective positions are simply not coming together and the assistance and direction from the Court would be extremely beneficial.  As an example, in this Court's Memorandum Decision and Order granting Plaintiff's motion to compel electronically stored information (Dkt 135), while the Court ordered 3 questions were answered, responding to those 3 questions has not resolved the larger discovery issues.  Leaving some complex ESI protocols issues.  Plaintiff has taken the position that the ESI protocol used by Escort is not adequate, and has requested a significantly broader protocol.   There have been emails back and forth on the issues, as well as discussions on

MOTION FOR STATUS CONFERENCE AND/OR VOLUNTARY CASE
MANAGEMENT CONFERENCE - Page - 2

the issue; however, there is still no clarity on what is expected of Escort at this time. Further, pursuant to the Court's Memorandum Decision (Dkt 208) regarding the Crime-Fraud exception and the resulting Judgment . . . to Compel the Production of Documents (Dkt 209) regarding the Crime Fraud exception, a very precise protocol needs to be developed to produce all documents ordered to be produced, while not infringing on Wood Herron and Evan's other clients and their privileged information in Wood Herron's possession. While Holland & Hart is actively working with an e-Discovery vendor on a proposed protocol, to be discussed with counsel, we need to be able to move forward, quickly, if agreement between counsel cannot be reached.  Based on the discussion of counsel to date, there are many issues wherein there is a difference of opinion as to how to address the e-discovery issues.  Therefore, Escort believes it would facilitate discovery and reduce the disagreements between counsel, if the Court could provide some direct supervision.  It is possible an e-discovery Special Master, someone with expertise in the area of ESI, would be of assistances to all parties and the Court.  A matter which should be discussed. While it is typical for many of these matters, e.g. ESI protocols and Custodians, to have been addressed at the beginning of litigation, as Plaintiff's counsel has pointed out in his briefing, for whatever  reasons, they have not been resolved, satisfactorily, and this litigation is proceeding without the benefit of Court sanctioned protocols and supervision.

      Therefore, Defendants respectfully request this Court  set a VCMC as described in the Applicable Rules for Scheduling as set forth on Judge Winmill's webpage, *supra*.  While, per the Court's protocol, the need for such a VCMC would normally be discussed at the Scheduling Conference with the Judge, a VCMC now would allow a Magistrate Judge to discuss the parties' claims and defenses, issues and concerns in order to suggest stipulations and pretrial procedures that may reduce the expense and delay in the case; as well as discussing the parameters of e-discovery; and, address the specific e-discovery issues enumerated by the Court on its webpage

MOTION FOR STATUS CONFERENCE AND/OR VOLUNTARY CASE MANAGEMENT CONFERENCE - **Page** - 3

as well as those identified and currently being discussed between the parties.  In preparation for the VCMC, the parties can continue their discussions, but if they remain unable to reach agreement on any of the e-discovery issues, the parties would be able to bring these matters to the Court's attention at the VCMC and discuss how the Court could assist on those topics.

Accordingly, Defendants respectively requests that the Court set either a Status Conference and/or a VCMC.

DATED January 26, 2015

                                  HOLLAND & HART LLP

                                  By s/J. Walter Sinclair _____
                                      J. Walter Sinclair
                                      Timothy P. Getzoff

                                      *Attorneys for Defendants, Escort, Inc. and Beltronics USA, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of January, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Steven S. Schossberger | sschossberger@hawleytroxell.com |
| Bradlee R. Frazer | bfrazer@hawleytroxell.com |
| Michael S. Dowler | mike@parklegal.com |

*Attorneys for Plaintiff*

| | |
|---|---|
| Brian P. Muething | bmuething@kmklaw.com |
| Bryce James Yoder | byoder@kmklaw.com |
| Keely E. Duke | ked@dukescanlan.com |
| Rachael Anne Rowe | rrowe@kmklaw.com |

*Attorneys for Best Buy Co., Inc.; Amazon.com, Inc.; Hayneedle, Inc; Fry's Electronics; Herrington Catalog; Buy Radar Detectors, Inc.; Best Radar Detectors; ABT, Inc.; J&R Music and Computer World; Sears Holding Corp.; 1stRadarDetectors; Beach Camera/Buydig.com, Inc.; AM Merchandising, Inc.; Excel Distributing, Inc.; DBSouth, Inc.; Fulfillment Services, Inc.; Car Toys, Inc.; DAS Distributors, Inc.;*

 

        s/ J. Walter Sinclair _____
        for HOLLAND & HART LLP

**MOTION FOR STATUS CONFERENCE AND/OR VOLUNTARY CASE MANAGEMENT CONFERENCE - Page** - 5