J. Walter Sinclair (ISB#2243)
E-mail: *jwsinclair@hollandhart.com*
Timothy P. Getzoff (*admitted pro hac vice*)
E-mail: *tgetzoff@hollandhart.com*
Brian C. Wonderlich (ISB#7758)
E-mail: *bcwonderlich@hollandhart.com*
HOLLAND & HART LLP
800 West Main Street, Suite 1750
Boise, ID 83702
Telephone: (208) 342-5000
Facsimile: (208) 343-8869

Attorneys for Defendants Escort, Inc. and
Beltronics USA, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>         Plaintiff,<br>v.<br><br>ESCORT, INC., et al.,<br><br>         Defendants. | Case No.  1:12-CV-066-BLW<br><br>**DEFENDANTS ESCORT INC. AND BELTRONICS USA, INC.'s RESPONSE TO PLAINTIFF'S RENEWED MOTION TO DISMISS CERTAIN OF DEFENDANTS' COUNTERCLAIMS AND DEFENSES (DKT. NO. 212)** |

## I. INTRODUCTION

Mr. Fleming's Renewed Motion to Dismiss (the "Renewed Motion") should be denied. The Renewed Motion does not contend that Escort's First Counterclaim and Second Affirmative Defense (cumulatively, the "Non-Infringement Claims") fail to meet the requisite pleading standards. Rather, the Renewed Motion is based exclusively on the conduct already addressed by the Court in deciding Mr. Fleming's Motion for Terminating Sanctions. There, the Court declined Mr. Fleming's request to dismiss Escort's Non-Infringement Claims, determining that monetary sanctions were the appropriate remedy. Escort respectfully requests that the Court similarly reject Mr. Fleming's Renewed Motion, which seeks the same or similar relief on essentially the same basis.

Aside from the duplicative nature of the Renewed Motion, the Non-Infringement Claims as pleaded satisfy the requisite pleading standards. Escort recognizes that the ESC17363 source code was not implemented in its entirety into any of the commercially produced versions of any Accused Product, and is not relying on an argument otherwise here.[1] However, for purposes of compliance with Fed. R. Civ. P. 8(a), it is sufficient to identify the claim limitations and the patent claims Escort contends are not met. Thus, even if the specific references to the ESC17363 source code are disregarded, Escort's Non-Infringement Claims plead ample factual matter, including pleading facts supporting the position that its products utilize a technique ("grid matching") that Mr. Fleming expressly disclaimed; identifying nearly twenty (20) claim limitations it asserts are not met; identifying documents submitted to the Patent and Trademark

---

[1] As explained in this brief, Escort's Non-Infringement claims meet any applicable pleading standard. However, Escort is willing to amend its Second Affirmative Defense and First Counterclaim to remove the references to ESC17363. This would be appropriate under Rule 15(a) and 16(b) as a scheduling order has not yet been entered in this case.

DEFENDANTS ESCORT INC. AND BELTRONICS USA, INC.'s RESPONSE TO PLAINTIFF'S RENEWED MOTION TO DISMISS CERTAIN OF DEFENDANTS' COUNTERCLAIMS AND DEFENSES (DKT. NO. 212) - Page 2

Office supporting its position; and pleading of facts supporting the absence of willful infringement.  In short, Escort's Non-Infringement Claims are sufficiently pled even if the Renewed Motion had called into question their sufficiency under Rule 8(a).

Furthermore, while Escort's Non-Infringement Claims in its amended pleading were filed back in March 2013, discovery since the time of Escort's pleading has provided Mr. Fleming with ample information to understand Escort's Non-Infringement claims.  The Renewed Motion should not be considered in a vacuum that ignores that discovery.

Finally, notwithstanding the implications made in the Renewed Motion, the burden is and will remain upon Mr. Fleming to prove all facts necessary to support his claims of infringement.  This is so regardless of the outcome of the Renewed Motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

*The Complaint* in this matter was filed in February 2012, against Escort Inc., Beltronics USA, Inc. and twenty distributors—referred to as the Customer Defendants—alleging infringement of three patents—the '038 patent, the '653 patent, and the '095 patent (cumulatively, the "patents-in-suit").[2]  (Dkt. No. 2).

