Michael S. Dowler
Park, Vaughan, Fleming & Dowler LLP
5847 San Felipe, Suite 1700
Houston, TX  77057
Telephone:  713.821.1540
Email:  mike@parklegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>         Plaintiff,<br><br>v.<br><br>ESCORT INC., ET. AL,<br><br>         Defendants. | Case No. 1:12-cv-0066-BLW<br><br>PLAINTIFF'S REPLY IN SUPPORT OF HIS RENEWED MOTION TO DISMISS CERTAIN OF DEFENDANTS' COUNTERCLAIMS AND DEFENSES (DKT. NO. 212) |

## SUMMARY

Escort's opposition does nothing to distinguish two undisputed facts that compel the dismissal of Escort's Second Affirmative Defense and its First Counterclaim.

**Undisputed Fact No. 1:**  The Court previously held that it was conditionally granting Mr. Fleming's original/first motion to dismiss Escort's Second Affirmative Defense and First Counterclaim unless Escort took the "one opportunity" the Court offered to satisfactorily amend its defense/counterclaim.

> The Court will give Escort one opportunity to amend the First Counterclaim to provide more detail.  Accordingly, the Court will conditionally grant Fleming's motion to dismiss, giving Escort 21 days to amend its pleadings to provide the requisite detail, and if no amendment is made, the Court will dismiss the First Counterclaim.

(Dkt. No. 31, Order at p. 5; *id*. at p. 7 (giving Escort the same "one opportunity" to amend its Second Affirmative Defense).)

**Undisputed Fact No. 2:**  The Court subsequently held that the source code (ESC17363) Escort used as the factual predicate for its amended pleading (in response to its "one opportunity" to amend) was fraudulently advanced.

> Fleming finds suspicious the timing of the development and production of ESC17363.  The source code was developed on March 21, 2013, and just six days later was cited as a defense to infringement in Escort's First Amended Answer and Counterclaim.  Among other filings, Escort's First Amended Answer and counterclaim… alleges that specific lines of source code – the identical lines contained in Escort's Non-Infringement Chart citing ESC17363 – incorporate the grid matching techniques and provide a defense to infringement charges.  *See First Amended Answer and Counterclaim (Dkt. No. [sic 35]) at* pp.15-18.

(Dkt. No. 178, Order at p. 6 (incorporating footnote).)

> In this case, Escort's counsel represented that ESC17363 operated Escort's accused devices knowing that ESC17363 did not operate any accused device.  This false representation was beyond reckless and was made in bad faith because Escort's counsel knew it was not true.

*(Id*. at p. 10.)

> The Court has already found by a preponderance of the evidence that Escort falsely claimed that (1) the source code found in ESC17363 was the current operating source code for Escort's commercially sold products; (2) ESC17363 provided a complete defense to Fleming's infringement challenges; and (3) Escort had produced all the source code.  This is just the type of fraud that opens up all communications related to ESC17363 to discovery.

(Dkt. No. 208, Order at p. 4.)

As indicated, Escort's opposition never attempts to distinguish these facts.  Thus, because it is undisputed (and the Court has found) that Escort used its "one opportunity" to commit fraud, Mr. Fleming submits the Court should implement the express provision in its prior order to dismiss Escort's First Affirmative Defense and its Second Counterclaim.  (Dkt. No. 31, Order at p. 5 ("Accordingly, the Court will conditionally grant Fleming's motion to dismiss, giving Escort 21 days to amend its pleadings to provide the requisite detail, and if no amendment is made, the Court will dismiss the First Counterclaim.").)  Escort committing fraud surely did not satisfy the Court's "one opportunity" to amend.

## ESCORT'S ARGUMENTS LACK MERIT

Escort's five opposition arguments lack merit.

### 1.   Escort's Argument that Mr. Fleming Waited Too Long to File the Present Motion

Escort complains that Mr. Fleming's motion should be denied allegedly because "Mr. Fleming's nearly two-year silence since Escort filed its Amended Answer and Counterclaim tacitly concedes [his motion is meritless]."  (Opp. Br. at p. 11; *see also id.* at p. 7.)  This argument desperately errs.  The premise of Mr. Fleming's motion is that Escort committed fraud when using its "one opportunity" to amend its pleadings.   The Court did not find that foundational fraud until January 9, 2015.  (Dkt. No. 208, Order at p. 4 ("This is just the type of fraud that opens up all communications related to ESC17363 to discovery.").)  Mr. Fleming filed

2

his present motion 11 days later.  (Dkt. No. 212, Motion.)  Thus, while Mr. Fleming technically could have filed his motion 10 days earlier, Escort's claim that he should have filed it two years before the Court found the fraud that forms the premise of his motion is plainly nonsensical.

