# LITIGATION PLAN
**(Revised Effective 11/17/03)**

DATE OF CASE MANAGEMENT CONFERENCE:  n/a

CASE NO: 12-cv-0066         NATURE OF SUIT:  Patent Infringement

CASE NAME: **Fleming v. Escort**, et al.

PARTY SUBMITTING PLAN:

[ ] Plan **has been** stipulated to by all parties.

[x] Plan **has not been** stipulated to, but is submitted by: (The parties have not agreed to all aspects of the Litigation Plan and the Plaintiff is not authorized to speak for Escort regarding the Litigation Plan)

ATTORNEY:  J. Walter Sinclair

REPRESENTING:  Escort/Beltronics

1. **CASE MANAGEMENT TRACK**: Indicate the track that best fits your case. Designation of a track is not binding but will assist the Court in assessing its workload and selecting a trial date and discovery schedule that meets counsel's needs.

    [ ] **Expedited Track** - Cases on this track will typically be set for trial approximately 9 to 12 months following the case management conference; take 4 days or less to try; and involve limited discovery.

    [X] **Standard Track** - Cases on this track will typically be set for trial approximately 12 to 15 months following the case management conference; and take about 5-10 days to try. Counsel for Escort believes this matter could take up to 15 days to try, and suggested to Fleming that the parties should at least reserve 10 days, contrary to the representations made by Fleming in his Litigation Plan (Dkt 266)

    [ ] **Complex Track** - Cases on this track will typically be set for trial approximately 15 to 24 months following the case management conference; take 10 days or more to try; involve extensive discovery with staggered discovery schedules; and have extensive expert testimony.

    [ ] **Legal Track** - Cases that involve legal issues likely to be resolved by motion rather than trial. A motion hearing will be set at the case management conference.

2. **DISPOSITIVE MOTIONS FILING CUT-OFF DATE : 30 days after the disclosure of the expert rebuttal report.**
3.
    a. This is the critical event for case management and will dictate when the trial will be set. Unless the case is resolved through dispositive motions, the case will be tried approximately 6 months following this date. Therefore, it is strongly recommended that

this cut-off date be set within 3-6 months following the case management conference for an expedited track case, within 6-12 months for a standard track case, and within 9-18 months for a complex track case.

4. **JOINDER OF PARTIES & AMENDMENT OF PLEADINGS CUT-OFF DATE**:
   30 days after the issuance of the Markman Order  (Not more than 3 months following the Case Management Conference).

5. **ADR PLAN TO BE FILED WITH ADR COORDINATOR BY:**  5/15/15 - mediation
   (90 days after the Case Management Conference).
   a. The ADR Plan must indicate the form of ADR which will be utilized and the timeframe within which it will be completed. Regardless of whether the parties choose mediation, a judicially-supervised settlement conference, or some other form of ADR, the Court strongly encourages the attorneys to schedule ADR early in the proceedings and in advance of the filing of dispositive motions so as to reduce the cost of litigation for their clients. In addition, the trial will be set very soon after the resolution of dispositive motions so that there will be little time to engage in meaningful ADR after that date.

6. **DISCOVERY PLAN PROPOSED. Fed. R. Civ. P. 26(f)**: In accordance with the Federal Rules of Civil Procedure and the Local Patent Rules.

7. **DISCOVERY CUT-OFF DATE**: 90 days after the issuance of the Markman Order
   (15-30 days prior to the dispositive motion cutoff). Plaintiffs' proposed Discovery Cut-Off puts the procedure in charge of the case. Plaintiff has filed multiple motions and continues to file motions. His litigation plan is based around his preliminary motions and he builds the schedule around said motions. I have never seen a case where the court did this. If you have discovery issues, you raise them and get them resolved within the discovery period. By creating a schedule around the discovery issues, Plaintiff has the tail wagging the dog. Based on Plaintiff's proposal, as long as he continues to file motions, a trial date would never be set. It looks more like a very expensive series of mini-trials.
   a. Counsel may, however, stipulate that after dispositive motions have been decided the parties will engage in additional discovery focused on trial preparation. This may include discovery relating to damage claims and other issues not typically resolved by dispositive motions.

8. **EXPERT TESTIMONY DISCLOSURES: Local Rule 26.2(b)**

   a. Identify and disclose expert witnesses by party with the burden of proof:  120 days after the issuance of the Markman Order
      (60 days prior to the discovery cut-off).
   b. Defendant identify and disclose experts by:  30 days after the initial Expert Disclosure
      (30 days after Plaintiff's disclosure.)
   c. Disclosure of rebuttal experts by:  15 days after the rebuttal Expert Disclosure
      (2 weeks after Defendant's disclosure.)

9. **TRIAL DATE**: The date of the trial and the pretrial conference will be scheduled at a trial scheduling conference following the resolution of dispositive motions and the conclusion of court-supervised ADR.

10. **ESTIMATED LENGTH OF TRIAL**: 15 days

    Jury demanded?  Yes        Jury demanded by which party?  Plaintiff