UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESCORT, INC., et al.,<br><br>　　　　Defendants. | Case No. 1:12-CV-00066-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Fleming's renewed motion to dismiss Escort's Second Affirmative Defense and First Counterclaim. The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In an earlier-filed decision, the Court found that several of Escort's affirmative defenses and counterclaims were vague, and gave Escort one opportunity to avoid dismissal and amend those allegations to provide more detail. *See Memorandum Decision (Dkt. No. 31)* at p. 5. Escort responded by filing an Amended Answer and Counterclaim, prompting a renewed motion to dismiss by Fleming as to a portion of that pleading – specifically, Fleming moves to dismiss Escort's Second Affirmative Defense and First Counterclaim.

MEMORANDUM DECISION AND ORDER - 1

Part of the detail that Escort added to these allegations relied on the ESC17363 source code that was never actually used in any commercial product. *See Memorandum Decisions (Dkt. Nos. 178 & 208).* Thus, ESC17363 cannot be used as a defense. Escort recognizes this, and offers to withdraw the references to ESC17363. The Court will so order, and will proceed to evaluate the sufficiency of Escort's Second Affirmative Defense without reference to the allegations regarding ESC17363.

## LEGAL STANDARD

To survive a motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009). A claim has facial plausibility when the claimant pleads factual content that allows the court to draw the reasonable inference that the counter-defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556.

The Ninth Circuit Court of Appeals has yet to address whether the *Iqbal/Twombly* standard applies to affirmative defenses, and district courts within the Circuit are divided on the issue. *See Comercializadora Recmaq v. Hollywood Auto Mall,* 2014 WL 3628272 (S.D.Cal. July 21, 2014) (discussing the division within the Circuit's district courts). This Court has adopted the Patent Local Rules from the Northern District of California and hence looks there for guidance. Within that District, there is "widespread agreement" that the *Iqbal/Twombly* standard applies to affirmative defenses. *PageMelding, Inc. v.*

*ESPN, Inc.*, 2012 WL 3877686 at *1 (N.D.Cal. Sept. 6, 2012).  The Court finds *PageMelding* persuasive.

Applying *Iqbal/Twombly* to affirmative defenses means that "bare statements reciting mere legal conclusions [in an affirmative defense] may not be sufficient." *Hernandez v. Dutch Goose, Inc.,* 2013 WL 5781476 at *4 (N.D.Cal. Oct. 25, 2013). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual basis of the defense." *Id.*

At the same time, however, patent cases are unique.  Shortly after the complaint is filed, the Court's Patent Local Rules require Fleming to detail its infringement claims, and Escort to detail its invalidity claims.  Thus, each side is entitled to a detailed statement of their opponent's allegations relatively early in the case.  Consequently, "there is much uncertainty as to the applicability of *Twombly* and *Iqbal* to patent litigation generally, at least where, as here, the local rules prescribe a detailed process requiring prompt disclosure of specific bases for claims and defenses." *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 929 (N.D. Cal. 2012).  To strike a balance, the *Barnes & Noble* case evaluated the sufficiency of affirmative defenses by comparing the detail in their allegations with the detail contained in the opponent's complaint:  "What is good for the goose's complaint should be good for the gander's answer." *Id.*  The Court finds this approach persuasive and will follow it in this case.

## ANALYSIS

The only amendment Escort made to its First Counterclaim was to incorporate the allegations from its Second Affirmative Defense. *See Amended Answer (Dkt. No. 35)* at pp. 56–57. Thus, the adequacy of Escort's First Counterclaim depends entirely upon the sufficiency of the detail in its Second Affirmative Defense.

Escort's amended Second Affirmative Defense consists of eight paragraphs. Some of those paragraphs contain references to ESC17363 that the Court will not consider in determining the sufficiency of the Second Affirmative Defense. The Court will likewise ignore other paragraphs that contain references to matters that were resolved in *Fleming I*. With all those matters stripped out, does Escort's Second Affirmative Defense meet the *Iqbal/Twombly* test?

The Court finds that it passes muster. For example, the file-wrapper estoppel defenses are broad enough to invoke representations made by Fleming to the Patent and Trademark Office (PTO) after the resolution of *Fleming I*. Escort's defense is that such representations narrow Fleming's patents. To the extent that Escort's file wrapper defense relies on representations made to the PTO that were not considered in *Fleming I,* the defense is appropriate. In addition, Escort alleges in detail its defense to Fleming's charge of willful infringement, and Fleming has stated that it is not trying to dismiss that defense.

In examining these remaining defenses – the file wrapper defense and the defense to the willful infringement claim – there is a rough equivalency between the detail in

Escort's Second Affirmative Defense and Fleming's complaint.  Under the *Barnes & Noble* test, discussed above, those defenses satisfy the *Iqbal/Twombly* test.  Accordingly, Fleming's motion will be denied.

## ORDER

Pursuant to the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Plaintiff's Renewed Motion to Dismiss Certain of Defendants' Counterclaims and Defenses (docket no. 212) is DENIED.

IT IS FURTHER ORDERED, that all references to ESC17363, all references to lines of code contained therein, and any defense relying on ESC17363 in Escort's Answer and Counterclaim are DEEMED STRICKEN, and Escort shall filed an Amended Answer and Counterclaim without those references within thirty (30) days from the date of this decision.

DATED: April 20, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court