IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING, | |
| Plaintiff, | Case No.  1:12-CV-066-BLW |
| v. | **CASE MANAGEMENT ORDER** |
| ESCORT, INC., et al., | |
| Defendants. | |

Following a Telephone Scheduling Conference, and to further the efficient administration of this matter,

NOW THEREFORE IT IS HEREBY ORDERED, that the following recitation of deadlines and procedures shall govern this litigation:

1. **Motions to Reconsider Hearing Date**:  The hearing on the motions to reconsider (docket nos. 260 & 265) shall be set for **July 21, 2015,** at 1:30 p.m. in the Federal Courthouse in Boise Idaho.  Each side will be allowed one witness.  The hearing will conclude at 5:00 p.m., and with a 15 minute break, the total time allotted will be 210 minutes.  That time will be divided equally so each side will have 105 minutes to present their testimony and argument.

2. **Deadline Analysis**:  The Court finds that the deadlines will be tied to the date the Court issues a decision on the *Markman* issues.  Those issues are fully briefed and awaiting resolution.  The Court has held previously that it will not hold a hearing

to resolve those issues.  Because some deadlines in this case must await the *Markman* decision, the Court will tie those particular deadlines to the issuance of that decision.

3. **<u>Dispositive Motion Deadline</u>**: All dispositive motions shall be filed within 30 days after disclosure of the expert rebuttal report.  This deadline will **<u>not</u>** be extended even if you are having discovery disputes.

   a.   This is the critical event for case management and will dictate when the trial will be set.

   b.   As provided below, a trial setting conference will be scheduled immediately following resolution of all dispositive motions.  To facilitate a prompt trial setting, I will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument. If a decision is not issued within this time frame, I invite inquiry from counsel as to the status of the decision.

4. **<u>Amendment of Pleadings and Joinder of Parties</u>**: All motions to amend pleadings and join parties, except for allegations of punitive damages, shall be filed within 30 days after the issuance of the *Markman* decision.  This deadline shall only be extended for good cause shown.[1]  All parties are entitled to know the

---

[1]  The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of  Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause."  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

claims and parties well-before trial rather than be forced to pursue or defend against a moving target.  Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

5.  **Alternative Dispute Resolution Plan**:   The parties shall file their ADR Plan on or before May 15, 2015**.**  For further information, they may contact the Court's ADR Coordinator at (208) 334-9067.

6.  **Discovery Plan**:  Discovery shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules.

7.  **Completion of Discovery**:  All discovery will be completed within 90 days after the issuance of the *Markman* decision.  This is a deadline for the <u>completion</u> of all discovery; it is not a deadline for discovery <u>requests</u>.  Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.  The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue, until after I have ruled on any dispositive issues.

8.  **Disclosure of Experts**:

c.  The party with the burden of proof shall disclose the experts intended to be called to meet that burden within 120 days after the issuance of the *Markman* decision.

d.  The opposing party shall file any responsive expert reports within 30 days after the initial expert disclosure.

e.  Any rebuttal expert reports shall be filed within 15 days after the responsive reports are filed.

9.  **Rules Governing Disclosure of Expert Witnesses**:  Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b).  Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1).  Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition.  This includes rebuttal experts.  No undisclosed expert rebuttal opinion testimony will be allowed at trial.

10. **Scheduling of Trial and Pretrial Conference**.  Plaintiff's counsel shall contact In-Court Deputy Jamie Gearhart within one week following the entry of a decision on all pending dispositive motion to make arrangements for a telephone scheduling conference between counsel and me in which the trial and pretrial conference shall be set.  If no dispositive motion is filed, Plaintiff's counsel shall

immediately contact Ms. Gearhart within one week of the dispositive motion filing

deadline to set a telephone scheduling conference.

11. **Law Clerk**:  If counsel has a procedural or legal question that needs to be brought

to my attention, please contact David Metcalf, the law clerk assigned to this case

at (208) 334-9025 or dave_metcalf@id.uscourts.gov.

12. **Handling of Discovery Disputes and Non-disposition Motion**:

f.      I will **not** refer this case to a magistrate judge for resolution of discovery

disputes and non-dispositive motions.  I will keep these motions on my own

docket.

g.      The parties will strictly comply with the meet and confer requirements of

Local Rule 37.1 prior to filing any discovery motions.

h.      In addition, I will not entertain any written discovery motions until the

Court has been provided with an opportunity to informally mediate the

parties' dispute.  To facilitate that mediation, the attorneys will first contact

David Metcalf, the law clerk assigned to this case, and shall provide him

with a brief written summary of the dispute and the parties' respective

positions.  Mr. Metcalf may be able to offer suggestions that will resolve

the dispute without the need of my involvement.  If necessary, an off-the-

record telephonic conference with me will then be scheduled as soon as

possible.  I will seek to resolve the dispute during that conference and may

enter appropriate orders on the basis of the conference.  I will only

authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

i.      Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

13. **Calendaring Clerk**:  With regard to any scheduling matters or calendar issues, please contact my deputy clerk, Jamie Gearhart at (208) 334-9021.

14. **Docketing Clerk**:  If you have any docketing questions, please contact docketing at (208) 334-1361.

DATED: April 29, 2015

B. Lynn Winmill
Chief Judge
United States District Court