Michael S. Dowler
Park, Vaughan, Fleming & Dowler LLP
5847 San Felipe, Suite 1700
Houston, TX  77057
Telephone:  713.821.1540
Facsimile:  713.821.1401
Email:  mike@parklegal.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING, | ) Case No. 1:12-cv-0066-BLW |
| | ) |
| Plaintiff, | ) |
| | ) PLAINTIFF'S REPLY IN SUPPORT OF |
| v. | ) HIS RENEWED MOTION FOR |
| | ) TERMINATING SANCTIONS (DKT. |
| ESCORT INC., ET. AL, | ) NO. 286) |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

Escort's opposition is a shocking acknowledgement of its fraud and a concession this case must be terminated.  The premise of Escort's argument is that it had a right to alter the functionality of its source code to avoid Mr. Fleming's patents.  But, Escort unwittingly admits that all 116 changes it made to its code—only days before relying on it and producing it to Mr. Fleming—had *nothing* to do with the code's functionality.  (Code can be changed in numerous ways that do not its functionality.)  Instead, as Escort's and counsel's email communications admit, all 116 changes were made for one purpose only—to falsely convince the Court and the jury that all of Escort's accused products implemented a "GRID" method Mr. Fleming had disclaimed.  It goes without saying that Escort's fraudulent alteration of its code radically altered the parties' relative difficulties of convincing the jury that the accused products did (or did not) implement a grid method when Escort changed 116 labels in the code to "GRID" that previously contained 0 such references.

A second shocking element of Escort's opposition is that it is not supported by a single declaration by any of the outside counsel or in-house officers who conspired to defraud Mr. Fleming, the Court, the jury, and the entire judicial system.  Not one single person has come forward to deny their fraud or explain why the facts do not warrant terminating sanctions. Everyone simply seems to be "ducking", fearful of exacerbating the fraud or further incriminating themselves.

Accordingly, Mr. Fleming respectfully submits that the time has come to put an end to the fraud, punish those responsible, send a signal to others that fraud will not be tolerated, and let Escort know that its advancement of false evidence is so outrageous and so contrary to the administration of justice that it has forfeited its right to continue participating in this proceeding.

## <u>THE FACTS ARE NOT DISPUTED</u>

Escort's opposition brief shows the facts are not disputed.  Escort does not deny the facts

begin on March 5, 2012 when Escort filed its original answer and counterclaim.  (Dkt. No. 8.)

Escort does not deny that its pleading was so vague that Mr. Fleming filed a Rule 12(b) motion

to dismiss.  (Dkt. No. 18.)  Escort does not deny that the Court granted the motion one year later

on March 6, 2013, giving Escort 21 days to amend its pleading to identify the factual support for,

among other things, its non-infringement defense and counterclaim.  (Dkt. No. 31, Order at p. 7.)

Escort does not deny the amended pleading it filed 21 days later (on March 27, 2013) is

the pleading in which Escort first fraudulently advanced ESC17363 as a complete defense to all

its infringement, including willful infringement.  Recall the Court's prior holding in that regard:

> Taking Escort at its word, the following is undisputed: (1) In March of 2013, Escort
> cited specific lines of source code from ESC17363 in its First Amended Answer and
> Counterclaim as a defense to infringement; (2) In May of 2013, Escort filed Non-
> Infringement Contentions – pursuant to Local Rule 3.4 that requires production of the
> source code operating the accused devices – citing ESC17363 as a defense to
> infringement and produced a physical copy of the source code to Fleming; (3)
> Escort's counsel represented to Fleming's counsel that all the source code had been
> produced; (4) Escort failed to explain in its production of ESC17363 that the source
> code was not being currently used in any Escort accused device being sold
> commercially, and that Escort only hoped to use it commercially – or some portion of
> it – in the future; (5) ESC17363 in its entirety has never been used in any
> commercially produced Escort product and was only used during tests of the 9500ix
> product; (6) Some lines of source code contained in ESC17363 eventually were used
> in commercial products by January of 2014 (and perhaps as early as November of
> 2013).

(Dkt. No. 178, Order at p. 8.)  As shown below, during the 21 days the Court gave Escort to

amend its pleadings, Escort and counsel implemented a self-described "***strategy***" of fabricating

ESC17363.  Indeed, the facts show and Escort does not deny that it possessed a "business"

version of ESC17363 it allegedly was developing for commercial purposes and a "litigation"

version it fabricated for use in its amended pleadings and elsewhere throughout this case.

