Michael S. Dowler
Park, Vaughan, Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX  77057
Telephone:  713.821.1540
Facsimile:  713.821.1401
Email:  mike@parklegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING, | ) |
| | ) Case No. 1:12-cv-0066-BLW |
| Plaintiff, | ) |
| v. | ) |
| | ) PLAINTIFF'S MOTION TO COMPEL |
| ESCORT, INC., ET. AL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Hoyt A. Fleming ("Mr. Fleming"), requests an order compelling defendants Escort, Inc. and Beltronics USA, Inc. (collectively "Escort") to produce the information described below as required by the Federal Rules and this Court's orders.  The parties have "met and conferred" about these issues through correspondence and phone conferences.  They also held a mediation conference with Mr. Metcalf, who advised that these issues should be further pursued via the present motion.

1.      **Escort's Refusal To Identify The Discovery Objections It Is Using To Withhold Evidence**

Escort's discovery responses are chock-full of objections, ranging from a litany of general and other objections such as "vague", "ambiguous", "overly broad", "burdensome", "harassing", "fishing expedition", etc.  (*See e.g.,* Exh. 1; Exh. 5.)  Mr. Fleming is concerned that Escort is withholding responsive information based on one or more of those objections.  Indeed,

nearly all of Escort's discovery responses expressly state that Escort is only responding (or producing documents) "subject to the above objections and the general objections".   (*Id.*) Accordingly, Mr. Fleming asked Escort and its newly retained replacement counsel, Holland & Hart ("H&H"), the following:

> Please confirm that: (a) you and your team at H&H have investigated all of defendants' responses to all of Mr. Fleming's discovery requests; (b) you intend to maintain each existing objection; (c) for each objection you intend to maintain, state whether any documents/ESI/things are being withheld pursuant to the objection; [and] (d) you do not intend to provide amended responses.

(Exh. 2, email correspondence.)  Escort refused to cooperate.

Escort first argued it is too late to address these issues on the premise that Mr. Fleming should have raised them with defendants' former counsel.  (Exh. 2 ("If you had issues with prior productions, then you should have raised them at that time.")  That excuse is untenable, contrary to law, and symptomatic of Escort's persistent efforts to deny Mr. Fleming discovery at every turn.  Fact discovery in this case is far from over, trial is more than one year away, and Escort's discovery obligations continue throughout the entirety of the case.  Fed. R. Civ. P. 26(e)(1) ("A party who has…responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing…").

Moreover, contrary to Escort's argument, Mr. Fleming's discovery rights and the opportunity to try his case based on all legitimate, discoverable evidence do not vanish because H&H recently entered this case and does not feel like reviewing prior counsel's objections and decisions to withhold evidence.  *See e.g., Vehicle Operation Technologies, Inc. v. American Honda Motor Co., Inc.,* Case No. 13-537-RGA (D.DEL September 12, 2014) (attached as Exh.

6) at p. 24 ("It would be strange if the court were to find that substituting counsel could not be held responsible for prior pleadings that they later advocate.  This would allow for one set of attorneys to file a lawsuit that violated Rule 11, for those attorneys to withdraw their appearance, and then for the incoming attorneys to continue the lawsuit without sharing any of the responsibility for its lack of merit.").

Still further, recall that the Court found prior counsel and Escort fraudulently produced evidence in this case.  (Dkt. Nos. 178 and 208.)  Thus, it should come as no surprise that Mr. Fleming is seeking replacement counsel's review and representations respecting which of Escort's litany of objections it is using to withhold evidence.

Escort's second argument implicitly acknowledges the fallacy of its first argument.  Here, Escort claims it is willing to reconsider all its various objections, but it will only do so if Mr. Fleming identifies each one.  That is, respectfully, nonsensical and another vexatious attempt to avoid both the issue and Mr. Fleming's legitimate discovery rights.  Mr. Fleming wants to know whether Escort is withholding production based on each, any, and/or all the litany of its propounded objections.  If so, Mr. Fleming will either attempt to re-word the discovery request to address the objection or seek the Court's ruling either sustaining or overruling the objection.  If on the other hand Escort is not withholding evidence based on its objections, then the entire issue is moot and both parties (and the Court) can move forward with the understanding that Escort's objections have not been used to secretly withhold legitimate discovery.