---

[2] In August 2013, the Court dismissed Mr. Fleming's causes of action pertaining to the '038 and '653 patents with respect to the four devices litigated in *Fleming I*—the GX65, Passport 9500i, Passport 9500ix, and Passport iQ devices.  (*See* Dkt. No. 61, p. 4-8).  In that same Order, the Court also stayed all claims against the Customer Defendants, relying on settled precedent that in a patent infringement action the manufacturer has the greatest interest in defending the charge.  (*See id.*, p. 11-12).  The Court also recognized that the Customer Defendants are "mere resellers who had no role in the manufacturing" and therefore there is the potential for the Customer Defendants to waste substantial costs before infringement by the manufacturer is determined.  (*Id.*).

***Escort's Answer and Counterclaim*** was filed in March 2012. (Dkt. No. 8). The Second Affirmative Defense and First Counterclaim each assert that Escort does not infringe and has not infringed the '038 patent or the '653 patent or the '905 patent. (*Id.*, p. 10, 31-32).

***Mr. Fleming's Original Motion to Dismiss*** (the "Original Motion") was also filed in March 2012. (*See* Dkt. No. 18). The Original Motion asserted that certain of Escort's defenses and counterclaims "fail[ed] to provide notice of their substance." (*Id.*, p. 1). Pertinent to the Renewed Motion, Mr. Fleming argued that the Second Affirmative Defense gave him "no notice of any fact supporting the defense" (*id*., p. 6) and that the First Counterclaim lacked a "sufficient factual predicate" (*id.*, p. 19).

***The Court's Memorandum Decision and Order on the Original Motion*** was entered in March 2013. (Dkt. No. 31).

***The First Counterclaim*** was found to be "insufficient under the *Iqbal/Twombly* standard" and so the Court conditionally granted the Original Motion, "giving Escort 21 days to amend its pleadings to provide the requisite detail." (*Id.*, p. 5, 8). With respect to the Affirmative Defenses, the Court first addressed Escort's First, Third, Fourth, Fifth, Eighth, and Tenth Affirmative Defenses, giving "Escort the same opportunity to redraft these affirmative defenses that it gave with respect to the counterclaims." (*Id.*, p. 7).

***The Second Affirmative Defense*** was treated differently. Contrary to Mr. Fleming's assertions in the Renewed Motion, the Court did not require redrafting of Escort's Second Affirmative Defense because it would be subject to more detailed treatment in the forthcoming Invalidity Contentions. (*Id.* ("Hence, the Court will not include the Second Affirmative Defense in its order requiring redrafting, and will await the filing of the Invalidity Contentions.")).

*The Court's Order on the Original Motion:*

> . . . granted conditionally as to (1) the First Counterclaim and (2) the First, Third, Fourth, Fifth, Eighth, and Tenth Affirmative Defenses. More detailed allegations concerning this Counterclaim, and these Affirmative Defenses, must be filed within 21 days from the date of this decision or these allegations will be dismissed.

(*Id.*, p. 8-9). The Original Motion was "denied in all other respects." (*Id.*).

***Escort's Amended Answer and Counterclaim*** was filed on March 27, 2013. (Dkt. No. 35). Escort also amended its Second Affirmative Defense to include over five (5) pages of factual allegations articulating why Escort had not and was not infringing the '038, '653, and '095 patents. (*Id.*, p. 14-19).