### 2.      Escort's Argument that it Already has Been Sanctioned For its Fraud

Escort argues "all is well" and that Mr. Fleming's motion should be denied because the Court allegedly already sanctioned Escort for all its fraud.  (Opp. Br. at p. 1, 8-9.)  That argument is illogical, inconsistent with other Court orders, and confounds the Idaho Rules of Professional Conduct ("IRPC").

As an initial matter, the parties have not raised, and the Court has not addressed, how the Court's fraud finding regarding ESC17363 should affect the Court's prior order giving Escort "one opportunity" to amend its pleadings.  No one could have even contemplated that effect since there was no basis on which to raise or otherwise consider it until *after* the Court made its fraud finding.  Thus, far from having already sanctioned Escort for violating the Court's order to amend, the Court has not even had the opportunity to consider that violation until Mr. Fleming raised it in his present motion.

Next, the Court's subsequent order compelling Escort and counsel to produce all privileged and work product materials relating to ESC17363 (Dkt. No. 208) shows that the consequences of Escort's fraud did not fully and finally end—contrary to Escort's present argument—when the Court assessed attorney fees against Escort for its fraud (Dkt. No. 178).

Finally, Escort's argument that "we've paid some monetary sanctions so let's move on" errs as a matter of law for two additional reasons.  First, it suggests Escort believes the parties should continue to litigate this case on the basis of pleadings chocked full of fraud.  That approach would once again impermissibly—as the Court previously ruled—leave Mr. Fleming in the dark about what issues can be legitimately litigated since the parties' would be left with

Escort's pleading that not only fails any applicable pleading standard but is fatefully premised on fraudulent averments regarding ESC17363.  (Dkt. No. 31, Order at pp. 6-7 (explaining that Escort's pleading fails to comply with any applicable pleading standard).)  Second, Escort's desire to "simply move on" violates defense counsels' IRPC obligations.  Specifically, the Court found (prior defense) counsel and Escort fraudulently advanced ESC17363 in Escort's pleadings and discovery responses more than five months ago, yet *nothing* has been done to rectify the fraud as expressly required by the IPRC.  (*See* IRPC 1.2(d) (forbidding counsel from engaging in or assisting a client's fraud); IRPC 3.3 (counsel shall not knowingly fail to correct a false statement of material fact previously made to the tribunal, and shall take reasonable remedial measures to correct falsely advanced evidence); IRPC 4.1 (counsel shall not fail to disclose facts when disclosure is necessary to avoid assisting a fraudulent act).)  Thus, this is not a situation where Escort's mere payment of a prior fee award makes everything alright and that the parties should simply carry on as if the fraud either never happened or had no affect on other matters the Court has yet to consider, as is the case here.

### 3. Escort's Argument that Mr. Fleming Bears the Burden of Proving Infringement

Escort argues Mr. Fleming's motion should be denied because he will bear the burden of proving infringement irrespective of the Court's ruling on his motion.  (Opp. Br. at p. 2, 10.)  This, respectfully, makes no sense.  Mr. Fleming agrees that he bears the burden of proving infringement.  What that has to do with this motion, however, is a mystery Escort never explains.  Mr. Fleming has not sought a directed verdict or summary judgment, which would implicate his on-going need to satisfy his burden of proof regarding infringement.  Instead, he has requested that the Court dismiss Escort's Second Affirmative Defense and First Counterclaim.  Obviously, dismissing an affirmative defense and a counterclaim have no bearing on Mr. Fleming's statutory

obligation to prove his affirmative infringement case.  As such, Escort's argument concerning the burden of proof is irrelevant.

> **4.      *Escort's Argument that the Parties' Discovery has Provided Mr. Fleming all the Information he Needs***

Escort argues Mr. Fleming's motion should be denied because "discovery since the time of Escort's [fraudulent] pleading has provided Mr. Fleming with ample information to understand Escort's Non-Infringement claims".  (Opp. Br. at p. 2, 16.)  This not only errs as a matter of law, but defense counsel recently admitted it is not true.

As the Court previously ruled, discovery is not a substitute for pleadings that comply with the requisite pleading standards.  (Dkt. No. 31, Order at pp. 5-8 (discussing the pleading standards applicable to this case).)  If it was, every motion to dismiss for failure to properly plead would be denied under the premise that the necessary missing detail could be supplied later during discovery.  That obviously is not the law, as the Court held.  (*Id*.)