Specifically, Escort admits that after it lost the *Fleming I* case in July 2012 it sought to

2

redesign its source code so its products would no longer infringe.  (Dkt. No. 292, Opp. Br. at p. 7 ("By the end of October 2012, the redesigned source code that avoided Mr. Fleming's patents was complete and performed to expectations.").)  Escort does not deny that it referred to this code as its "revised" code.  Accordingly, as documented by the email exchange below, shortly after the Court's March 6, 2013 order compelling more detailed pleadings, Escort does not deny that defense counsel had a telephone conference with Escort's source code engineer (Mr. Orr), after which they requested that Mr. Orr send them Escort's "revised" code.

> From: Brett Schatz [bschatz@whe-law.com]
> Sent: Wednesday, March 13, 2013 10:11 AM
> To: Steve Orr
> Cc: Tom Humphrey
> Subject: Revised Source Code
>
> Steve,
>
> As a follow up to our call last week, when you are able, please send to me the native version of the revised source code.
>
> Thanks,
> Brett

(Exh. 1, at ESC017363_028195.)  Escort naturally does not deny that it needed the code in order to substantiate the factual basis for the non-infringement contentions it intended to add to its amended pleading, as the Court had ordered several days earlier.  Escort does not deny that Mr. Orr complied by delivering (via email) the revised code to counsel that same day.  (Exh. 1 at ESC017363_028193-94.)  Escort also does not deny that the next day Mr. Schatz forwarded (via email) the revised code to his secretary/paralegal (Ms. Freeman) and instructed her to prepare it for production as ESC17363.

> To:        Anita Freeman[afreeman@whe-law.com]
> From:    Brett Schatz
> Sent:     Thur 3/14/2013 5:27:53 PM
> Importance:        Normal
> Subject:  FW: Revised Source Code
> Source C File for GPS Processor.zip
> Line Number Relating to Fleming Redesign.xls
>
> Anita,
>
> The "Line Number...." document is simply for the file.
>
> The "Source C file..." has in it a source code file - this will need to be prepared for production (it should be ESC 17363).
>
> Thanks,
> Brett

(Exh. 1, at ESC017363_028193.)  As the following additional facts show, none of which Escort denies, Escort never produced the revised "business" version of its code that Mr. Schatz delivered to his paralegal for production as ESC17363.  Instead, Escort and counsel got together and decided the revised code did not suit their "legal response", so they instituted their self-described "***strategy***" (corroborated below) of falsifying the code for litigation purposes.

Specifically, Escort does not deny that the very next day (March 15, 2013) after Mr. Schatz gave the "business" version of the code to his paralegal to produce as ESC17363, counsel and Escort had an "extended telephone conference", after which Mr. Orr "[m]odif[ied] the source code based on Brett's [Mr. Schatz's] requests".  Mr. Schatz's and Mr. Orr's time records show this sickening and shocking event is exactly what happened, none of which Escort denies.

| Orr Timesheet | 3/15/2013 | Escort/Fleming: Teleconference with Brett Schatz to review GPS architecture and relationship to legal response he is preparing in Fleming lawsuit. Then review the C source code and associated labeling. Modify source code based on Brett's requests. | | |
| Schatz Timesheet<br><br>(BAS = Brett A. Schatz) | 03/15/13 | BAS | Continued review of revised source code; prepare non-infringement arguments based on revisions to source code; extended telephone conference with Mr. Orr regarding revised source code. |

(Exh. 2, ESC017363_000531 (Orr timesheet); Exh. 3, ESC17363_001031 (Schatz timesheet).)

This fabrication entailed Mr. Orr making 109 changes to the code at Mr. Schatz's request. We know this for three reasons, none of which Escort denies.  First, Mr. Orr sent an email (below) to Mr. Schatz three business days later describing the "109" changes he made to the code at Mr. Schatz's direction.

From: Steve Orr [mailto:skorr@escortinc.com]
Sent: Wednesday, March 20, 2013 4:57 PM
To: Brett Schatz
Subject: Update to Escort GPS source file "gpsExpanded.c" with "GRID_METHOD" as compiler switch to enable/disable heading reception and use

Brett-

In addition to the change you requested, I changed a function name from "AllowMarkerReportViaGeometry" to "AllowMarkerReportViaGridMethod". The resulting line number changes are:

7230
7370
7397

I also changed a variable name from "GeometricQualifier" to the name "GridQualifier." Lines that changed are:

7217
7242
7243
16970

Now variations on the word geometry are all gone with exception to line 6199. -Hope you don't mind that one.

There were 109 lines containing the string "Geometric".