As Mr. Fleming's counsel explained to Mr. Metcalf during the parties' mediation of this issue, he was recently involved in a patent case before Judge May in the Northern District of Georgia.  Judge May's Standing Order Regarding Civil Litigation (attached as Exh. 3) takes a proactive approach to discovery that this Court might find relevant to the parties' present dispute.

For example, Judge May's Standing Order provides:

> Boilerplate objections in response to discovery requests are strictly prohibited.  Parties should not carelessly invoke the usual litany of rote objections, *i.e.,* attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

> Moreover, general objections are prohibited, *i.e.,* a party shall not include in his response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, *e.g.,* the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome.  Instead, each individual discovery request must be met with every specific objection thereto—but only those objections that actually apply to that particular request.  Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request.  All such general objections shall be disregarded by the Court.

> <u>Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete</u>, *i.e.,* <u>whether additional information or documents would have been provided but for the objection(s).  For example, in response to an interrogatory a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).</u>

(Exh. 3 at pp. 12-14.)  Application of this simple, straightforward approach to discovery is all Mr. Fleming seeks, and yet Escort has fought him "tooth and nail" over every objection and taken its now typical vexatious approach that is expressly contrary to modern discovery practice. (Dkt. No. 303, Order at p. 6 ("While Escort's production was not intended to deceive, it was intended to be vexatious.  Escort was trying to wear Fleming down.  For that conduct, the Court will award sanctions…").)

Accordingly, Mr. Fleming requests an order compelling Escort to supplement its discovery responses to expressly and unambiguously identify—for each objection made—

"whether additional information or documents would have been provided but for the objection". If there are objections that Escort is relying on to withhold evidence, then it should point those out and fully explain the basis for those objections so that Mr. Fleming can either seek to cure the request or seek the Court's ruling on the objection.

2.   **Escort's Refusal To Produce Documents Responsive to Request For Production Nos. 173-178**

Mr. Fleming served a request for production seeking certain indemnity agreements. Consistent with its standing refusal to cooperate in discovery, Escort objected and refused to produce anything.  Mr. Fleming filed a motion to compel, which the Court granted, expressly finding indemnity agreements relevant to this case.  (Dkt. No. 227, Order at pp. 2-5 ("The Court begins its analysis by finding that the indemnity agreements constitute 'discovery [that] appears reasonably calculated to lead to the discovery of admissible evidence.'").)

Escort then produced a few indemnity agreements, but it now refuses to produce other indemnity agreements or documents related thereto.  (Exh. 4, email correspondence.)  Escort argued that Mr. Fleming's original requests did not seek these other agreements/documents and that if he propounded additional requests directed thereto, it would then consider those new requests.  (*Id.*)  So, in an effort to avoid filing yet another motion, that is what Mr. Fleming did when he served Request Nos. 173-178.  (Exh. 5.)

Escort then took another 30 days to answer, but when it did, all Mr. Fleming received was a litany of objections.  While this vexatious approach should not have been surprising given Escort's vexatious history, it was since Escort had assured Mr. Fleming that it would address his requests if he would only provide them in formal document requests.  (Exh. 4.)  Listed below is a sample of Escort's response to Mr. Fleming's request seeking documents "related to" the indemnity agreements the Court had ordered produced (as opposed to the indemnity agreements

themselves), such as the communications, etc. that obviously would have transpired internally or

with the indemnitee during negotiations leading to the indemnity agreements themselves.

> REQUEST FOR PRODUCTION NO. 173: All documents and things relating to indemnity (or hold harmless) regarding the sale or distribution of the Accused Products, including all facts, circumstances, and communications related thereto.