***The third paragraph***[3] ***of the amended Second Affirmative Defense*** (first full paragraph on page 15) pleads the facts and grounds underlying Escort's position that its products utilize a technique (i.e., "grid matching") that Mr. Fleming expressly disclaimed during prosecution of the '038 patent. (*See id.*, p. 15). The Second Affirmative Defense quotes portions of the relevant statements made by Mr. Fleming, the specific date those statements were made (October 1, 2012), the context in which the statements were made, and why those statements are binding on

---

[3] The first paragraph repeats language from the Second Affirmative Defense, stating that Escort does not infringe any of the patents-in-suit. The second paragraph cites and incorporates Defendants' Response to Plaintiffs' Motion for Summary Judgment, the Rule 26 Supplemental Expert Report of Dr. John Grindon, the non-infringement arguments made and testimony elicited during the trial in *Fleming I*. The sixth paragraph (starting near the bottom of page 18) cites some of the same reasons and Escort's Response to Fleming's Interrogatory No. 13 in *Fleming I*. (*See* Dkt. No. 35, p. 14-15). This was done to preserve the non-infringement contentions advanced in *Fleming I* because, at the time the Amended Answer was filed, *Fleming I* was still pending.

As the Court has since held, Escort now holds a fully paid-up license covering all past and future use of the technology set forth in the '038 and '653 patents, as to the products at issue in *Fleming I*. (*See* Dkt. No. 61, p. 7). Accordingly, the non-infringement contentions resolved in *Fleming I* are no longer at issue except to the extent similar contentions arise out of the re-examination proceedings related to each of the patents-in-suit. (*See, e.g.*, Dkt. No. 35, p. 18-19).

Mr. Fleming. (*Id.*). It concludes, "Fleming is therefore estopped from asserting that radar detectors including a grid matching technique infringe the '038 patent or the '653 patent or the '905 patent, and Escort's products cannot infringe for this reason." (*Id.*).

***The fourth paragraph of the Second Affirmative Defense*** (begins near the bottom of page 15) states the facts and grounds supporting the allegation that Escort's products do not and cannot meet certain specific claim limitations of the '905 patent, and therefore cannot infringe. (*Id.*, p. 16-18). For nearly two pages, the Second Affirmative Defense identifies the specific language of each independent claim limitation and dependent claim limitation Escort's products cannot and do not meet. (*Id.*).

***The fifth paragraph of the Second Affirmative Defense*** (beginning at the bottom of page 17) goes beyond identification of the claims and claim limitations that are not met, and identifies "<u>evidence</u>" in the form of source code. (*Id.*, p. 17 (emphasis added)). Again, Escort recognizes that the ESC17363 source code was not implemented in its entirety into any of the commercially produced version of any Accused Product, and is not relying on that fact here.

***The sixth and seventh paragraphs of the Second Affirmative Defense*** (beginning at the bottom of page 18) articulate the facts and grounds supporting the allegation that Escort has not *willfully* infringed the patents-in-suit. (*Id.*, p. 18-19). Escort alleged the fact that certain claims of the '905 patent have been rejected by the Patent Examiner in connection with reexamination of that patent. (*Id.*). Escort alleged that at no time did Mr. Fleming provide actual and/or constructive notice of his patents, or of Escort's alleged infringement. (*Id.*). Escort also alleged it did not have the requisite knowledge of the patents that it allegedly infringed. (*Id.*). Escort alleged that in the interim period, it undertook a significant amount of work in furtherance of the

specifically identified products that were the subject of Mr. Fleming's complaint at the time the Second Affirmative Defense was filed. (*Id.*). Escort alleged that that the source code controlling the products accused of infringement has been written such that Escort cannot infringe. (*Id.*).

*The sixth paragraph of the Second Affirmative Defense* (beginning at the top of page 19) also alleges that for all the reasons set forth in Escort's Patent Invalidity Contentions, Mr. Fleming's patent claims are invalid and Escort cannot infringe any valid claim. Those Invalidity Contentions, as amended in October 2014, include over twenty (20) pages of information and seventy-nine (79) attachments explaining Escort's position on this point. (S*ee* Ex. A attached hereto (containing Escort's Invalidity Contentions–First Amendment, dated October 20, 2014)).[4]

*The eighth paragraph of the Second Affirmative Defense* (beginning near the middle of page 19) alleged that Escort cannot infringe the patents-in-suit by reasons of prior art and/or statements made to the Patent Office during the prosecution of the application that issued as of the '038 patent and the '653 patent and the '905 patent. (*Id.*). In support, Escort specifically alleged that "Fleming cancelled and amended claims requiring a 'compass,' so as to clearly surrender such claim in response to rejections of such claims pursuant to 35 U.S.C. § 112." (*Id.*). Accordingly, to the extent Mr. Fleming argues infringement based on an alleged compass function in Escort's products, Fleming's contention would fail.