Next, not that it matters in light of the above discussion, but Escort's argument that its discovery responses provide all the non-infringement details Mr. Fleming needs is belied by the fact that Escort's counsel admitted during a conference with Mr. Metcalf last week that Escort's non-infringement contentions (in response to Fleming Interrogatory No. 2) are deficient.[1] Indeed, in response to defense counsel's admitted need to supplement, the Court issued an order giving Escort until April 30, 2015 to provide its supplement.  (Dkt. No. 235, Order at p. 1.)  The Court gave Escort months to supplement because defense counsel explained he was not "up to speed enough on the issues" to provide the requisite detail any earlier.  Thus, far from Mr. Fleming being apprised of the predicate for Escort's non-infringement positions (as Escort

---

[1] Recall that the subject matter of this motion—Escort's Second Affirmative Defense and its First Counterclaim—addresses non-infringement.

presently agues), Escort's counsel concedes to being as uninformed on the issue as Mr. Fleming three years after the case was filed.[2]

### 5.   *Escort's Argument Regarding the Sufficiency of its Pleading Absent the Fraud*

Escort argues that Mr. Fleming's motion should be denied because its pleading suffices even absent the fraud interwoven there-through.  (Opp. Br. at pp. 1, 9-16.)  Looking at the pleading absent the fraud dispels that argument.  Specifically, Escort's Second Affirmative Defense consists of 8 separate paragraphs.[3]   (Dkt. No. 35 at pp. 14-19.)   The following discussion addresses each paragraph and shows there is nothing left concerning non-infringement after the fraud is removed.

**Paragraph 1:**  As Escort admits, this paragraph is a carry-over from Escort's Original Answer and, as such, it is identical to the same paragraph in Escort's Original Answer, which the Court held was not compliant with any applicable pleading standard.  (Opp. Br. at p. 5, n. 1; *compare* Dkt. No. 8 at ¶ 73 and Dkt. No. 35 at ¶ 73; Dkt. No. 31, Order at pp. 6-8.)  Thus, this paragraph does nothing to satisfy Escort's "one opportunity" to amend its Second Affirmative Defense in compliance with the Court's order.

**Paragraph 2:**  This paragraph has nothing to do with the parties' present case since—as

---

[2] Escort conceded it needs to supplement its interrogatory response after Mr. Fleming pointed out that Escort's current response was uninformative and conclusory in an identical manner the Court held was insufficient during the parties' first case.  (*See* Exh. 1, party correspondence.)

[3] Escort incorrectly criticizes Mr. Fleming for pointing out that the Court gave Escort one opportunity to re-plead its "Second" Affirmative Defense.  Escort's criticism relies on the following statement in the Court's order: "Hence, the Court will not include the Second Affirmative Defense in its order requiring redrafting, and will await the filing of the Invalidity Contentions."  (Opp. Br. at p. 4, citing Dkt. No. 31, Order at p. 7.)  Escort is too quick to criticize because a simple look at the Second and Third Affirmative Defenses would have shown Escort that the Court simply said "Second" when it meant "Third" since the Third (not Second) Affirmative Defense concerns Escort's invalidity defenses.  (Dkt. No. 35, First Amended Answer and Counterclaims at ¶ 73.)  Despite Escort's criticism, the remainder of its opposition brief ironically acknowledges that the operative defense is Escort's Second Affirmative Defense.

Escort admits—it was included in the Second Affirmative Defense as a mere placeholder "to preserve the non-infringement contentions advanced in *Fleming I* because, at the time the Amended Answer was filed, *Fleming I* was still pending". (Opp. Br. at p. 5, n. 3.) Thus, as Escort once again admits, this paragraph does nothing to satisfy Escort's "one opportunity" to amend its Second Affirmative Defense in compliance with the Court's order.

**Paragraph 3:** This paragraph argues that Escort cannot infringe Mr. Fleming's patents because the patents allegedly require "determining the distance from the device to a predetermined position", whereas Escort's products use a grid matching algorithm that "compares grid regions to determine whether the device and a false alarm source are in the same map grid region". (Dkt. No. 35, Amended Answer at p. 15.) The problem with this paragraph is that it (along with other paragraphs described below) constitutes the exact fraud the Court previously found. In other words, it was the grid matching algorithm that defendants advanced as part of ESC17363 that Escort fraudulently wanted Mr. Fleming to believe operated all of Escort's accused products. As the Court held when expressly addressing *this* paragraph (as well as others) in Escort's Second Affirmative Defense:

> What motive would Escort have to produce false source code? Fleming points out that the source code in ESC17363 uses a "grid matching technique" that Fleming had expressly disclaimed during the reexamination process before the Patent Office. This is why Escort claimed earlier that ESC17363 provided a complete defense – the source code contained in ESC17363 used a "grid matching technique" that Fleming had represented was not used in his patented inventions.