Steve

(Exh. 4, ESC017363_028317.)  Second, Mr. Orr's timesheets (below) show he spent the day of March 20, 2013 modifying the code pursuant to Mr. Schatz's request, which culminated in him sending the falsified files to Mr. Schatz as source code files "8.241 & 24.241", which Escort admits correlate to code Version 241, also know as "ESC17363".  (Dkt. No. 292, Opp. Br. at p. 8 ("This completed Version 241 was produced in this litigation as ESC017363.").)

Orr Timesheet   3/20/2013   Escort/Fleming: Review issues with Brett Schatz and modify source file to incorporate compiler switches using "Grid Method" based on his requests, sending updated source file 8.241 & 24.241 back to Brett

(Exh. 2, ESC017363_000531.)  Third, Mr. Fleming has compared the "business" version of the code Mr. Schatz first gave his litigation paralegal to produce as ESC17363 on March 14, 2013 with the falsified "litigation" version of the code Mr. Orr fabricated a few days later and ultimately was produced as ESC17363.  Mr. Fleming has confirmed that the fabrication actually resulted in changing 116 lines of the code.  (Exh. 5, Declaration of Hoyt A. Fleming at ¶¶ 1-7.) Escort does not deny any of this.  (Dkt. No. 292, Opp. Br. at pp. 8-9.)

With the "litigation" version now fully fabricated and ready, Escort does not deny that

the very next day (March 21, 2013) Mr. Schatz forwarded it to his paralegal for production as a *replacement* to the "business" version he sent her one week earlier.  The "bait-and-switch" was now complete.

| | |
|---|---|
| To: | Anita Freeman[afreeman@whe-law.com] |
| From: | Brett Schatz |
| Sent: | Thur 3/21/2013 11:37:28 AM |
| Importance: | Normal |
| Subject: | FW: Update to Escort GPS source file "gpsExpanded.c" with "GRID_METHOD" as compiler switch to enable/disable heading reception and use |
| | gpsExpanded.c |

Anita,

Finally.  This is the version of source code that will need to be prepared for production (in native format, with an "AEO" designation).  This is for the ESC 258LT3 case.

Thanks,
Brett

(Exh. 4, ESC017363_028317.)  Mr. Fleming has compared this falsified "litigation" code file to the code file Escort produced as ESC17363 and has confirmed they are the same.  (Exh. 5 at ¶¶ 9-10.)   Critically, Escort's opposition conspicuously never mentions, much less attempts to legitimize, Mr. Schatz's fraudulent switch of the "business" code with the falsified "litigation" code Escort ultimately produced as ESC17363.  The absence of any argument on this point is a shocking acknowledgment of its incriminating nature.

Escort does not deny that six days later it filed its amended pleading, which—as the Court expressly found—falsely relied on ESC17363 as the code that actually operated its accused products.  (Dkt. Nos. 178 and 208, Orders.)[1]  It defies explanation as to how Escort or

---

[1] Contrary to Escort's prior (false) averments, but consistent with the Court's findings, additional correspondence between defense counsel shows that on the *exact same* day Escort filed its amended pleading (March 27, 2013), counsel expressly acknowledged among one another that none of the "revised" code (*i.e.,* the code prior to the 109 revisions) had ever been commercially implemented in any accused product.  (Exh. 7, ESC017363_028374.)  (The falsified code obviously had never been commercially implemented since it was fabricated only days earlier.)  The fact that Escort (through counsel) expressly averred the *exact* opposite in its amended pleading on the *exact same* day is a falsehood so repugnant that it alone (aside from the falsification of evidence) warrants this case being terminated in Mr. Fleming's favor.  Escort's opposition shockingly admits this is *exactly* what happened.  (Dkt. No. 292, Opp. Br. at p. 10 ("On March 27, 2013, Mr. Schatz and Mr. Humphrey learned that while the GPS processor source code redesign was complete, the redesign of the Main processor code was not.").)

counsel possibly could have believed it was appropriate to rely on code it had modified only days earlier and, therefore, obviously had never been used in any product.  (*See supra* at n. 1.) Continuing its self-incriminating nature, however, Escort's opposition conspicuously fails to acknowledge, much less explain, any of this.

Things get worse.  Mr. Fleming has confirmed, and Escort does not deny, that 97 of the lines of code Escort relied on in its amended pleading correspond *exactly* to changes counsel and Escort made to the code.  (*See* Exh. 5 at ¶ 8.)  In other words, as the Court previously recognized, the fabrications Escort and counsel made formed the *exact* basis for Escort's non-infringement defense/counterclaim.  (Dkt. No. 178, Order at p. 6 ("This is why Escort claimed earlier that ESC17363 provided a complete defense – the source code contained in ESC17363 used a 'grid matching technique' that Fleming had represented was not used in his patented inventions.").)