> RESPONSE:  Escort objects to Request for Production No. 173 on the basis that it is duplicative, unduly burdensome, vexatious and harassing.  In Dkt. 227, the Court ordered that Escort produce all indemnity agreements in which Escort agreed to indemnify its customers for their losses if their sales of Escort products were found to be infringing Plaintiff's patents at issue in this case.  Escort has complied with that order and has produced all relevant, discoverable documents that it could locate after several reasonable searches.  There were two indemnity agreements which Escort anticipated were signed by their customer, for which signed copies could not be located, which have been identified to Plaintiff.  The customer-defendants' counsel has not been able to locate those two indemnify (sic) agreements.  All others have been provided and Escort stipulates that it agreed to indemnify all customer-defendants, regardless of whether a signed agreement can be found or not.  Request No. 173 is therefore duplicative of Escort's responses per the Court's order, is harassing of Escort, and is vexatious.

> Escort further objects to the extent Request No. 173 seeks documents and information beyond the scope of the Court's Order at Dkt. 227.  Such documents are irrelevant and not likely to lead to the discovery of admissible evidence.  Escort also objects to the extent this request for production seeks documents and information protected by the attorney-client privilege and/or by the work product doctrine.

> Subject to those objections, see response to Fleming's Requests for Production 48, 50, and 56.

(Exh. 5.)

Mr. Fleming subsequently explained these requests are not "duplicative" because they

seek documents other than the indemnity agreements themselves, which was the subject of Mr.

Fleming's prior requests and the Court's order.  (Exh. 4.)  Indeed, for the same reason indemnity

agreements themselves are relevant, documents related thereto also bear on the issue of Escort's

inducement.  In fact, the related correspondence likely will show why the indemnity was put in

place, *i.e.,* because Escort's customers would not sell Escort's products absent indemnity, which

would not be revealed by the agreement itself.  That is inducement per se and an example of precisely why these Requests are appropriate.

Mr. Fleming also explained that the Court's order did not impose limits on Mr. Fleming's subsequent discovery on the indemnity topic.  (Exh. 4.)  It was Escort that sought to limit its production in response to the Court's order, which necessitated additional discovery requests from Mr. Fleming.  Mr. Fleming believes Escort's effort to stretch the Court's order into one precluding additional discovery is a distortion and misuse of the order.  Nowhere does the Court's order preclude additional indemnity discovery, nor would that even makes sense except in the context of Escort abusing the order to further its efforts to block discovery.  Accordingly, Mr. Fleming requests an order striking Escort's objections and compelling its production of all information responsive to Request No. 173.

Escort's response to Request No. 174 is similar to its response to Request No. 173, although here Escort additionally accuses Mr. Fleming of a "fishing expedition".  Here is the request and Escort's response:

> REQUEST FOR PRODUCTION NO. 174:  All documents and things relating to indemnity (or hold harmless) by Falconhead, Monomoy, or anyone else as it concerns this lawsuit, the parties' first lawsuit, Mr. Fleming's patents, or defendants' sale or distribution of the Accused Products.

> RESPONSE:  Escort objects to Request for Production No. 174 on the basis that it is vague, ambiguous, overly broad, and unduly burdensome.  The request as phrased is so broad and so vague it is impossible to understand the limits of the information Plaintiff is seeking.  Escort further objects that this Request appears to be at least partially duplicative of Plaintiff's Requests for Production No. 48, 50, 51, 52, 53, 54, and 56.  Escort also objects to this Request as harassing and vexatious.  The Request appears to be little more than a repetitive, fishing expedition by Plaintiff.

> Escort further objects on the ground that the documents and information sought are not relevant or likely to lead to the discovery of relevant evidence.  Neither "Falconhead" nor "Monomoy" are a party to this lawsuit and Escort does not see how the agreements requested are relevant or likely to lead to the discovery of

admissible information.   If Plaintiff will explain how this Request is relevant, Escort will reconsider its response.

Due to the vague, overly broad nature of this Request, Escort also objects on the basis that the request for production may seek documents and information that are protected by the attorney-client privilege and/or by the work product doctrine.