*Escort's First Counterclaim* incorporated its Second Affirmative Defense as its factual basis. (*Id.*, p. 56-57, ¶ 10).

*Fleming's Renewed Motion* was filed on January, 2015, almost two years after Escort filed its amended pleading.

---

[4] Escort's Invalidity Contentions are included without the exhibits given their length.

DEFENDANTS ESCORT INC. AND BELTRONICS USA, INC.'s RESPONSE TO PLAINTIFF'S RENEWED MOTION TO DISMISS CERTAIN OF DEFENDANTS' COUNTERCLAIMS AND DEFENSES (DKT. NO. 212) - Page 7

***Discovery in this case*** is currently on-going, with the parties continuing to serve, respond to, and supplement their interrogatory responses and document production as of this filing. This discovery has provided Mr. Fleming with ample information to understand Escort's Non-Infringement Claims. Principal among that discovery is Escort's responses to Fleming's Interrogatory No. 2 (most recently supplemented in January 2015), the eight (8) Non-Infringement Charts that outline in detail the basis for Escort's Non-Infringement Claims for each disputed claim of each patent-in-suit,[5] Escort's Invalidity Contentions, and the Product Compatibility Log, which is a listing of code used in the Accused Products.

## III.   ARGUMENT

### A.   The Court Has Declined Mr. Fleming's Request To Dismiss Escort's Claims.

Escort respectfully requests the Court deny this Renewed Motion on the basis that Escort has already been sanctioned for the conduct forming the basis of the Renewed Motion. By his Renewed Motion, Mr. Fleming seeks to obtain relief he was already denied.

In his Motion for Terminating Sanctions ("Motion for Sanctions"), Mr. Fleming requested that the case be terminated in his favor due in part to Escort's citation of the ESC17363 source code in its Non-Infringement Claims. (Dkt. No. 144, p. 19). Subsequently, in

---

[5] These charts address Escort's Non-Infringement Claims with respect to: (1) the '905 patent and the Passport 9500i, Passport 9500ix, Passport iQ, GX65, and Pro 500; (2) the '905 patent and the Max Radar Detector; (3) the '905 patent and the Max2 Radar Detector; (4) the '905 patent and the New Passport 9500ix; (5) the '038 patent and the Max Radar Detector; (6) the '038 patent and the Max2 Radar Detector; (7) the '653 patent and the Max Radar Detector; and (8) the '653 patent and the Max2 Radar Detector. (*See, e.g.* Ex. B hereto (attaching the non-infringement chart with respect to the '038 patent and the Max radar detector. Only an example is attached as all of the non-infringement charts total over 500 pages. Escort will provide all of the non-infringement chart if the Court desires).

DEFENDANTS ESCORT INC. AND BELTRONICS USA, INC.'s RESPONSE TO PLAINTIFF'S RENEWED MOTION TO DISMISS CERTAIN OF DEFENDANTS' COUNTERCLAIMS AND DEFENSES (DKT. NO. 212) - Page 8

his Reply in Support of the Motion for Sanctions, he requested "a remedy *beyond* a mere finding that defendants infringe." (Dkt. No. 151, p. 10 (emphasis in original)).

The Court declined Mr. Fleming's request to enter a finding that defendants infringed or to terminate the case in Mr. Fleming's favor, instead finding that monetary sanctions were sufficient. (Dkt. No. 178, p. 10) ("Fleming asks the Court to go further and enter judgment against Escort, but the Court finds that more limited sanctions are appropriate."); Dkt. No. 208 (order setting amount of fees)).