> Fleming finds suspicious the timing of the development and production of ESC17363. The source code was developed on March 21, 2013, and just six days later was cited as a defense to infringement in Escort's First Amended Answer and Counterclaim. Among other filings, Escort's First Amended Answer and Counterclaim, filed on March 27, 2013, alleges that specific lines of source code – the identical lines contained in Escort's Non-Infringement Chart citing ESC17363 – incorporate the grid matching technique and provide a defense to infringement charges. *See First Amended Answer and Counterclaim (Dkt. No. [sic 35])* at pp. 15-18.

(Dkt. No. 178, Order at p. 6 (incorporating footnote).)  As indicated, the Court's citation to pages 15-18 of Escort's Second Affirmative Defense includes Paragraph 3.  Thus, since Paragraph 3 constitutes the exact fraud the Court previously found, it does nothing to satisfy Escort's "one opportunity" to amend its Second Affirmative Defense in compliance with the Court's order.

**Paragraphs 4-5:**  These paragraphs allege that Escort does not infringe certain claim elements in the '905 patent on the factual predicate that Escort's products operate the ESC17363 code.  Again, the problem with these paragraphs is that they constitute the exact fraud the Court previously found.  Indeed, as was the case above with respect to Paragraph 3, the Court's fraud finding expressly identifies Paragraphs 4-5 as constituting the fraud.  (Dkt. No. 178, Order at p. 6, n. 1 ("Among other filings, Escort's First Amended Answer and Counterclaim, filed on March 27, 2013, alleges that specific lines of source code – the identical lines contained in Escort's Non-Infringement Chart citing ESC17363 – incorporate the grid matching technique and provide a defense to infringement charges.  *See First Amended Answer and Counterclaim (Dkt. No. [sic 35]) at pp. 15-18.*").)  (Note that the Court's citation to pp. 15-18 includes paragraphs 4-5.)[4]  Thus, since these paragraphs constitute the exact fraud the Court previously found, they do nothing to satisfy Escort's "one opportunity" to amend its Second Affirmative Defense in compliance with the Court's order.

**Paragraphs 6-7:**  As Escort admits, these paragraphs relate to willful infringement, not infringement itself.  (Opp. Br. at p. 6.)  Infringement and willful infringement are separate matters with different proof issues.  *See e.g., Robert Bosch, LLC v. Pylon Mfg. Corp,* 719 F.3d

---

[4] There can be no debate about the fraud.  Paragraph 4 notes in impermissible, conclusory fashion that certain claim limitations are not met by unidentified Escort products, whereas Paragraph 5 provides the requisite factual predicate for the allegations in Paragraph 4 by noting that the "[e]vidence that Escort's products do not and cannot meet *these* claim limitations [*i.e.,* those identified in Paragraph 4] is located at [ESC17363]".  (Dkt. No. 35 at pp. 15-17 (emphasis added).)

1305, 1317 (Fed. Cir. 2013) (en banc).  Indeed, as is typical in all patent cases and as occurred in the parties' first case, the issue of infringement and willful infringement are/were separate issues on the jury verdict form.  (*Fleming v. Escort, et al.,* Case No 1:09-cv-105-BLW at Dkt. No. 304, jury verdict.)  Indeed, the issues are so different that some district courts bifurcate them so they are not tried at the same time.  *Robert Bosch*, 719 F.3d at 1318.

For these reasons, defendants in patent cases typically separate their willfulness defense from their affirmative defense of non-infringement.  For whatever reason, Escort did not do that. It is not, however, Mr. Fleming's intention to include Escort's willful infringement defense in his present motion to dismiss, which is directed only to Escort's non-infringement defense and counterclaim.  Thus, Paragraphs 6-7 present no reason for denying Mr. Fleming's motion to dismiss Escort's non-infringement affirmative defense (paragraphs 1-5 and 8 (as shown below) of its Second Affirmative Defense) and its First Counterclaim.

**Paragraph 8:**  Paragraph 8 raises an estoppel defense.  Thus, like Paragraphs 6-7, Paragraph 8 raises an issue distinct from Escort's affirmative defense and counterclaim for non-infringement, which are the subjects of the present motion.  Nevertheless, for the following reasons, the Court should treat Paragraph 8 differently from Paragraphs 6-7.