Escort now argues the Court should ignore these fabrications since they allegedly do not change the functionality of its code.  (Dkt. No. 292, Opp. Br. at p. 9 ("Again, these are changes to label names, and not to the function of the code."); *id*. at p. 10 ("More importantly though, the evidence plainly demonstrates that the *function* of Escort's redesigned source code did not change in March 2013." (emphasis original).)  <u>Escort could not make a more incriminating</u> <u>argument.  The fact that Escort's 116 changes did not alter the functionality of its code only</u> <u>proves the changes were not made as part of a legitimate effort to change the functionality of its</u> <u>products to avoid Mr. Fleming's patents, but instead were solely intended to alter the code so it</u> <u>played better to the Court and jury.</u>  Indeed, it goes without saying—from Escort's perspective— that proving Escort's products implemented an (allegedly) non-infringing "grid" method would have been far easier if the products' code expressly used "grid" 116 times (as opposed to 0 times as it did before it was falsified).  It also goes without saying—from Mr. Fleming's perspective—

that the fabrications would have made it far more difficult for him to prove the opposite, *i.e.*, that

the code did not implement a "grid" method, which it does not, despite its 116 fabricated labels.

Aside from this massive, dispositive inconsistency in Escort's argument, other evidence Escort

does not and cannot controvert shows that litigation (not a legitimate functional design around) is

*exactly* why Escort falsified its code.

Specifically, Escort does not deny that an April 11, 2013 email between Mr. Orr and

another one of Escort's source code designers (Mr. Stevens) shows that the changes Mr. Schatz

("Brett") and Mr. Orr ("Steve") made to fabricate the code were made because the changes were

"needed to support one of the arguments they will be making in the next trial".

```
From:        Steve Orr [skorr@escortinc.com]
Sent:        Thursday, April 17, 2014 4:47 PM
To:          Brett Schatz; Greg Ahrens; jstevens; Tom Humphrey
Subject:     FW: Update to Escort GPS source file "gpsExpanded.c" with "GRID_METHOD" as compiler
             switch to enable/disable heading reception and use (EXAMPLE #3)


EXAMPLE #3: This was sent to Jeff on 4/11/13 and discusses Brett's request for naming
compiler reference names.

_____

From: Steve Orr
Sent: Thursday, April 11, 2013 1:57 PM
To: jstevens
Subject: FW: Update to Escort GPS source file "gpsExpanded.c" with "GRID_METHOD" as compiler
switch to enable/disable heading reception and use

Jeff-

We were discussing the Fleming problem yesterday. If the M5 product is to be sold overseas,
the changes we discussed are not necessary. There is a compiler switch in the version I sent
you that determines whether these changes are to be implemented, and this would be turned on
or off depending on whether you intend to create a US or non-US product.

The switch name is discussed in the email to Brett below. Brett has asked that we use the
alternate name (using 'GRID') as it appears in that correspondence because the alternate name
is needed to support one of the arguments they will be making in the next trial.

Steve
```

(Exh. 6, ESC017363_001319.)  Once again in self-incriminating fashion, Escort's opposition

conspicuously fails to distinguish this conclusive evidence of Escort's fraud.  Still further, the

evidence also shows—and Escort admits—that after falsifying its code to include the 116

references to "GRID" for litigation reasons, Escort reverted back for business reasons to code

that used the "GeometricAnalysisMethod" label instead of the "GRID" label.  (Dkt. No. 292,

Opp. Br. at p. 12 ("However, Mr. Orr returned to using the label 'GeometricAnalysisMethod' in

Version 249, rather than 'Grid_Method'.").)  In other words, the *only* time Escort used "GRID"

as a label in its code was in the code it doctored and relied on in this case.  Let that sink in.  The *only* time Escort used "GRID" in its code was in the code it doctored and relied on in this case.

While this eviscerates the entirety of Escort's opposition, things get even worse.  In an equally shocking admission, an email exchange several months later between counsel and Escort's decision-makers[2] shows Mr. Orr discussing Escort's "***strategy***" of modifying its source code before producing it to Mr. Fleming, where he further references previously implementing that "***strategy***" in connection with "the prior update"*, i.e.,* the changes Escort made to ESC17363 immediately before relying on it in March 2013 for its amended pleadings.  Here is what Mr. Orr told the outside and inside brain-trust for Escort in October 2013:

> Brett - We will have to review the strategy for modifying the C sources (not attached) before producing these to Fleming. In the prior update, you had me substitute in strings like "GRID METHOD" in place of "GeometricAnalysisMethod".