Escort further responds that it is not at liberty to produce any documents that exist between Falconhead and Monomoy, who are not parties to this litigation.

(Exh. 5.)

Escort's "relevance" objections are not well-taken.   The Court already has ruled that indemnity agreements are relevant.  (Dkt. No. 227, Order at pp. 2-5.)  Moreover, Mr. Fleming repeatedly has explained the additional relevance of the Falconhead/Monomoy indemnity agreements as follows:

As we've explained before, indemnity by Falconhead, Monomoy, or others at least relates directly to willful infringement.   Specifically, if Falconhead/Monomoy/etc. are indemnitors, Escort would have little reason to cease infringing (since someone else would be "footing the bill" for them in the event they suffer a loss at trial).

(Exh. 4.)  Escort refuses to respond or even acknowledge the irrefutable logic of Mr. Fleming's explanations.  Instead, Escort simply refuses to further address the issue without a Court order compelling it to do so.  (*Id*.)  Accordingly, Mr. Fleming requests an order overruling Escort's objections and compelling Escort to immediately produce all information responsive to Request No. 174.

Escort's responses to Request Nos. 175-178 similarly stonewall all discovery on the same illegitimate grounds.   (Exh. 5.)   Since relevancy appears to be Escort's primary issue, Mr. Fleming will address that issue for the remaining requests.  Request No. 175 seeks:

REQUEST FOR PRODUCTION NO. 175: All documents and things relating to Escort's and/or Beltronics' offer and/or agreement to defend (or hold harmless) anyone against allegations of infringement of Mr. Fleming's patents, including all facts, circumstances, and communications related thereto.

(Exh. 5.)  This request is sharply similar to Request No. 173, only it speaks in terms of "offer and/or agreement to defend (or hold harmless)" rather than "indemnity".  Accordingly, it is relevant for the same reasons described above with respect to Request No. 173 and in the Court's prior order on this issue finding indemnity relevant to this case.

Request No. 176 seeks:

REQUEST FOR PRODUCTION NO. 176: All documents and things relating to Falconhead's sale or offer for sale of its interest in Escort and/or Beltronics.

(Exh. 5.)  Mr. Fleming sought to address Escort's litany of objections to this request as follows:

You've objected to Request No. 176 as "vague, ambiguous, overly broad, and unduly burdensome".  You've not explained those objections in any kind of detail that enables us to comment further.  Likewise, your objections regarding "harassing and vexatious" are only "explained" by accusing Mr. Fleming of engaging in a "repetitive, fishing expedition".  Thus, these objections appear ripe for the Court to rule, unless you intend to withdraw them.  Your claim that the request seeks information that is "not relevant" is not well-taken.  The value Falconhead placed on any sale of Escort is directly relevant to damages in this case, invalidity in terms of commercial success as a secondary indicia of non-obviousness, and to rebutting Escort's arguments (as in the parties' first case) that it is a small company that can't afford to pay.  Finally, we don't know what you mean about documents "belonging" to Falconhead.  If Escort possesses information within the scope of this request, it must be produced pursuant to the case protective order.

(Exh. 4.)  Escort's dismissive response follows:

These are not complicated objections and have been used for many years by counsel and courts.  I will sand by my objections and agree that a discussion with the Court is a good idea.  If the Court directs us to provide additional information, we will, but would want direction from the Court.

(Exh. 4.)  Thus, Escort essentially had no (or refused to provide any) substantive response, other than to burden the Court on an issue it refused to fully vet with Mr. Fleming.

Request No. 177 seeks:

All documents and things relating to Monomoy's purchase or offer to purchase an interest in Escort and/or Beltronics.

(Exh. 5.)  Mr. Fleming sought to address Escort's litany of objections the same way he addressed

them with respect to Request No. 176.  (Exh. 4.)  Escort responded with the same vexatious,

refusal-to-discuss approach it provided for Request No. 176.  (Exh. 4.)