Through this Renewed Motion, Mr. Fleming repeats his request that the Court sanction Escort for the same conduct addressed in the Motion for Sanctions by dismissing its First Counterclaim and Second Affirmative Defense. The Renewed Motion does not rely on Rule 8(a) or *Iqbal/Twombly*. Instead, it expressly relies on the conduct addressed in the Motion for Sanctions as the sole basis for the additional sanctions sought in the Renewed Motion. (Dkt. No. 212, p. 4-5).

Escort has already been sanctioned for this conduct and respectfully requests that the Court uphold its decision that those sanctions are the appropriate remedy for the identical conduct at issue in the Motion for Sanctions and in this Renewed Motion.

    **B.**    **Escort's Non-Infringement Claims Are Sufficient Without the Source Code Evidence Identified in the Second Affirmative Defense.**

Neither Rule 8(a) nor *Iqbal/Twombly* require a party to plead evidence. *Gentry v. Carnival Corp.*, No. 11-21580-CIV, 2011 WL 4737062, at *4 (S.D. Fla. Oct. 5, 2011); *see also Barone v. S & N Auerbach Mgmt., Inc.*, No. 12-CV-6101 SJF SIL, 2014 WL 6977811, at *3 (E.D.N.Y. Dec. 8, 2014) (holding, "a plaintiff is not required to plead 'specific evidence or extra facts beyond what is needed to make the claim plausible.'" (citing *Arista Records, LLC v. Doe 3*,

604 F.3d 110, 120-21 (2d Cir. 2010))). The source code cited in Escort's Second Affirmative Defense is expressly identified as "evidence". (Dkt. No. 35, p. 17-18).

Accordingly, Escort's reference to the ESC17363 source code was unnecessary, and Escort's Non-Infringement Claims were sufficiently plead even if the references to ESC17363 are stricken or disregarded. None of Escort's non-infringement positions will rely on ESC17363, since it was not implemented in its entirety in any commercial product. In any event, as the cases cited above hold, neither Rule 8(a) nor *Iqbal/Twombly* require a recitation of evidence and Escort's Non-Infringement Claims are sufficiently pled without the citation to that source code.

  **C.  Regardless of the Outcome of This Renewed Motion, the Burden Remains on Mr. Fleming to Prove Infringement.**

The Renewed Motion seems to imply an argument by Mr. Fleming that if Escort's First Counterclaim or Second Affirmative Defense for non-infringement are dismissed, infringement will have been established. This is not the case.

"It is axiomatic that the patentee bears the burden of proving infringement." *Ultra-Tex Surfaces, Inc. v. Hill Brothers Chemical Co.*, 204 F.3d 1360, 1364 (Fed. Cir. 2000). This is true even for a declaratory judgment claim of non-infringement filed by an accused infringer. *See Medtronic, Inc. v. Mirkowski Family Ventures, LLC*, 571 U.S. __, __, 134 S.Ct. 843, 849-50 (2014). Accordingly, notwithstanding Escort's pleading of its First Counterclaim and Second Affirmative Defense, the burden of proving infringement in order to obtain any relief in this case will always rest with Mr. Fleming, the patentee.

  **D.  Under Any Applicable Standard, Escort's Non-Infringement Claims Plead Ample Factual Information to Show Escort Has Not Infringed.**

Both the Federal Circuit and courts within the Ninth Circuit apply a different pleading standard to direct and indirect non-infringement counterclaims. Specifically, a direct non-

infringement counterclaim is evaluated based on whether it contains at least as much detail as what is referred to as Form 18, while indirect non-infringement claims are evaluated under Rule 8(a) and *Iqbal/Twombly*. Further, the pleading standard for a non-infringement affirmative defense appears unsettled in the Ninth Circuit. Each of these standards are discussed below.