As shown by the chart below, Paragraph 8 in Escort's Second Affirmative Defense and a portion of Escort's Fourth Affirmative Defense are word-for-word identical.

| Second Affirmative Defense, ¶ 8 | Fourth Affirmative Defense, p. 21 |
|---|---|
| Escort also cannot infringe [Fleming's patents] by reasons of prior art and/or statements made to the Patent Office during the prosecution of the application that issued as the '038 patent and the '653 patent and the '905 patent.  In particular, during the examination of the '653 patent and the '905 patent, Fleming cancelled and amended claims requiring a "compass," so | Fleming is [estopped from arguing Escort infringes] by reasons of prior art and/or statements made to the Patent Office during the prosecution of the application that issued as the '038 patent and the '653 patent and the '905 patent.<br><br>In particular, during the examination of the '653 patent and the '905 patent, Fleming |

9

| | |
|---|---|
| as to clearly surrender such claim scope in response to rejections of such claims pursuant to 35 U.S.C. § 112.   Fleming is therefore estopped from asserting that radar detectors including a compass or compass capabilities infringe. | cancelled and amended claims requiring a "compass," so as to clearly surrender such claim scope in response to rejections of such claims pursuant to 35 U.S.C. § 112.  Fleming is therefore estopped from asserting that radar detectors including a compass or compass capabilities infringe the '905 patent. |

Critically, along with previously dismissing many of Escort's other affirmative defenses, the Court dismissed all of Escort's Fourth Affirmative Defense as it relates to statements Mr. Fleming made to the Patent Office, other than statements made ***after*** the *Fleming I* litigation. (Dkt. No. 178, Order at p. 21.)  Since Paragraph 8 relates only to statements Mr. Fleming made to the Patent Office ***before*** the Fleming I litigation[5], the allegations in Paragraph 8 already have been dismissed.  (*Id*.)  Thus, this paragraph does nothing to satisfy Escort's "one opportunity" to amend its Second Affirmative Defense in compliance with the Court's order.

## CONCLUSION

Once the fraud and previously dismissed defense are removed from Escort's Second Affirmative Defense, only Paragraphs 6-7 remain.   Since those remaining paragraphs have nothing to do with non-infringement, Escort's Second Affirmative Defense is as threadbare as it was when the Court first conditionally granted Mr. Fleming's motion.   Accordingly, Mr. Fleming requests that the Court do as it originally ordered by dismissing Escort's Second Affirmative Defense, leaving in tact Escort's separate, willful infringement defense plead in Paragraphs 6-7.   As for Escort's First Counterclaim, Escort admits that counterclaim "incorporated its Second Affirmative Defense as its factual basis".  (Opp. Br. at p. 7.)  As such, Escort's First Counterclaim should be dismissed on the same basis as its Second Affirmative Defense.

---

[5] This is necessarily true since the last of the Fleming patents (the '905 patent) issued on November 10, 2010—almost two years before *Fleming I* went to trial.  (Exh. 2, '905 patent.)

March 2, 2015                         Respectfully Submitted

                                     _____/s/_____
                                     Michael S. Dowler
                                     Park, Vaughan, Fleming & Dowler, LLP
                                     5847 San Felipe, Suite 1700
                                     Houston, TX 77057
                                     (713) 821-1540
                                     (713) 821-1401 (facsimile)

                                     Attorneys for Plaintiff Hoyt A. Fleming

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of March 2015, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons.  To the extent any of the foregoing was filed under seal, I have also concurrently served the following persons by email as indicated below.

| | |
|---|---|
| Bradlee R. Frazer<br>Hawley Troxell Ennis & Hawley LLP<br>877 Main Street, Suite 1000<br>Boise, ID 83702 | Bryce J. Yoder<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 |
| Steven F. Schossberger<br>Hawley Troxell Ennis & Hawley LLP<br>877 Main Street, Suite 1000<br>Boise, ID 83702 | Rachael A. Rowe<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 |
| Brian P. Muething<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 | Keely E. Duke<br>Duke Scanlan Hall PLLC<br>1087 W. River Street, Suite 300<br>Boise, ID 83702 |
| J. Walter Sinclair<br>Holland & Hart LLP<br>800 West Main Street, Suite 1750<br>Boise, ID 83702 | Robert B. White<br>Givens Pursley LLP<br>601 West Bannock Street<br>Boise, ID 83702 |
| Timothy P. Getzoff<br>Holland & Hart LLP<br>800 West Main Street, Suite 1750<br>Boise, ID 83702 | |

/s/
Michael S. Dowler