(Exh. 8, ESC017363_029934.)  Escort's effort to distinguish this email is both shameful and unwitting.  All Escort has to say about its "***strategy***" is a self-serving conclusion that:

> this communication does not reveal a nefarious strategy to defraud the Court and Mr. Fleming.  Instead, substituting 'GRID METHOD' for 'GeometricAnalysisMethod' was a simple change in the label name that identifies the non-infringing code.

(Dkt. No. 292, Opp. Br. at p. 13.)  Not only does Escort completely avoid commenting on the "strategy" aspect of the email (addressing only the falsified labels), the facts contradict its conclusion.  Recall two things: (1) Escort has argued that the lines of code using the "GRID" label in ESC17363 allegedly were ultimately implemented years later in its accused products;

---

[2] Escort's representatives included in the email are:  Mr. Coomer (a 17-year employee and VP of Product Development (Exh. 9)); Mr. Kuhn (an 18-year employee and VP of Engineering (Exh. 10)); Mr. Stevens (a 9-year employee and Senior Embedded Engineer (Exh. 11)); Mr. Martin (a company source code designer (Dkt. No. 239-1); Mr. Orr (an original, decades-long employee, Escort' chief source code engineer, and Escort's chief trial witness).   (Exh. 8, ESC017363_029934.)   Thus, Escort's and counsels' "strategy" of fabricating evidence was known, acknowledged, and implemented at the highest possible levels within Escort's organization.

and (2) shortly after Escort falsified the code by adding the "GRID" labels for litigation purposes, it admittedly switched the labels back to using the "GeometricAnalysisMethod" label for those same lines.  (Dkt. No. 292, Opp. Br. at p. 12.)  Thus, what the evidence and Escort's effort to distinguish the "***strategy***" email show is what we already know—that Escort had two versions of code:  one that it altered for litigation purposes to use the "GRID" label and another for business purposes that used the "GeometricAnalysisMethod" label.  Once again, though, this comes as no surprises since, as the Escort/counsel email communications show, it is exactly consistent with Escort's "strategy for modifying the [source code] before producing [it] to Fleming" (Exh. 8) "to support one of the arguments [Escort] will be making at the next trial" (Exh. 6).

## CONCLUSION

Escort's opposition leaves no doubt that Escort and counsel conspired to falsify Escort's source code to support a non-infringement (and no willful infringement) defense for all its accused products.  Escort's only excuse—that it was free to modify the functionality of its products to avoid Mr. Fleming's patents—is eviscerated by its simultaneous admission that the 116 changes it made to its code had *nothing* to do with the code's functionality.  Simply put, Escort has been caught falsifying evidence to strengthen its trial proofs to its advantage and Mr. Fleming's disadvantage.

Escort's evidence tampering constitutes one of the most egregious attacks on the integrity of the adversarial process imaginable.  Accordingly, Mr. Fleming requests that this case be terminated in his favor in all respects, that he be awarded all damages and remedies sought, that defendants and counsel be jointly and severally required to pay all of Mr. Fleming's fees and costs, and that all sums awarded be secured by a bond pending any appeal of the Court's order.

July 31, 2015                         Respectfully Submitted

                                              /s/

Michael S. Dowler
Park, Vaughan, Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
(713) 821-1540
(713) 821-1401 (facsimile)

Attorneys for Plaintiff Hoyt A. Fleming

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 31st day of July 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. To the extent any of the foregoing was filed under seal, I have contacted counsel for the party claiming that certain information contained herein should be sealed and sought permission to serve the other following parties or counsel.  To the extent permission was granted, I hereby certify that such other parties or counsel were served by email as follows:

| | |
|---|---|
| Bradlee R. Frazer<br>Hawley Troxell Ennis & Hawley LLP<br>877 Main Street, Suite 1000<br>Boise, ID 83702 | Bryce J. Yoder<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 |
| Steven F. Schossberger<br>Hawley Troxell Ennis & Hawley LLP<br>877 Main Street, Suite 1000<br>Boise, ID 83702 | Rachael A. Rowe<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 |
| Brian P. Muething<br>Keating Muething & Klekamp PLL<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 | Keely E. Duke<br>Duke Scanlan Hall PLLC<br>1087 W. River Street, Suite 300<br>Boise, ID 83702 |
| J. Walter Sinclair<br>Holland & Hart LLP<br>800 West Main Street, Suite 1750<br>Boise, ID 83702 | Robert B. White<br>Givens Pursley LLP<br>601 West Bannock Street<br>Boise, ID 83702 |
| Timothy P. Getzoff<br>Holland & Hart LLP<br>800 West Main Street, Suite 1750<br>Boise, ID 83702 | |

/s/

Michael S. Dowler