> Request No. 178 seeks:

> REQUEST FOR PRODUCTION NO. 178: All documents and things relating to
> Escort's or Beltronics' transformation of code for purposes of this lawsuit.

(Exh. 5.)  Mr. Fleming sought to address Escort's litany of objections to this request as follows:

> You've objected to Request No. 178 as "vague and ambiguous" in its use of
> "transformation".  That is a term the Court used and you have often used in
> correspondence with us.  We intended it the same way you did.  Thus, please tell
> us your definition and we'll likely adopt that.  Your argument that defendants
> have already produced "transformed" code does not address the fact that this
> request does not seek the transformations themselves but instead seeks documents
> relating to the transformations, such as why the transformations were performed,
> how they were performed, what was involved in the transformation, which lines
> of code were transformed, whether code comments transformed, who did the
> transformations and when, what information was used to determine what the
> transformations needed to be, comparisons used in the transformations, electronic
> files used to confirm or verify the transformations, etc.

(Exh. 4.)  All Escort would say in response was to refer to its above comments regarding

addressing the issue with the Court instead of further with Mr. Fleming and as follows:

> This does not read like a RFP, it is more akin to an interrogatory.  You are asking
> why we did what the Court suggested we do, how we did it [you would have to
> ask the programmer], what was involved [you would have to ask the
> programmer], who did the transformations, and what information was used [you
> would have to ask the programmer].  There are no documents of which I am
> aware which would respond to any of these questions.  So our objection stands.

(Exh. 4.) Escort's comments reveal their defects.  No reasonable lawyer walks into a deposition

without first gathering documents to foster his deposition examination.  The situation here is

even more egregious.   Without the documents relating to the transformed code, which

undoubtedly would include email and other documents identifying who was involved in the

transformation, Mr. Fleming does not even know who he should notice for deposition.  Likewise,

Mr. Fleming is not obligated to take a deposition while totally uninformed by the evidence, nor is

he obligated to simply trust what a company already found to have committed fraud has to say about the critical issue of its transformed code without documents that might contradict the witness' testimony.

Finally, Escort's counsel's claim that he is not aware of any responsive documents is not surprising.  It is Escort that would be aware of the documents, and Mr. Fleming is aware of no representation from Escort, evidentiary or otherwise, warranting that there are no responsive documents.  Nor could there be since, as the Court is aware, the parties have been litigating the code transformation issue for more than one year and Escort has submitted numerous declarations on that very issue.  Thus, there most certainly are numerous documents relating to the code transformations, and counsel's claim that he is not aware of any is misplaced and baseless.

Accordingly, Mr. Fleming requests an order overruling Escort's objections to Request Nos. 173-178 and an order compelling Escort to immediately produce all responsive information and things.

September 10, 2015                    Respectfully Submitted


_____/s/_____
Michael S. Dowler
Park, Vaughan, Fleming & Dowler, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
(713) 821-1540
(713) 821-1401 (facsimile)
Attorneys for Plaintiff Hoyt A. Fleming

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 10th day of September 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.  To the extent any of the foregoing was filed under seal, each of the following parties or counsel was served by email.

Brian P. Muething
Keating Muething & Klekamp PLL
One East 4th Street, Suite 1400
Cincinnati, OH 45202

Bryce J. Yoder
Keating Muething & Klekamp PLL
One East 4th Street, Suite 1400
Cincinnati, OH 45202

J. Walter Sinclair
Holland & Hart LLP
800 West Main Street, Suite 1750
Boise, ID 83702

Rachael A. Rowe
Keating Muething & Klekamp PLL
One East 4th Street, Suite 1400
Cincinnati, OH 45202

Timothy P. Getzoff
Holland & Hart LLP
800 West Main Street, Suite 1750
Boise, ID 83702

Keely E. Duke
Duke Scanlan Hall PLLC
1087 W. River Street, Suite 300
Boise, ID 83702

Robert B. White
Givens Pursley LLP
601 West Bannock Street
Boise, ID 83702


           /s/
           Michael S. Dowler