However, regardless of the pleading standard applied, Escort's Non-Infringement Claims plead ample factual information to show Escort has not infringed. Mr. Fleming's nearly two-year silence since Escort filed its Amended Answer and Counterclaim tacitly concedes this.

### 1. Escort's First Counterclaim for Direct Non-Infringement Contains Much More Detail Than is Called for by Form 18.

Escort's "direct non-infringement allegations are sufficient if they have at least as much detail as Form 18." *PageMelding, Inc. v. ESPN, Inc.*, 2012 WL 3877686, *2 (N.D.Cal. 2012) (relying on *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). Form 18 is a sample complaint in the Appendix of Forms to the Federal Rules of Civil Procedure that sets forth a sample complaint for direct infringement.[6] *In re Bill of Lading*, 681 F.3d at 1334. "The language of Rule 84 and the Advisory Committee Notes make clear that a pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked." *Id.* (internal citations omitted); *see also K-Tech Commc'ns v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013).

> The example of direct infringement allegations in Form 18 is as follows: The defendant has infringed and is still infringing the Letters patent by making, selling, and using electric motors that embody the patented inventions, and the defendants will continue to do so unless enjoined by this court."

---

[6] Form 18 is *available at*: http://www.uscourts.gov/RulesAndPolicies/rules/current-rules/illustrative-civil-rules-forms.aspx.

*PageMelding, Inc.*, 2012 WL 3877686, *2.

The equivalent standard applies to a counterclaim for direct non-infringement. *Id.* ("The direct non-infringement portion of ESPN's counterclaim must be evaluated under Form 18 . . . ."). Thus, a direct non-infringement counterclaim is properly plead where its allegations are "substantially similar to the allegations in Form 18." *Id.*

In *PageMelding*, the non-infringement counterclaim asserted by ESPN stated:

> 16.  ESPN has not infringed and does not infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '577 patent.  In particular, ESPN has not and does not directly infringe, contributorily infringe, or induce the infringement of any valid and enforceable claim of the '577 patent.
> 17.  ESPN is entitled to a declaratory judgment that it has not infringed and does not infringe (either literally or under the doctrine of equivalents) the '577 patent.  *Id.*

The court held that this pleading satisfied Form 18, satisfied ESPN's pleading burden, and therefore denied the plaintiff's motion to dismiss ESPN's counterclaim. *Id.*

Here, Escort's First Counterclaim contains language practically identical to the language that was upheld as sufficient in *PageMelding*.  As in that case, Escort identifies the allegedly infringed patent ("the '038 patent and the '653 patent and the '905 patent") and that "Escort has not infringed" those patents.  (Dkt. No. 35, p. 56-57).  And, as described throughout this brief, Escort alleges much more through incorporation of its Second Affirmative Defense.  (*Id.*, ¶ 10).

### 2. All of Escort's Non-Infringement Claims Plead Ample Factual Content to Show Escort Has Not Infringed the Patents-in-Suit.

Rule 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  The allegations are to be construed in the light most favorable to the pleader, accepted as true, and all reasonable inferences are to be drawn in favor of the pleader; however, legal conclusions or unwarranted factual inferences need not be

accepted as true. *In re Bill of Lading*, 681 F.3d at 1331. A counterclaim will survive a motion to dismiss when it contains sufficient factual matter to state a claim for relief that is plausible on its face. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A counterclaim has facial plausibility when it pleads factual content that allows the court to draw the reasonable inference that the counter-defendant is liable for the misconduct alleged. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 556).

"Although the standard asks for more than a sheer possibility that a defendant has acted unlawfully, it is not akin to a probability requirement." (*Id.*). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). The pleading party is "not required to plead evidence, nor even all the facts upon which her claim is based." *Gentry*, 2011 WL 4737062, at *4; *Barone*, 2014 WL 6977811, at *3 (E.D.N.Y. Dec. 8, 2014) (holding, "a plaintiff is not required to plead 'specific evidence or extra facts beyond what is needed to make the claim plausible.'" (citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120-21 (2d Cir. 2010))).

The pleading standard for Escort's Second Affirmative Defense appears unsettled in the Ninth Circuit. In its Order on Mr. Fleming's Original Motion, the Court applied the "fair notice" pleading standard. (*See* Dkt. No. 31, p. 6-7 (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defenses so that the plaintiff was not a victim of unfair surprise.'" *Id.* (citing *Smith v. North Star Charter School, Inc.*, 2011 WL 3205280 (D. Idaho 2011)). Other Districts,

including the Northern District of California, apply the *Iqbal/Twombly* standard to affirmative defenses. *Id.* (citing *PageMelding, Inc.*, 2012 WL 3877686).

A counterclaim for non-infringement is sufficiently pled where it "has identified one of its products and the claim elements from [the] asserted patents that it believes are missing." *Rain Gutter Pros, LLC v. MGP Mfg., LLC*, No. C14-0458 RSM, 2014 WL 5439863, *4 (W.D.Wash. Oct. 28, 2014); *see also Cold Spring Granite Co. v. Matthews Intern. Corp.*, No. 10-4272 JRT-LIB, 2011 WL 4649407, *2 (D.Minn. Sept. 29, 2011) (denying motion to dismiss because "the First Amended Complaint sufficiently specifies the infringing products or process at issue in this case."). Here, Escort's Non-Infringement Claims identify nearly twenty (20) claim elements it believes are missing (Dkt. No. 35, p. 15-17), and it is clear what products are at issue, both when the Amended Complaint was filed and now. (*See, e.g.*, Dkt. No. 2, ¶¶ 52, 59, 66 (identifying the following products: Passport 9500i, Passport 9500ix, the Passport iQ, the GX65, and the Pro 500); Dkt. No. 66 (Passport Max2); Dkt. No. 181 (Passport Max2)). Accordingly, the Renewed Motion is properly denied because Escort's Non-Infringement Claims identify the products at issue and the claim elements that are missing.

Similarly, a counterclaim for non-infringement is sufficiently pled where the pleader has "identified the documents submitted by [the other party] to the PTO on which they rely to support the allegations." *The Hertz Corp. v. Enterprise Rent-a-Car Co.*, 557 F. Supp. 2d 185, 200 (D.Mass. 2008). Here, Escort did exactly that, identifying in particular the document submitted by Mr. Fleming (the "October 1, 2012 Response during the prosecution of the '038 patent") that it relies on to support its allegations that its products utilize a technique Mr. Fleming expressly disclaimed during prosecution of the '038 patent. (Dkt. No. 35, p. 15). Escort

has therefore pled plausible claims and the Renewed Motion is properly denied. *The Hertz Corp.*, 557 F. Supp. 2d at 200.

In addition, a non-infringement counterclaim or affirmative defense is sufficiently pled where it is based on the allegation that the products are non-infringing. *Infineon Techs. AG v. Volterra Semiconductor Corp.*, 2013 WL 1832558, *1-*2 (N.D.Cal. 2013). In *Infineon*, the court assessed the sufficiency of the indirect non-infringement counterclaim and affirmative defense asserted by the defendant (Volterra) in the context of the infringement claims alleged by the patentee (Infineon). *Id.* The court reasoned:

> Infineon's claims of indirect infringement by Volterra are, in essence, based on Volterra's alleged direct infringement, i.e., the sale by Volterra of products that are themselves alleged to be infringing. Infineon's indirect infringement claims are not based on the manner in which Volterra markets a non-infringing product to customers who then use such product to produce an infringing product, nor does Infineon allege that Volterra's products are components 'especially made or especially adapted for use' in such infringing products. A reasonable inference thus can be drawn that <u>Volterra's claims of indirect non-infringement</u> are not based on an allegation that Volterra does not encourage its customers to incorporate Volterra's allegedly infringing products into their own products, but rather <u>are based on the allegation that Volterra's products are non-infringing. Accordingly, the motion will be denied as to Volterra's counterclaims and affirmative defenses of indirect non-infringement.</u> *Id.* (internal quotations and citations omitted; emphasis added).

The same reasoning applies here and leads to the same result. Mr. Fleming alleges Escort directly infringes certain patents, not that Escort's products are used to produce an infringing product. (*See, e.g.*, Mr. Fleming's Complaint at Dkt. No. 2). Escort's Second Affirmative Defense identifies multiple reasons why the Accused Products do not infringe the patents-in-suit, as outlined above. Thus, a reasonable inference can be drawn that Escort's Non-Infringement

Claims are based on the allegation that the products are non-infringing, and Mr. Fleming's Renewed Motion is properly denied for this reason as well.  *Infineon*, 2013 WL 1832558, *1-*2.

> **E. Discovery Has Provided and Will Provide Mr. Fleming With The Facts and Evidence Supporting Escort's Non-Infringement Claims.**

Since Escort filed its Amended Answer and Counterclaim in March 2013, the parties have engaged in significant discovery in this case.  Discovery is on-going, with the parties continuing to serve, respond to, and supplement their interrogatory responses and document production as of this filing.  For example, Mr. Fleming Interrogatory No. 2 seeks, "all facts, documents, persons, and other detail on which Defendant relies to show how and why each limitation is missing."  In response to that and other discovery requests, Escort has provided and will continue to provide Mr. Fleming with significant information and detail regarding Escort's non-infringement positions.  Principal among that discovery is Escort's responses to Fleming's Interrogatory No. 2 (most recently supplemented in January 2015), the eight (8) Non-Infringement Charts that outline in detail the basis for Escort's Non-Infringement Claims for each disputed claim of each patent-in-suit, Escort's Invalidity contentions and the Product Compatibility Log, which identifies each binary code version used in the Accused Products at any relevant time.  (*See* Exs. A and B hereto and footnote 4, *supra*).

In addition, at Fleming's request, Escort's new counsel has agreed to review the sufficiency of the existing responses and will supplement them as appropriate, well before the expiration of fact discovery or relevant depositions.

In short, the information and details that Mr. Fleming has received in discovery (and will continue to receive) goes far beyond the "notice" set forth in the initial pleading pursuant to Rule 8(a), which further makes denial of his motion appropriate.

## IV. CONCLUSION

For each of the foregoing reasons, Escort respectfully requests the Court deny the Renewed Motion to Dismiss.

DATED February 13, 2015

                              HOLLAND & HART LLP

                              By s/J. Walter Sinclair_____
                                  J. Walter Sinclair
                                  Timothy P. Getzoff

                              *Attorneys for Defendants, Escort, Inc. and Beltronics USA, Inc.*

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I HEREBY CERTIFY that on the 13th day of February, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Steven S. Schossberger | sschossberger@hawleytroxell.com |
| Bradlee R. Frazer | bfrazer@hawleytroxell.com |
| Michael S. Dowler | mike@parklegal.com |

*Attorneys for Plaintiff*

| | |
|---|---|
| Brian P. Muething | bmuething@kmklaw.com |
| Bryce James Yoder | byoder@kmklaw.com |
| Keely E. Duke | ked@dukescanlan.com |
| Rachael Anne Rowe | rrowe@kmklaw.com |
| Robert Blaine White | rbw@givenspursley.com |

*Attorneys for Best Buy Co., Inc.; Amazon.com, Inc.; Hayneedle, Inc; Fry's Electronics; Herrington Catalog; Buy Radar Detectors, Inc.; Best Radar Detectors; ABT, Inc.; J&R Music and Computer World; Sears Holding Corp.; 1stRadarDetectors; Beach Camera/Buydig.com, Inc.; AM Merchandising, Inc.; Excel Distributing, Inc.; DBSouth, Inc.; Fulfillment Services, Inc.; Car Toys, Inc.; DAS Distributors, Inc.;*

By: s/J. Walter Sinclair_____
for HOLLAND & HART <small>LLP</small>

7492317